# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1.  SEE NOTICE ON REVERSE**          **2.  PLEASE TYPE OR PRINT**          **3.  STAPLE ALL ADDITIONAL PAGES**

| | | |
|---|---|---|
| Case Caption:<br><br>National Rifle Association of America<br>v.<br>Cuomo et al. | District Court or Agency:<br><br>Northern District of New York | Judge:<br><br>Hon. Thomas J. McAvoy |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>March 15, 2021 | District Court Docket No.:<br><br>No. 1:18-cv-566 |
| | Date the Notice of Appeal was Filed:<br><br>March 22, 2021 | Is this a Cross Appeal?<br><br>☐ Yes   ☑ No |

| **Attorney(s) for Appellant(s):**<br><br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:          Address:          Telephone No.:          Fax No.:          E-mail:<br><br>Andrew G. Celli, Jr.<br>Emery Celli Brinckerhoff Abady Ward & Maazel LLP<br>600 Fifth Ave, 10th Floor<br>New York, New York 10020<br>Tel: 212-763-5000     Fax: 212-763-5001     Email: acelli@ecbawm.com |
|---|---|
| **Attorney(s) for Appellee(s):**<br><br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:          Address:          Telephone No.:          Fax No.:          E-mail:<br><br>William A. Brewer III<br>Brewer, Attorneys & Counselors<br>750 Lexington Avenue, 14th Floor<br>New York, New York 10022<br>Tel: 212-489-1400     Fax: 212-751-2849     Email: wab@brewerattorneys.com |

| Has Transcript Been Prepared?<br><br>N/A | Approx. Number of Transcript Pages:<br><br>N/A | Number of Exhibits Appended to Transcript:<br><br>N/A | Has this matter been before this Circuit previously?   ☐ Yes   ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

*ADDENDUM "B"*:  **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party          ☐ Diversity<br><br>☑ Federal question          ☐ Other (specify):<br>   (U.S. not a party) | ☐ Final Decision          ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))<br><br>☑ Interlocutory Decision          ☐ Other (specify):<br>   Appealable As of Right |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C**  (Rev. October  2016)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| [✓] Pre-trial<br>[ ] During trial<br>[ ] After trial | [ ] Default judgment<br>[ ] Dismissal/FRCP 12(b)(1)<br>　　lack of subject matter juris.<br>[✓] Dismissal/FRCP 12(b)(6)<br>　　failure to state a claim<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2)<br>　　frivolous complaint<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2)<br>　　other dismissal | [ ] Dismissal/other jurisdiction<br>[ ] Dismissal/merit<br>[ ] Judgment / Decision of the Court<br>[ ] Summary judgment<br>[ ] Declaratory judgment<br>[ ] Jury verdict<br>[ ] Judgment NOV<br>[ ] Directed verdict<br>[ ] Other (specify): | [ ] Damages:　　　　[ ] Injunctions:<br><br>　[ ] Sought: $ _____　[ ] Preliminary<br>　[ ] Granted: $ _____　[ ] Permanent<br>　[ ] Denied: $ _____　[ ] Denied |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| [ ] Antitrust<br>[ ] Bankruptcy<br>[ ] Banks/Banking<br>[✓] Civil Rights<br>[ ] Commerce<br>[ ] Energy<br>[ ] Commodities<br>[ ] Other (specify): _____ | [ ] Communications<br>[ ] Consumer Protection<br>[ ] Copyright □ Patent<br>[ ] Trademark<br>[ ] Election<br>[ ] Soc. Security<br>[ ] Environmental | [ ] Freedom of Information Act<br>[ ] Immigration<br>[ ] Labor<br>[ ] OSHA<br>[ ] Securities<br>[ ] Tax | [ ] Admiralty/<br>　Maritime<br>[ ] Assault /<br>　Defamation<br>[ ] FELA<br>[ ] Products Liability<br>[ ] Other (Specify): | [ ] Admiralty/<br>　Maritime<br>[ ] Arbitration<br>[ ] Commercial<br>[ ] Employment<br>[ ] Insurance<br>[ ] Negotiable<br>　Instruments<br>[ ] Other Specify | [ ] Civil Rights<br>[ ] Habeas Corpus<br>[ ] Mandamus<br>[ ] Parole<br>[ ] Vacate Sentence<br>[ ] Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| [ ] Hague Int'l Child Custody Conv.<br>[ ] Forfeiture/Penalty<br>[ ] Real Property<br>[ ] Treaty (specify): _____<br>[ ] Other (specify): _____ | [ ] Arbitration<br>[ ] Attorney Disqualification<br>[ ] Class Action<br>[ ] Counsel Fees<br>[ ] Shareholder Derivative<br>[ ] Transfer | [✓] Yes　　　　[ ] No<br><br>Will appeal raise a matter of first impression?<br><br>[ ] Yes　　　　[✓] No |

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

　(A)　Arises from substantially the same case or controversy as this appeal? [ ] Yes [✓] No

　(B)　Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [✓] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date: 4/5/21 | Signature of Counsel of Record: |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**　　　PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

*ADDENDUM "A"*

*National Rifle Association of America v. Cuomo et al.*, No. 1:18-cv-566

**The Nature of the Action**

Plaintiff National Rifle Association of America originally brought this action against New York Governor Andrew Cuomo, individually and in his official capacity, former Superintendent of New York State Department of Financial Services ("DFS") Maria T. Vullo, individually and in her official capacity, and DFS ("Defendants") for declaratory, injunctive, and monetary relief and damages for alleged violations of Plaintiff's constitutional rights under the First and Fourteenth Amendment stemming from Defendants' government speech and enforcement actions. Over the course of multiple District Court decisions, much of these claims were dismissed. Remaining after the District Court's latest decision are Plaintiff's First Amendment claims for damages against Governor Cuomo and against Ms. Vullo, each in their individual capacity. The NRA's Second Amended Complaint (Dkt. No. 203) alleges that its constitutional rights were violated by a press release and two official guidance letters issued by Gov. Cuomo and DFS, respectively and by so-called "backroom exhortations" the NRA conclusorily alleges Ms. Vullo made. Plaintiff's barebones allegations are insufficient to allege that Ms. Vullo violated the NRA's clearly established constitutional rights under the First Amendment; Ms. Vullo therefore is entitled to qualified immunity from Plaintiff's remaining claims against her.

**Result Below**

In a Decision and Order filed and entered on March 15, 2021 (Dkt. No. 322), the District Court denied Ms. Vullo's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's First Amendment claims against her on the grounds that she is entitled to qualified immunity.

**Notice of Appeal and Docket Sheet**

Attached to this Addendum "A" are: (a) a copy of Defendant Vullo's Notice of Appeal, and (b) the District Court Docket sheet.

**Relevant Order**

Attached to this Addendum "A" is the District Court's Decision and Order, entered on March 15, 2021, denying Defendant Vullo's motion to dismiss Plaintiff's First Amendment claims against her on qualified immunity grounds, which forms the basis for this appeal.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

                          Plaintiff,

            -against-

ANDREW CUOMO, both individually and in his
official capacity; MARIA T. VULLO, both
individually and in her official capacity; and THE
NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES,

                          Defendants.

18-cv-00566 (TJM/CFH)

**NOTICE OF APPEAL**

   **PLEASE TAKE NOTICE** that Defendant Maria T. Vullo appeals to the United

States Court of Appeals for the Second Circuit from that portion of the Opinion and Order of the

District Court for the Northern District of New York, decided and entered on March 15, 2021

(Dkt. No. 322), that denied Ms. Vullo's motion to dismiss the claims against her on qualified

immunity grounds.

Dated: March 22, 2021
   New York, New York

       EMERY CELLI BRINCKERHOFF ABADY
       WARD & MAAZEL LLP


       By:   /s/
         Andrew G. Celli, Jr.
         Debra Greenberger
         Marissa R. Benavides
         600 Fifth Ave., 10th Floor
         New York, NY 10020
         (212) 763-5000

TO:  William A. Brewer III
   Sarah B. Rogers

BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, New York 10022

William A. Scott
Assistant Attorney General
New York State Attorney General's Office
Albany Office, The Capitol
Albany, New York 12224

APPEAL,MOTREF,SM

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.5 (Revision 1.5.3)] (Albany)
# CIVIL DOCKET FOR CASE #: 1:18-cv-00566-TJM-CFH

National Rifle Association of America v. Cuomo et al
Assigned to: Senior Judge Thomas J. McAvoy
Referred to: Magistrate Judge Christian F. Hummel
Cause: 42:1983 Civil Rights Act

Date Filed: 05/11/2018
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Special Master**

**Benjamin W. Hill**
Capezza Hill, LLP
50 State Street
Ste. Second Floor
Albany, NY 12207

**Plaintiff**

**National Rifle Association of America**                 represented by **Sarah Rogers**
Brewer Attorneys & Counselors
750 Lexington Avenue, Floor 14
New York, NY 10022
212-489-1400
Email: sbr@brewerattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A Brewer , III**
Brewer, Attorneys & Counselors
1717 Main Street
Suite 5900
Dallas, TX 75201
214-653-4000
Email: wab@brewerattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles J. Cooper**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202-220-9600
Email: ccooper@cooperkirk.com
*TERMINATED: 09/11/2019*

**Harold S. Reeves**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036

202-220-9620
Email: hreeves@cooperkirk.com
*TERMINATED: 09/11/2019*

**John C. Canoni**
Stanton LLP
1717 Main Street
Suite 3800
Dallas, TX 75201
214-276-0539
Fax: 972-692-6812
Email: jcanoni@stantonllp.com
*TERMINATED: 03/17/2021*

**Jose Joel Alicea**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202-220-9600
Email: jalicea@cooperkirk.com
*TERMINATED: 09/11/2019*

**Michael W. Kirk**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202-220-9600
Email: mkirk@cooperkirk.com
*TERMINATED: 09/11/2019*

**Michelle Joanna Martin**
Brewer Attorneys & Counselors
750 Lexington Avenue, Floor 14
New York, NY 10022
646-388-0750
Fax: 212-684-6224
Email: mym@brewerattorneys.com
*ATTORNEY TO BE NOTICED*

**Nicole Frazer Reaves**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202-220-9600
Email: nreaves@cooperkirk.com
*TERMINATED: 09/11/2019*

**Stephanie L Gase**
Leader Berkon Colao & Silverstein LLP
8117 Preston Road
Suite 300
Dallas, TX 75225
469-482-5227
Fax: 212-486-3099

Email: sgase@leaderberkon.com
*TERMINATED: 04/15/2019*

V.

**Defendant**

**Andrew Cuomo**
*both individually and in his official capacity*

represented by   **Adrienne J. Kerwin**
Office of Attorney General - Albany
State of New York
The Capitol
Albany, NY 12224
518-776-2608
Fax: 518-473-1572
Email: Adrienne.Kerwin@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Scott**
New York State Attorney General - Albany
The Capitol
Albany, NY 12224
518-776-2255
Email: william.scott@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Helena O. Pederson**
New York State Attorney General - Albany
The Capitol
Albany, NY 12224
518-776-2596
Fax: 518-915-7738
Email: helena.pederson@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Michael G. McCartin**
Office of Attorney General - Albany
The Capitol
Albany, NY 12224
518-776-2620
Fax: 518-915-7738
Email: michael.mccartin@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Ryan L. Abel**
New York State Attorney General - Albany
The Capitol
Albany, NY 12224
518-776-2589
Fax: 518-915-7738
Email: Ryan.Abel@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Maria T. Vullo**<br>*both individually and in her former official capacity* | represented by | **Adrienne J. Kerwin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**William A. Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew G. Celli , Jr.**
Emery Celli Brinckerhoff, Abady, Ward &
Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000
Fax: 212-763-5001
Email: acelli@ecbalaw.com
*ATTORNEY TO BE NOTICED*

**Debra L. Greenberger**
Emery Celli Brinckerhoff, Abady, Ward &
Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000
Email: dgreenberger@ecbawm.com
*ATTORNEY TO BE NOTICED*

**Elizabeth S. Saylor**
Emery Celli Brinckerhoff, Abady, Ward &
Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000
Fax: 212-763-5001
Email: esaylor@ecbalaw.com
*TERMINATED: 09/18/2020*

**Helena O. Pederson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Benavides**
Emery Celli Brinckerhoff, Abady, Ward &
Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000
Email: mbenavides@ecbalaw.com
*ATTORNEY TO BE NOTICED*

**Michael G. McCartin**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The New York State Department of Financial Services**

represented by **Adrienne J. Kerwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin John Bishop**
NYS Department of Financial Services
One State Street
19th Floor
New York, NY 10004
212-709-1664
Email: kevin.bishop@dfs.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathaniel J. Dorfman**
New York State Department of Financial Services
One State Street
New York, NY 10004-1511
518-473-4824
Fax: 212-709-5538
Email: nathaniel.dorfman@dfs.ny.gov
*TERMINATED: 06/22/2020*
*LEAD ATTORNEY*

**William A. Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eamon G. Rock**
New York State Department of Financial Services
One Commerce Plaza
Albany, NY 12257
518-402-3386
Email: eamon.rock@dfs.ny.gov
*ATTORNEY TO BE NOTICED*

**Helena O. Pederson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael G. McCartin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan L. Abel**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**American Civil Liberties Union
Foundation**
125 Broad Street
18th Floor
New York
New York, NY 10004
2125492604

represented by **Brian Matthew Hauss**
American Civil Liberties Union - New York
Office
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2604
Email: bhauss@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Amicus**

**Texas Public Policy Foundation**

represented by **Chance Weldon**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
512-472-2700
Email: cweldon@texaspolicy.com
*ATTORNEY TO BE NOTICED*

**Keisha Russell**
First Liberty Institute
2001 W. Plano Pkwy. - Suite 1600
Plano, TX 75075
972-941-4444
Fax: 972-941-4457
Email: krussell@firstliberty.org
*ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2018 | 1 | COMPLAINT WITH JURY DEMAND against Andrew Cuomo, The New York State Department of Financial Services and Maria T. Vullo (Filing fee $400 receipt number ANYNDC-4383332) filed by National Rifle Association of America. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(jlb) (Entered: 05/11/2018) |
| 05/11/2018 | 2 | Summons Issued as to Andrew Cuomo. (Attachments: # 1 Summons Issued as to New York State Department of Financial Services, # 2 Summons Issued as to Maria T. Vullo) (jlb) (Entered: 05/11/2018) |
| 05/11/2018 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 8/9/2018 09:00 AM in Albany before Magistrate Judge Christian F. Hummel. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 8/2/2018. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (jlb) (Entered: 05/11/2018) |
| 05/11/2018 | 4 | NOTICE of Admission Requirement as to Party National Rifle Association of America; Attorney Charles J. Cooper (ccooper@cooperkirk.com), Michael W. Kirk (mkirk@cooperkirk.com), and J. Joel Alicea. Phone number is 202-220-9660. |

| | | Admissions due by 5/25/2018. Notice sent via regular mail 5/11/2018.(jlb) (Entered: 05/11/2018) |
|---|---|---|
| 05/11/2018 | 5 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by National Rifle Association of America. (Brewer, William) (Entered: 05/11/2018) |
| 05/18/2018 | 6 | MOTION for Limited Admission Pro Hac Vice of MICHAEL W. KIRK Filing fee $100, receipt number ANYNDC-4391357. filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Brewer, William) (Entered: 05/18/2018) |
| 05/18/2018 | 7 | MOTION for Limited Admission Pro Hac Vice of CHARLES J. COOPER Filing fee $100, receipt number ANYNDC-4391379. filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Brewer, William) (Entered: 05/18/2018) |
| 05/18/2018 | 8 | MOTION for Limited Admission Pro Hac Vice of JOSE J. ALICEA Filing fee $100, receipt number ANYNDC-4391396. filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Rogers, Sarah) (Entered: 05/18/2018) |
| 05/18/2018 | 9 | MOTION for Limited Admission Pro Hac Vice of HAROLD S. REEVES Filing fee $100, receipt number ANYNDC-4391400. filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Rogers, Sarah) (Entered: 05/18/2018) |
| 05/21/2018 | 10 | ORDER granting 6 Motion for Limited Admission Pro Hac Vice of Michael W. Kirk, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 5/21/2018. (tab) (Entered: 05/21/2018) |
| 05/21/2018 | 11 | ORDER granting 7 Motion for Limited Admission Pro Hac Vice of Charles J. Cooper, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 5/21/2018. (tab) (Entered: 05/21/2018) |
| 05/21/2018 | 12 | ORDER granting 8 Motion for Limited Admission Pro Hac Vice of Jose J. Alicea, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 5/21/2018. (tab) (Entered: 05/21/2018) |
| 05/21/2018 | 13 | ORDER granting 9 Motion for Limited Admission Pro Hac Vice of Harold S. Reeves, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through |

| | | your PACER account. **This is the only notice you will receive concerning this requirement. <u>You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.</u>** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 5/21/2018. (tab) (Entered: 05/21/2018) |
|---|---|---|
| 05/22/2018 | [14](#) | NOTICE of Appearance by Charles J. Cooper on behalf of National Rifle Association of America (Cooper, Charles) (Entered: 05/22/2018) |
| 05/22/2018 | [15](#) | NOTICE of Appearance by Michael W. Kirk on behalf of National Rifle Association of America (Kirk, Michael) (Entered: 05/22/2018) |
| 05/22/2018 | [16](#) | NOTICE of Appearance by Harold S. Reeves on behalf of National Rifle Association of America (Reeves, Harold) (Entered: 05/22/2018) |
| 05/22/2018 | [17](#) | NOTICE of Appearance by Jose Joel Alicea on behalf of National Rifle Association of America (Alicea, Jose) (Entered: 05/22/2018) |
| 05/22/2018 | [18](#) | NOTICE by National Rifle Association of America re [4](#) Notice of Admission Requirement, (Cooper, Charles) (Entered: 05/22/2018) |
| 05/25/2018 | [19](#) | *Notice of Appearance and* Letter Motion from Adrienne J. Kerwin for Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo requesting extension of time to respond to the complaint submitted to Judge Hummel . (Kerwin, Adrienne) (Entered: 05/25/2018) |
| 05/25/2018 | 20 | TEXT ORDER granting in part and denying in part [19](#) Letter Request to extend answer deadline. Answer deadline is extended to 7/2/2018. Andrew Cuomo answer due 7/2/2018; The New York State Department of Financial Services answer due 7/2/2018; Maria T. Vullo answer due 7/2/2018. Authorized by Magistrate Judge Christian F. Hummel on 5/25/2018. (tab) (Entered: 05/25/2018) |
| 06/14/2018 | [21](#) | MOTION for ORDER TO SHOW CAUSE FOR EXPEDITED DISCOVERY by National Rifle Association of America. (Attachments: # [1](#) Memorandum of Law in Support of Order to Show Cause for Expedited Discovery, # [2](#) Affidavit of John C. Frazer In Support of Order to Show Cause, # [3](#) Declaration of Sarah B. Rogers in Support of Order to Show Cause)(Brewer, William) Modified text to reflect motion was an order to show cause on 6/15/2018 (jlb). (Entered: 06/14/2018) |
| 06/18/2018 | [22](#) | ORDER Setting Hearing on Show Cause Motion [21](#) *For Expedited Discovery* : Defendant's Response to Motion due by 7/2/2018; any Reply to Response to Motion due by 7/9/2018 and is limited to five pages. An IN-PERSON Show Cause Motion Hearing has been set for Wednesday, 7/11/2018 @ 11:00 AM in Albany before Magistrate Judge Christian F. Hummel. Signed by Magistrate Judge Christian F. Hummel on 6/18/2018. (tab) (Entered: 06/18/2018) |
| 06/28/2018 | [23](#) | Letter Motion from Adrienne J. Kerwin for Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo requesting permission to file memoranda in excess of 25 pages submitted to Judge Hummel . (Kerwin, Adrienne) (Entered: 06/28/2018) |
| 06/29/2018 | 24 | TEXT ORDER GRANTING [23](#) Letter Request for (1) permission to file a memorandum up to forty (40) pages in length in support of defendants motion to dismiss the complaint; and (2) permission to file a memorandum up to (35) pages in length in opposition to plaintiffs application for expedited discovery. Authorized by Magistrate Judge Christian F. Hummel on 6/29/2018. (tab) (Entered: 06/29/2018) |
| 06/29/2018 | [25](#) | NOTICE of Appearance by Michael G. McCartin on behalf of Andrew Cuomo, The New |

| | | York State Department of Financial Services, Maria T. Vullo (McCartin, Michael) (Entered: 06/29/2018) |
|---|---|---|
| 07/02/2018 | 26 | NOTICE of Appearance by Helena O. Pederson on behalf of Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo (Pederson, Helena) (Entered: 07/02/2018) |
| 07/02/2018 | 27 | MOTION to Dismiss for Failure to State a Claim Motion Hearing set for 8/3/2018 09:30 AM in Albany before Senior Judge Lawrence E. Kahn Response to Motion due by 7/17/2018 Reply to Response to Motion due by 7/23/2018. filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Memorandum of Law, # 2 Appendix A, # 3 Appendix B, # 4 Appendix C) (Kerwin, Adrienne) (Entered: 07/02/2018) |
| 07/02/2018 | 28 | RESPONSE in Opposition re 21 MOTION for Preliminary Injunction *For Expedited Discovery (NOT Preliminary Injunction)* filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Declaration) (Kerwin, Adrienne) (Entered: 07/02/2018) |
| 07/03/2018 | 29 | Letter Motion from Stephanie L. Gase for National Rifle Association of America requesting permission to file memoranda in excess of page limits submitted to Judge Hummel . (Gase, Stephanie) (Entered: 07/03/2018) |
| 07/03/2018 | 30 | ORDER FOR TRANSFER. Case reassigned to Senior Judge Thomas J. McAvoy for all further proceedings. Senior Judge Lawrence E. Kahn no longer assigned to case. Signed by Senior Judge Lawrence E. Kahn on 7/3/2018. (jlb) (Entered: 07/03/2018) |
| 07/05/2018 | 31 | TEXT ORDER granting in part and deferring decision in part 29 Letter Request: The Court GRANTS Plaintiff's request for permission to file a memorandum of up to thirty-five (35) pages in opposition to Defendants motion to Dismiss and is DEFERRING decision on Plaintiff's request for permission to file a reply memorandum up to fifteen (15) pages in length in support of their motion for expedited discovery. Plaintiff's Motion for Expedited Discovery is hereby STAYED pending a Decision by Senior Judge Thomas J. McAvoy on Defendant's Motion to Dismiss. SO ORDERED by Magistrate Judge Christian F. Hummel on 7/5/2018. (tab) (Entered: 07/05/2018) |
| 07/05/2018 | 32 | TEXT ORDER: The Motion for Expedited Discovery is STAYED, and the Motion hearing scheduled for 7/11/2018 @ 11:00 AM is ADJOURNED, pending a decision on the pending Motion to Dismiss. The Rule 16 Initial Conference scheduled for 8/6/2018 at 9:00 am before Magistrate Judge Christian F. Hummel and the deadline to submit a proposed Civil Case Management Plan and exchange Mandatory Disclosures are ADJOURNED without date pending a decision on the dispositive motion. SO ORDERED by Magistrate Judge Christian F. Hummel on 7/5/2018. (tab) (Entered: 07/05/2018) |
| 07/05/2018 | 33 | TEXT ORDER: Given the allegations of irreparable harm, the Court will address Defendants' 27 MOTION to Dismiss on an expedited basis. Plaintiff is ordered to file its opposition to the 27 motion by 12:00 noon on 7/11/2018; Defendants are ordered to file their reply, if any, by 4:00 PM on 7/16/2018. The motion is scheduled for oral argument at 2:00 PM on 7/24/2018 at the U.S. Courthouse in Binghamton, NY. Authorized by Senior Judge Thomas J. McAvoy on 7/5/2018. (amt) (Entered: 07/05/2018) |
| 07/09/2018 | | COURT TEXT NOTICE scheduling a Telephone Pretrial Conference for 7/12/2018 at 03:00 PM before Senior Judge Thomas J. McAvoy. Plaintiff's counsel is directed to place the conference call.(amt) (Entered: 07/09/2018) |
| 07/10/2018 | 34 | Letter Motion from Stephanie Gase for National Rifle Association of America requesting Guidance regarding briefing schedule in light of forthcoming amended complaint |

| | | submitted to Judge Thomas J. McAvoy . (Gase, Stephanie) (Entered: 07/10/2018) |
|---|---|---|
| 07/11/2018 | [35](#) | Letter Motion from Sarah B. Rogers for National Rifle Association of America requesting Opposition-briefing deadline modification submitted to Judge Thomas J. McAvoy . (Rogers, Sarah) (Entered: 07/11/2018) |
| 07/11/2018 | 36 | TEXT ORDER: In light of Plaintiff's [34](#) Letter indicating it intends to file an amended complaint, briefing on Defendants' [27](#) Motion is suspended. If an amended complaint is filed, the Court will address a briefing schedule for any motion to dismiss the amended complaint. Authorized by Senior Judge Thomas J. McAvoy on 7/11/2018. (amt) (Entered: 07/11/2018) |
| 07/12/2018 | | Minute Entry for proceedings held before Senior Judge Thomas J. McAvoy; Pretrial Telephone Conference held on 7/12/2018; App: S. Rogers, S. Gase, and M. Kirk, Esqs., for Pltf; A. Kerwin and J. Dvorin, AAGs, for Defts; Court Reporter: J. Stroffolino; Court advised counsel re: past representation of Chubb insurers and his ownership of guns; Counsel advised to make recusal motion if they deem appropriate. (amt) (Entered: 07/12/2018) |
| 07/20/2018 | [37](#) | AMENDED COMPLAINT *with Jury Demand* against All Defendants filed by National Rifle Association of America. (Attachments: # [1](#) Exhibit(s) Exhibit A, # [2](#) Exhibit(s) Exhibit B, # [3](#) Exhibit(s) Exhibit C, # [4](#) Exhibit(s) Exhibit D, # [5](#) Exhibit(s) Exhibit E, # [6](#) Exhibit(s) Exhibit F)(Rogers, Sarah) (Entered: 07/20/2018) |
| 07/23/2018 | | ***Answer to the Amended Complaint due date updated for Andrew Cuomo answer due 8/3/2018; The New York State Department of Financial Services answer due 8/3/2018; Maria T. Vullo answer due 8/3/2018. (see) (Entered: 07/23/2018) |
| 07/27/2018 | [38](#) | Letter Motion from Adrienne J. Kerwin for Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo requesting permission to file a memorandum of law up to 50 pages submitted to Judge Hummel . (Kerwin, Adrienne) (Entered: 07/27/2018) |
| 07/31/2018 | 39 | TEXT ORDER GRANTING the [38](#) Letter Request for leave to file a 50 page Memorandum of law and DENYING AS MOOT the [27](#) Motion to Dismiss for Failure to State a Claim. Authorized by Senior Judge Thomas J. McAvoy on 7/31/2018. (amt) (Entered: 07/31/2018) |
| 08/03/2018 | [40](#) | MOTION to Dismiss for Failure to State a Claim Motion Hearing set for 9/10/2018 10:00 AM in Albany before Senior Judge Thomas J. McAvoy Response to Motion due by 8/24/2018 Reply to Response to Motion due by 8/30/2018. filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # [1](#) Memorandum of Law, # [2](#) Appendix A, # [3](#) Appendix B, # [4](#) Appendix C) (Kerwin, Adrienne) (Entered: 08/03/2018) |
| 08/06/2018 | [41](#) | Letter Motion from Stephanie L. Gase for National Rifle Association of America requesting permission to file a memorandum in excess of page limits submitted to Judge Hummel . (Gase, Stephanie) (Entered: 08/06/2018) |
| 08/07/2018 | 42 | TEXT ORDER granting [41](#) Letter Request to file a 50 page response memorandum re: [40](#) Motion. Authorized by Senior Judge Thomas J. McAvoy on 8/7/18. (sfp, ) (Entered: 08/07/2018) |
| 08/23/2018 | [43](#) | MOTION for Limited Admission Pro Hac Vice of Brian Hauss Filing fee $100, receipt number ANYNDC-4488216. filed by National Rifle Association of America. (Attachments: # [1](#) Declaration of sponsor, Christopher Dunn, # [2](#) Exhibit(s) Brian Hauss Attorney Registration Form, # [3](#) Exhibit(s) Brian Hauss Petition for Admission to |

| | | |
|---|---|---|
| | | Practice, # 4 Exhibit(s) Brian Hauss Certificate of Good Standing) Motions referred to Christian F. Hummel. (Dunn, Christopher) (Entered: 08/23/2018) |
| 08/24/2018 | 44 | LETTER BRIEF by American Civil Liberties Union Foundation. (Dunn, Christopher) (Entered: 08/24/2018) |
| 08/24/2018 | 45 | ORDER granting 43 Motion for Limited Admission Pro Hac Vice for Brian Hauss, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 8/24/2018. (tab) (Entered: 08/24/2018) |
| 08/24/2018 | 46 | Letter Motion from Texas Public Policy Foundation for Texas Public Policy Foundation requesting Leave to Participate as Amicus Curiae . (Attachments: # 1 Exhibit(s) Exhibit A, # 2 Exhibit(s) Exhibit B)(Russell, Keisha) (Entered: 08/24/2018) |
| 08/24/2018 | 47 | NOTICE of Appearance by Brian Matthew Hauss on behalf of American Civil Liberties Union Foundation (Hauss, Brian) (Entered: 08/24/2018) |
| 08/24/2018 | 48 | RESPONSE in Opposition re 40 MOTION to Dismiss for Failure to State a Claim filed by National Rifle Association of America. (Attachments: # 1 Declaration of Stephanie Gase in Support of Memorandum of Law In Opposition to Motion to Dismiss)(Brewer, William) (Entered: 08/24/2018) |
| 08/24/2018 | 49 | First MOTION for Leave to File *Amicus Curiae Brief* filed by American Civil Liberties Union Foundation. (Attachments: # 1 Exhibit(s) Proposed Amicus Brief, # 2 Exhibit(s) Proposed Order) Motions referred to Christian F. Hummel. (Hauss, Brian) (Entered: 08/24/2018) |
| 08/27/2018 | 50 | TEXT ORDER granting the 46 and 49 Requests for leave to file amicus briefs. Authorized by Senior Judge Thomas J. McAvoy on 8/27/2018. (amt) (Entered: 08/27/2018) |
| 08/30/2018 | | TEXT NOTICE advising parties that the Court will entertain oral argument on 9/10/18, at 10 AM in Albany, from the parties' attorney's as related to those parts of the pending 40 motion seeking to dismiss the First, Second, Third, and Sixth Counts. Each side will be limited to 30 minutes to present their arguments. (sfp, ) (Entered: 08/30/2018) |
| 08/30/2018 | 51 | REPLY to Response to Motion re 40 MOTION to Dismiss for Failure to State a Claim filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Kerwin, Adrienne) (Entered: 08/30/2018) |
| 09/10/2018 | | Minute Entry for 9/10/2018 Motion Calendar held before Senior Judge Thomas J. McAvoy; App: S. Rogers, S. Gase, W. Brewer, C. Cooper, J. Reeves, J. Alicea, and M. Kirk, Esqs., for Plaintiff; A. Kerwin, J. Pederson and D. Dorfman, AAGs, for Defendants; Court Reporter: J. Stroffolino; Parties are heard re: Defendants' 40 MOTION to Dismiss; Court reserves decision; Written decision will be issued. (amt) (Entered: 09/10/2018) |
| 09/17/2018 | 52 | TRANSCRIPT of Proceedings: Oral Argument held on 9/10/2018 before Judge Thomas J. McAvoy, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. |

The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/9/2018. Redacted Transcript Deadline set for 10/18/2018. Release of Transcript Restriction set for 12/17/2018. Notice of Intent to Redact due by 9/24/2018 (jxs, ) (Entered: 09/17/2018)

| | | |
|---|---|---|
| 09/18/2018 | 53 | MOTION for Limited Admission Pro Hac Vice of Chance Dean Weldon Filing fee $100, receipt number ANYNDC-4511351. filed by Texas Public Policy Foundation. (Attachments: # 1 Declaration of sponsor, Keisha Russell, # 2 Exhibit(s) Chance Weldon Attorney Registration Form, # 3 Exhibit(s) Chance Weldon Petition for Admission to Practice, # 4 Exhibit(s) Chance Weldon Certificate of Good Standing) Motions referred to Christian F. Hummel. (Russell, Keisha) (Entered: 09/18/2018) |
| 09/19/2018 | 54 | ORDER granting 53 Motion for Limited Admission Pro Hac Vice of Chance Dean Weldon, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 9/19/2018. (tab) (Entered: 09/19/2018) |
| 09/25/2018 | 55 | NOTICE of Appearance by Chance Weldon on behalf of Texas Public Policy Foundation (Weldon, Chance) (Entered: 09/25/2018) |
| 11/06/2018 | 56 | DECISION & ORDER: Granting in part and denying in part Defendant's 40 Motion to Dismiss for Failure to State a Claim. Signed by Senior Judge Thomas J. McAvoy on 11/6/2018. (jdp, ) (Entered: 11/06/2018) |
| 11/07/2018 | 57 | Letter Motion from Stephanie Gase for National Rifle Association of America requesting a hearing date and permission to file memorandum in excess of page limit submitted to Judge Christian F. Hummel . (Gase, Stephanie) (Entered: 11/07/2018) |
| 11/13/2018 | 58 | TEXT ORDER granting 57 Letter Request for a Rule 16 conference to be set and for permission to file a reply to Dkt. No. 21, Motion for Expedited Discovery. Plaintiff is permitted to file a reply of no more than ten (10) pages on or before 11/26/2018. The hearing date for oral argument on the Motion for Expedited Discovery will be addressed at the Rule 16 conference. **The IN-PERSON Initial Conference has been set for Thursday, 12/13/2018 @ 10:30 AM in Albany before Magistrate Judge Christian F. Hummel.** The Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 12/6/2018. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) [Andrew Cuomo answer due 11/20/2018; The New York State Department of Financial Services answer due 11/20/2018; Maria T. Vullo answer due 11/20/2018]. SO ORDERED by Magistrate Judge Christian F. Hummel on 11/13/2018. (tab) (Entered: 11/13/2018) |
| 11/20/2018 | 59 | ANSWER to 37 Amended Complaint, by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Certificate of Service)(Pederson, Helena) (Entered: 11/20/2018) |

| 11/26/2018 | 60 | REPLY to Response to Motion re 21 MOTION for Preliminary Injunction *For Expedited Discovery (NOT Preliminary Injunction)* filed by National Rifle Association of America. (Gase, Stephanie) (Entered: 11/26/2018) |
| 12/06/2018 | 61 | CIVIL CASE MANAGEMENT PLAN by National Rifle Association of America. (Gase, Stephanie) (Entered: 12/06/2018) |
| 12/13/2018 | 62 | NOTICE of Appearance by William A. Scott on behalf of Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo (Scott, William) (Entered: 12/13/2018) |
| 12/13/2018 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Initial Pretrial Conference held on 12/13/2018. Pretrial deadlines are established. A Scheduling Order to be issued. This case is opted out of Mandatory ADR. A briefing schedule for a preliminary injunction motion is set. A Text Order setting the briefing schedule to be issued. (tab) (Entered: 12/27/2018) |
| 12/19/2018 | 63 | MOTION to Dismiss for Failure to State a Claim *pursuant to FRCP 12(c)* Motion Hearing set for 1/25/2019 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy Response to Motion due by 1/8/2019 Reply to Response to Motion due by 1/14/2019. filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Memorandum of Law) (Kerwin, Adrienne) (Entered: 12/19/2018) |
| 12/27/2018 | 64 | TEXT ORDER: The Court held a Rule 16 Initial Conference with the parties on 12/13/2018. The Court, sua sponte, exempts this matter from the Mandatory Mediation Program. SO ORDERED. Authorized by Magistrate Judge Christian F. Hummel on 12/27/2018. (tab) (Entered: 12/27/2018) |
| 12/27/2018 | 65 | TEXT ORDER setting briefing schedule for Preliminary Injunction Motion as set forth during the Initial Conference held on 12/13/2018. The Preliminary Injunction Motion to be filed by 1/31/2019. Response to the motion due by 2/21/2019. A Reply, limited to no more than 10 pages, is due by 2/28/2019. Authorized by Magistrate Judge Christian F. Hummel on 12/27/2018. (tab) (Entered: 12/27/2018) |
| 12/27/2018 | 66 | UNIFORM PRETRIAL SCHEDULING ORDER: Anticipated length of trial: 5 days (Jury Trial). Preferred Trial Location: Albany, NY. Joinder of Parties due by 1/31/2019. Amended Pleadings due by 1/31/2019. Discovery due by 6/17/2019. Motions to be filed by 7/22/2019. Status Report due by 3/25/2019. Signed by Magistrate Judge Christian F. Hummel on 12/27/2018. (tab) (Entered: 12/27/2018) |
| 01/07/2019 | 67 | Letter Motion from Stephanie L. Gase for National Rifle Association of America requesting Court Conference Regarding Proposed Discovery Motion submitted to Judge Hummel . (Gase, Stephanie) (Entered: 01/07/2019) |
| 01/08/2019 | 68 | TEXT ORDER granting 67 Letter Request for a Court Conference Regarding Proposed Discovery Motion. Defendants are directed to file a written response to Plaintiff's Dkt. No. 67 Letter Request by Friday, 1/11/2019. A Discovery Hearing has been set for Thursday, 1/17/2019 @ 11:00 AM in Albany before Magistrate Judge Christian F. Hummel. Counsel are permitted to appear by telephone or in person for this conference. For counsel opting to appear by telephone, dial in instructions will be issued under separate notice. Authorized by Magistrate Judge Christian F. Hummel on 1/8/2019. (tab) (Entered: 01/08/2019) |
| 01/08/2019 | | NOTICE of Dial-In Instructions for Teleconference: The parties, opting to participate in the 1/17/2019 @ 11:00 am discovery conference by telephone are directed to dial in at 1-888-684-8852, enter Access code 9772719 #, and then Security code 1234 # to join. (tab) (Entered: 01/08/2019) |

| 01/08/2019 | 69 | RESPONSE in Opposition re 63 MOTION to Dismiss for Failure to State a Claim *pursuant to FRCP 12(c)* filed by National Rifle Association of America. (Gase, Stephanie) (Entered: 01/08/2019) |
|---|---|---|
| 01/11/2019 | 70 | RESPONSE in Opposition re 67 Letter Motion from Stephanie L. Gase for National Rifle Association of America requesting Court Conference Regarding Proposed Discovery Motion submitted to Judge Hummel filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Exhibit(s) A, B & C)(Scott, William) (Entered: 01/11/2019) |
| 01/14/2019 | 71 | RESPONSE in Support re 63 MOTION to Dismiss for Failure to State a Claim *pursuant to FRCP 12(c)* filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Scott, William) (Entered: 01/14/2019) |
| 01/17/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Discovery Hearing held on 1/17/2019. Appearances (by telephone) by Sarah Rogers, Esq., Stephanie L. Gase, Esq., and Harold S. Reeves, Esq. on behalf of Plaintiff; AAG William Scott (in person), on behalf of Defendants. Discovery issues are briefly discussed and the Court sets a briefing schedule for both parties to file discovery motions. Plaintiff is not prepared to withdraw the Motion for expedited Discovery, Dkt. 21, at this time. Plaintiff intends to file a Motion to Compel and Defendants will respond and file Motion for Protective Order. Text Orders setting those Motion briefing schedules will be issued. (Court Reporter FTR Recorded) (tab) (Entered: 01/17/2019) |
| 01/17/2019 | 72 | TEXT ORDER SETTING BRIEFING SCHEDULES FOR INTENDED MOTIONS. As set forth, on the record, during the 1/17/2019 Discovery Conference, the following briefing schedule has been set for Plaintiff's Motion to Compel and for Defendant's Motion for Protective Order: Plaintiff's Motion to Compel to be filed by 1/22/2019. Defendant's Response is to be filed by 2/4/2019, any reply by Plaintiff is to be limited to 10 pages and is to be filed by 2/8/2019. Defendant's Motion for Protective Order is to be filed by 2/4/2019. Plaintiff is to file a response to Defendant's Motion by 2/15/2019. Any reply to response by Defendant is limited to 10 pages and is to be filed by 2/20/2019. At this time, both Plaintiff's Motion to Compel and Defendant's Motion for Protective Order will be taken on submit. Counsel will be notified and a hearing will be scheduled if the Court decides to hear oral argument on either motion. So Ordered by Magistrate Judge Christian F. Hummel on 1/17/2019. (tab) (Entered: 01/17/2019) |
| 01/17/2019 | | TEXT NOTICE to parties advising that Defts' 63 MOTION to Dismiss for Failure to State a Claim that is on Judge McAvoy's 1/25/19 Motion Calendar is on submit basis. Appearances are not required. (sfp, ) (Entered: 01/17/2019) |
| 01/22/2019 | 73 | MOTION to Compel *the Production of Documents* filed by National Rifle Association of America. (Attachments: # 1 Memorandum of Law in Support of Plaintiff's Motion to Compel the Production of Documents, # 2 Declaration of Stephanie L. Gase in Support of Plaintiff's Motion to Compel the Production of Documents) Motions referred to Christian F. Hummel. (Gase, Stephanie) (Entered: 01/22/2019) |
| 01/24/2019 | 74 | Letter Motion from Stephanie Gase for National Rifle Association of America requesting Confirmation of Deadline Extension submitted to Judge Hummel . (Gase, Stephanie) (Entered: 01/24/2019) |
| 01/25/2019 | | Minute Entry for proceedings held before Senior Judge Thomas J. McAvoy; Motion Hearing held on 1/25/2019; App: NONE; Court Reporter: V. Theleman; Defendants' 63 MOTION to Dismiss for Failure to State a Claim - TAKEN ON SUBMIT. (amt) (Entered: 01/25/2019) |
| 01/29/2019 | 75 | *Unopposed* Letter Motion from Stephanie Gase for National Rifle Association of |

| | | |
|---|---|---|
| | | America requesting extension of the deadline for filing a motion for a preliminary injunction submitted to Judge Hummel . (Gase, Stephanie) (Entered: 01/29/2019) |
| 01/30/2019 | 76 | TEXT ORDER granting in part and denying in part 74 Letter Motion from Stephanie Gase, Esq. for National Rifle Association of America requesting Confirmation of Deadline Extension. At this time, the deadline for filing a Motion to Amend Pleadings or for Joinder of Parties is extended to March 1, 2019. [Amended Pleadings due by 3/1/2019; Joinder of Parties due by 3/1/2019]. Authorized by Magistrate Judge Christian F. Hummel on 1/30/2019. (tab) (Entered: 01/30/2019) |
| 01/30/2019 | 77 | TEXT ORDER granting 75 Unopposed Letter Motion from Stephanie Gase, Esq. for National Rifle Association of America requesting extension of the deadline for filing a motion for a preliminary injunction. The briefing schedule set forth in Text Order, Dkt. No. 65, are stayed and the Court will reset the briefing schedule on any Motion for a Preliminary Injunction, after a decision on the Motion to Dismiss, Dkt. No. 63, and the Motion to Compel, Dkt. No. 73 are rendered. Authorized by Magistrate Judge Christian F. Hummel on 1/30/2019. (tab) (Entered: 01/30/2019) |
| 02/04/2019 | 78 | MOTION for Protective Order Motion Hearing set for 2/21/2019 09:30 AM in Albany before Magistrate Judge Christian F. Hummel Response to Motion due by 2/4/2019 filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Memorandum of Law, # 2 Affirmation of William A. Scott, # 3 Declaration of Matthew Levine, # 4 Exhibit(s) A: to Declaration of Matthew Levine, # 5 Exhibit(s) B: to Declaration of Matthew Levine, # 6 Exhibit(s) C: to Declaration of Matthew Levine, # 7 Exhibit(s) D: to Declaration of Matthew Levine, # 8 Declaration of Nathaniel Dorfman, # 9 Declaration of Tanisha Edwards) Motions referred to Christian F. Hummel. (Scott, William) (Entered: 02/04/2019) |
| 02/04/2019 | 79 | RESPONSE in Opposition re 73 MOTION to Compel *the Production of Documents* filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Affirmation of William A. Scott, # 2 Declaration of Matthew Levine, # 3 Exhibit(s) A: to Declaration of Matthew Levine, # 4 Exhibit(s) B: to Declaration of Matthew Levine, # 5 Exhibit(s) C: to Declaration of Matthew Levine, # 6 Exhibit(s) D: to Declaration of Matthew Levine, # 7 Declaration of Nathaniel Dorfman, # 8 Declaration of Tanisha Edwards)(Scott, William) (Entered: 02/04/2019) |
| 02/08/2019 | 80 | MOTION for Limited Admission Pro Hac Vice of Nicole Frazer Reaves Filing fee $100, receipt number ANYNDC-4645891. filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Rogers, Sarah) (Entered: 02/08/2019) |
| 02/08/2019 | 81 | REPLY to Response to Motion re 73 MOTION to Compel *the Production of Documents* filed by National Rifle Association of America. (Gase, Stephanie) (Entered: 02/08/2019) |
| 02/12/2019 | 82 | TEXT ORDER granting 80 Motion for Limited Admission Pro Hac Vice for Nicole Frazer Reaves, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. <u>You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.</u>** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 2/12/2019. (tab) (Entered: 02/12/2019) |
| 02/15/2019 | 83 | RESPONSE in Opposition re 78 MOTION for Protective Order filed by National Rifle Association of America. (Attachments: # 1 Declaration of Stephanie L. Gase in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for a Protective Order)(Gase, Stephanie) (Entered: 02/15/2019) |

| | | |
|---|---|---|
| 02/20/2019 | 84 | REPLY to Response to Motion re 78 MOTION for Protective Order filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Scott, William) (Entered: 02/20/2019) |
| 03/06/2019 | 85 | COURT NOTICE of Telephonic Hearing: A telephonic Discovery Hearing has been set for Friday, 3/8/2019 @ 3:00 PM in Albany before Magistrate Judge Christian F. Hummel. Parties are directed to dial in at 1-888-684-8852, enter access code 9772719 # and security code 1234 # to join the call. (tab) (Entered: 03/06/2019) |
| 03/08/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Discovery Hearing held on 3/8/2019. Appearances by telephone by Stephanie L. Gase, Esq. and Jose Joel Alicea, Esq. for plaintiff; AAG William Scott, for Defendants. The Court inquires about the Motion regarding expedited discovery and what issues remain pending in that motion. Plaintiff advises the Court that generally one issue remains, and defendant indicates that they take the same position and oppose the relief sought. (regarding Vullo deposition) The Court schedules in-person oral argument on the issue on 3/13/2019 @ 11:00 am in Albany. Court concludes. (Court Reporter Jacqueline Stroffolino) (tab) (Entered: 03/08/2019) |
| 03/08/2019 | 86 | NOTICE of Hearing on Motion 21 MOTION for Preliminary Injunction *For Expedited Discovery (NOT Preliminary Injunction)* : Oral Argument/Motion Hearing is set for Wednesday, 3/13/2019 @ 11:00 AM in Albany before Magistrate Judge Christian F. Hummel. (tab) (Entered: 03/08/2019) |
| 03/13/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Motion Hearing held on 3/13/2019 re 21 MOTION *For Expedited Discovery* filed by National Rifle Association of America. Appearances by Stephanie Gase, Esq. and Jose Joel Alicea, Esq. for Plaintiff; AAG William Scott for Defendants. Oral argument is heard. The Court takes a 10 minute recess; Court resumes and additional inquiries by the Court are made. The Court reserves decision and will issue a written Order by the end of the month. (Court Reporter: Theresa Casal) (tab) (Entered: 03/14/2019) |
| 03/14/2019 | 87 | STIPULATION *ESI Order* by National Rifle Association of America submitted to Judge McAvoy. (Gase, Stephanie) (Entered: 03/14/2019) |
| 03/14/2019 | 88 | ORDER APPROVING 87 Stipulation filed by National Rifle Association of America (Stipulated ESI Order). Signed by Magistrate Judge Christian F. Hummel on 3/14/2019. (tab) (Entered: 03/14/2019) |
| 03/20/2019 | 89 | MEMORANDUM-DECISION & ORDER: Ordered that plaintiff's 21 Order to Show Cause is granted in part as plaintiff will be permitted to depose defendant Maria T. Vullo otherwise plaintiff's Order to Show Cause is denied. Signed by Magistrate Judge Christian F. Hummel on 3/20/2019. (jdp, ) (Entered: 03/20/2019) |
| 03/20/2019 | 90 | TRANSCRIPT of Proceedings: Oral Argument held on March 13, 2019 before Judge Christian F. Hummel, Court Reporter: Theresa J. Casal, Telephone number: 518-257-1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2019. Redacted Transcript Deadline set for 4/22/2019. Release of |

| | | Transcript Restriction set for 6/18/2019. Notice of Intent to Redact due by 3/25/2019 (tjc, ) (Entered: 03/20/2019) |
|---|---|---|
| 03/22/2019 | 91 | TRANSCRIPT REQUEST by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo for proceedings held on 03/13/2019 before Judge Hummel.. (Scott, William) (Entered: 03/22/2019) |
| 03/25/2019 | 92 | STATUS REPORT *to Judge Hummel* by National Rifle Association of America. (Gase, Stephanie) (Entered: 03/25/2019) |
| 04/01/2019 | 93 | Letter Motion from Sarah Rogers for National Rifle Association of America requesting Court Conference Regarding Proposed Motion for a Confidentiality and Protective Order submitted to Judge Hummel . (Gase, Stephanie) (Entered: 04/01/2019) |
| 04/03/2019 | 94 | TEXT ORDER granting 93 Letter Request from Sarah Rogers for National Rifle Association of America requesting Court Conference Regarding Proposed Motion for a Confidentiality and Protective Order; Defendants are directed to file a response to Dkt. No. 93 by 4/10/2019; An IN-PERSON Discovery Hearing has been set for Friday, 4/12/2019 @ 2:00 PM in Albany before Magistrate Judge Christian F. Hummel. So Ordered by Magistrate Judge Christian F. Hummel on 4/3/2019. (tab) (Entered: 04/03/2019) |
| 04/03/2019 | 95 | MOTION for Reconsideration re 89 Order on Motion for Preliminary Injunction, Motion Hearing set for 5/16/2019 09:30 AM in Albany before Magistrate Judge Christian F. Hummel Response to Motion due by 4/29/2019 filed by Andrew Cuomo, The New York State Department of Financial Services, Maria T. Vullo. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A: Transcript of Argument) (Scott, William) (Entered: 04/03/2019) |
| 04/05/2019 | 96 | Letter Motion from Sarah Rogers for National Rifle Association of America requesting Court Conference Regarding Request for Briefing Schedule on Motion for Contempt submitted to Judge Hummel . (Gase, Stephanie) (Entered: 04/05/2019) |
| 04/08/2019 | 97 | MOTION to Withdraw as Attorney filed by National Rifle Association of America. (Attachments: # 1 Proposed Order/Judgment) Motions referred to Christian F. Hummel. (Gase, Stephanie) (Entered: 04/08/2019) |
| 04/10/2019 | 98 | LETTER BRIEF by Andrew Cuomo, The New York State Department of Financial Services. (McCartin, Michael) (Entered: 04/10/2019) |
| 04/12/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Discovery Hearing held on 4/12/2019. Appearances by Sarah Rogers, Esq. for Plaintiff; AAG William Scott for the Defendants, Nathan Dorfman, Esq. for DFS appearing. Arguments are heard on issues as set forth by plaintiff in Dkt. No. 93, Dkt. No. 97, Dkt. No. 98 and Dkt. No. 96. The Court advises counsel that Attorney Gase's letter motion to withdraw from the case will be granted. The Court sets the following briefing schedule for Plaintiff's Motions: Plaintiff's Motion for the Court to approve the proposed confidentiality/protective Order to be filed by 4/17/2019. Defendants' Response due 5/1/2019, and any reply, if needed, to be filed by 5/6/2019 and the reply is limited to 5 pages. Plaintiff's Motion to Compel Lloyds of London to respond to subpoenas or in the Alternative for DFS to accept service is to be filed by 4/19/2019, Defendants' response due by 5/3/2019 and any reply due by 5/9/2019. (Court Reporter Theresa Casal) (tab) (Entered: 04/16/2019) |
| 04/15/2019 | 99 | ORDER granting 97 Motion to Withdraw as Attorney. Attorney Stephanie L Gase terminated. Signed by Magistrate Judge Christian F. Hummel on 4/12/2019. (tab) (Entered: 04/15/2019) |
| 04/19/2019 | 100 | MOTION to Compel *Lloyd's Entities to Comply with Non-Party Subpoenas, or* |

| | | |
|---|---|---|
| | | *Alternatively, to Compel the DFS to Effectuate Service* filed by National Rifle Association of America. (Attachments: # 1 Memorandum of Law in Support of Motion to Compel, # 2 Declaration of Sarah B. Rogers, # 3 Exhibit(s) A - Consent Order Among Lloyds Entities and DFS dated December 20, 2018, # 4 Exhibit(s) B - NRAs Notice of Intent to Request for Production of Documents, # 5 Exhibit(s) C - Affidavit of Service on Superintendent of DFS, # 6 Exhibit(s) D - Federal Express receipts re transmission of Subpoenas to Lloyds Entities, # 7 Exhibit(s) E - Email from Stephanie Gase to Michael Hynes dated March 28, 2019, # 8 Exhibit(s) F - Letter from Michael Hynes to Stephanie Gase dated March 28, 2019, # 9 Exhibit(s) G - Letter from Michael Hynes to Stephanie Gase dated April 2, 2019, # 10 Exhibit(s) H - Letter from Michael Hynes to William Scott dated April 8, 2019, # 11 Exhibit(s) I - Excerpts from Lloyds Master Policy) Motions referred to Christian F. Hummel. (Rogers, Sarah) Modified on 4/22/2019 to re-number entry as Dkt. No. 100(tab). (Entered: 04/20/2019) |
| 04/22/2019 | | CLERK'S CORRECTION OF DOCKET ENTRY re 100 Motion to Compel filed by National Rifle Association of America. Clerk removed a duplicative filing of Plaintiff's Motion to Compel. After removing the first, incomplete filing, Dkt. No. 100, the clerk renumbered the correct and complete Motion to Compel, originally assigned Dkt. No. 101, as Dkt. No. 100 in order to maintain a sequential docket number. (tab) (Entered: 04/22/2019) |
| 04/23/2019 | 101 | STIPULATION *Stipulated Confidentiality and Protective Order* by National Rifle Association of America submitted to Judge Hummel. (Rogers, Sarah) (Entered: 04/23/2019) |
| 04/24/2019 | 102 | STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER (approved). Signed by Magistrate Judge Christian F. Hummel on 4/24/2019. (tab) (Entered: 04/24/2019) |
| 04/29/2019 | 103 | RESPONSE in Opposition re 95 MOTION for Reconsideration re 89 Order on Motion for Preliminary Injunction, *Memorandum of Law in Opposition of Defendants' Motion for Reconsideration* filed by National Rifle Association of America. (Rogers, Sarah) (Entered: 04/29/2019) |
| 05/01/2019 | 104 | NOTICE of Appearance by Debra L. Greenberger on behalf of Maria T. Vullo (Greenberger, Debra) (Entered: 05/01/2019) |
| 05/01/2019 | 105 | NOTICE of Appearance by Elizabeth S. Saylor on behalf of Maria T. Vullo (Saylor, Elizabeth) (Entered: 05/01/2019) |
| 05/02/2019 | 106 | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting Extension of Time to Reply In Further Support of Defendants' Motion for Reconsideration, from May 6, 2019 to May 13, 2019 submitted to Judge Hon. Christina F. Hummel . (Greenberger, Debra) (Entered: 05/02/2019) |
| 05/03/2019 | 107 | NOTICE of Appearance by Eamon G. Rock on behalf of The New York State Department of Financial Services (Rock, Eamon) (Entered: 05/03/2019) |
| 05/03/2019 | 108 | NOTICE by The New York State Department of Financial Services *of Appearance by Nathaniel J. Dorfman on behalf of The New York State Department of Financial Services* (Rock, Eamon) (Entered: 05/03/2019) |
| 05/03/2019 | 109 | RESPONSE in Opposition re 100 MOTION to Compel *Lloyd's Entities to Comply with Non-Party Subpoenas, or Alternatively, to Compel the DFS to Effectuate Service* filed by The New York State Department of Financial Services. (Attachments: # 1 Attorney Affirmation)(Rock, Eamon) (Entered: 05/03/2019) |
| 05/06/2019 | 110 | TEXT ORDER re 106 : Counsel for defendant Maria T. Vullo filed a letter request dated May 2, 2019, seeking an extension of time to file a reply to plaintiffs Motion for |

| | | |
|---|---|---|
| | | Reconsideration (dkt. no. 95). Dkt. No. 106. The letter request (dkt. no. 106) is GRANTED. Defendant Vullo has until May 13, 2019 to file a reply. SO ORDERED. Authorized by Magistrate Judge Christian F. Hummel on 5/6/19. (Entered: 05/06/2019) |
| 05/09/2019 | [111](#) | REPLY to Response to Motion re [100](#) MOTION to Compel *Lloyd's Entities to Comply with Non-Party Subpoenas, or Alternatively, to Compel the DFS to Effectuate Service* filed by National Rifle Association of America. (Rogers, Sarah) (Entered: 05/09/2019) |
| 05/10/2019 | [112](#) | DECISION AND ORDER granting in part and denying in part, as stated within, Defendants' [63](#) Motion to Dismiss. Signed by Senior Judge Thomas J. McAvoy on 5/9/19. (sfp, ) (Entered: 05/10/2019) |
| 05/10/2019 | [113](#) | NOTICE of Appearance by Andrew G. Celli, Jr on behalf of Maria T. Vullo (Celli, Andrew) (Entered: 05/10/2019) |
| 05/13/2019 | [114](#) | MEMORANDUM OF LAW re [95](#) Motion for Reconsideration, *Defendants' Reply Memorandum of Law In Further Support of Their Motion for Reconsideration* filed by Maria T. Vullo. (Celli, Andrew) (Entered: 05/13/2019) |
| 06/26/2019 | [115](#) | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 4/12/19 before Judge Hummel.. (Attachments: # [1](#) Exhibit(s) AO435 Form) (Rogers, Sarah) (Entered: 06/26/2019) |
| 07/30/2019 | [116](#) | NOTICE of Appearance by John C. Canoni on behalf of National Rifle Association of America (Canoni, John) (Entered: 07/30/2019) |
| 07/30/2019 | [117](#) | Letter Motion from John Canoni for National Rifle Association of America requesting Modification of Scheduling Order submitted to Judge Hummel . (Canoni, John) (Entered: 07/30/2019) |
| 08/01/2019 | 118 | TEXT ORDER granting [117](#) Letter Request from John Canoni for National Rifle Association of America requesting Modification of Scheduling Order. The Discovery deadline is extended to 10/15/2019. The motion filing deadline will be reset after decisions on the pending motions are issued. Authorized by Magistrate Judge Christian F. Hummel on 8/1/2019. (tab) (Entered: 08/01/2019) |
| 08/06/2019 | [119](#) | Letter Motion from John Canoni for National Rifle Association of America requesting Conference Request re Motion for Letter of Request submitted to Judge Hummel . (Canoni, John) (Entered: 08/06/2019) |
| 08/07/2019 | 120 | TEXT ORDER granting [119](#) Letter Request from John Canoni for National Rifle Association of America requesting Conference. A Telephone Conference has been set for Thursday, 8/15/2019 @ 11:00 AM in Albany before Magistrate Judge Christian F. Hummel. Parties are directed to dial in at 1-888-684-8852, enter access code 9772719# and security code 1234# to join the call. Authorized by Magistrate Judge Christian F. Hummel on 8/7/2019. (tab) (Entered: 08/07/2019) |
| 08/08/2019 | [121](#) | MEMORANDUM-DECISION & ORDER denying [73](#) Motion to Compel; Pltf's request for sanctions is DENIED; denying without prejudice and with leave to renew, following the Court's in camera review, the [78](#) Motion for Protective Order; that, within 21 days from the filing date of this MDO, defts are to provide to the Court, a detailed privilege log, addressing any documents it seeks to withhold on the basis of any privilege, along with all documents responsive to the following categories of demands as (noted in 1-3 of the Order); that within 14 days from the filing date of this MDO, defts are to provide to the Court a signed affidavit indicating that they conducted a diligent search but do not possess responsive documents, or have already provided all responsive documents, for the following categories of material (as listed in the Order); and that, if the Court determines, following in camera review, that any supplemental briefing is required, the |

| | | |
|---|---|---|
| | | Court shall notify the parties and provide such opportunity for additional briefing on any claims raised within the Motion to Compel and Motion for Protective Order than have been dismissed without prejudice. Signed by Magistrate Judge Christian F. Hummel on 8/8/2019. (see) (Entered: 08/09/2019) |
| 08/13/2019 | [122](#) | NOTICE of Appearance by Nicole Frazer Reaves on behalf of National Rifle Association of America (Frazer Reaves, Nicole) (Entered: 08/13/2019) |
| 08/15/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Telephone Conference held on 8/15/2019 re Dkt. No. 119. Appearances by telephone: John Canoni, Esq. and Nicole Frazer Reaves, Esq. for Plaintiff; William Scott, AAG for Defendants, Debra Greenberger, Esq. for Vullo, Eamon Rock, Esq. for NYS DFS. Defendants advise the Court that they have no issue with Plaintiff's submitting the motion for the issuance of letters of request for international judicial assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, but request an opportunity to file a response. The Court sets a briefing schedule for plaintiffs to file. A Text Order setting the briefing schedule to be issued. (Court Reporter FTR Recorded) (tab) (Entered: 08/16/2019) |
| 08/16/2019 | 123 | TEXT ORDER setting a briefing schedule for Plaintiff's request/motion for the issuance of letters of request for international judicial assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Plaintiff to file papers by 8/23/2019. Defendants are directed to respond by 9/9/2019. Any reply by Plaintiffs to be filed by 9/16/2019. Authorized by Magistrate Judge Christian F. Hummel on 8/16/2019. (tab) (Entered: 08/16/2019) |
| 08/21/2019 | [124](#) | Letter Motion from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting Extension of Time to Comply with Court's Order submitted to Judge Hummel . (Scott, William) (Entered: 08/21/2019) |
| 08/21/2019 | [125](#) | *Response* Letter Motion from John Canoni for National Rifle Association of America requesting Response to August 21 Letter from William Scott submitted to Judge Hummel . (Canoni, John) (Entered: 08/21/2019) |
| 08/22/2019 | 126 | TEXT ORDER granting in part and denying in part [124](#) Letter Request from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting Extension of Time to Comply with Court's Order: Defendant is granted an extension until September 20th, 2019 to comply. [Denying [125](#) Responsive Letter Request from John Canoni for National Rifle Association of America. Authorized by Magistrate Judge Christian F. Hummel on 8/22/2019. (tab) (Entered: 08/22/2019) |
| 08/22/2019 | [127](#) | STATUS REPORT *with Declarations per Court's Order Regarding Discovery* by Andrew Cuomo, The New York State Department of Financial Services. (Attachments: # [1](#) Declaration of Tanisha Edwards, # [2](#) Declaration of Kevin Bishop)(Scott, William) (Entered: 08/22/2019) |
| 08/22/2019 | [128](#) | AFFIDAVIT - *Declaration of Maria T. Vullo Pursuant to Court Order Regarding Discovery* by Maria T. Vullo. (Greenberger, Debra) (Entered: 08/22/2019) |
| 08/23/2019 | [129](#) | MOTION for Issuance of Letters Rogatory */Issuance of Letters of Request* filed by National Rifle Association of America. (Attachments: # [1](#) Memorandum of Law Memorandum of Law In Support of Motion for Letters of Request, # [2](#) Declaration Declaration of John C. Canoni In Support of Motion for Letters of Request, # [3](#) Exhibit(s) Exhibit A- Request for International Judicial Assistance- Corporation of Lloyd's, # [4](#) Exhibit(s) Exhibit B- Request for International Judicial Assistance- AmTrust Syndicates Limited, # [5](#) Exhibit(s) Exhibit C- Request for International Judicial Assistance- Argo Managing Agency Limited, # [6](#) Exhibit(s) Exhibit D- Request for International Judicial |

| | | |
|---|---|---|
| | | Assistance- Atrium Underwriters Limited, # 7 Exhibit(s) Exhibit E- Request for International Judicial Assistance- Brit Syndicates Limited, # 8 Exhibit(s) Exhibit F- Request for International Judicial Assistance- Canopius Managing Agents, # 9 Exhibit(s) Exhibit G- Request for International Judicial Assistance- Chaucer Syndicates Limited, # 10 Exhibit(s) Exhibit H- Request for International Judicial Assistance- Liberty Managing Agency Limited, # 11 Exhibit(s) Exhibit I- Request for International Judicial Assistance- S.A. Meacock & Company Limited, # 12 Exhibit(s) Exhibit J- Tokio Marine Kiln Syndicates Limited, # 13 Exhibit(s) Exhibit K- Request for International Judicial Assistance- Inga Beale, # 14 Exhibit(s) Exhibit L- Request for International Judicial Assistance- Charles Franks, # 15 Exhibit(s) Exhibit M- Request for International Judicial Assistance- Jon Hancock, # 16 Exhibit(s) Exhibit N- Request for International Judicial Assistance- Mark Cloutier, # 17 Proposed Order/Judgment Proposed Order- Motion for Letters of Request) (Canoni, John) (Entered: 08/23/2019) |
| 08/23/2019 | 130 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by National Rifle Association of America re 121 Order on Motion to Compel,,,,, Order on Motion for Protective Order,,,, Motion Hearing set for 9/27/2019 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy Response to Motion due by 9/10/2019 (Attachments: # 1 Memorandum of Law In Support of Plaintiff's Objections to Magistrate Judge's Ruling on Motion to Compel, # 2 Declaration Declaration of John C. Canoni In Support of Plaintiff's Objections to Magistrate Judge's Ruling on Motion to Compel, # 3 Exhibit(s) A- NRA's First Requests For Production to Defendant Maria T. Vullo, # 4 Exhibit(s) B- NRA's First Requests for Production to Defendant Andrew Cuomo, # 5 Exhibit(s) C- NRA's First Requests for Production to Defendant New York Department of Financial Services, # 6 Proposed Order/Judgment Proposed Order- Plaintiff's Objections to Magistrate Judge's Ruling on Motion to Compel)(Canoni, John) (Entered: 08/23/2019) |
| 08/27/2019 | 131 | TRANSCRIPT of Proceedings: Oral Argument held on April 12, 2019 before Judge Christian F. Hummel, Court Reporter: Theresa J. Casal, Telephone number: 518-257-1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2019. Redacted Transcript Deadline set for 9/27/2019. Release of Transcript Restriction set for 11/25/2019. Notice of Intent to Redact due by 9/3/2019 (tjc, ) (Entered: 08/27/2019) |
| 08/28/2019 | 132 | MOTION to Withdraw as Attorney filed by National Rifle Association of America. (Attachments: # 1 Proposed Order/Judgment) Motions referred to Christian F. Hummel. (Cooper, Charles) (Entered: 08/28/2019) |
| 09/05/2019 | | TEXT NOTICE to parties advising that Plaintiff's 130 APPEAL OF MAGISTRATE JUDGE 121 DECISION that is on Judge McAvoy's 9/27/19 Motion Calendar is on submit basis. Appearances are not required.(sfp, ) (Entered: 09/05/2019) |
| 09/09/2019 | 133 | RESPONSE in Opposition re 129 MOTION for Issuance of Letters Rogatory *Issuance of Letters of Request* filed by Andrew Cuomo, The New York State Department of Financial Services. (Scott, William) (Entered: 09/09/2019) |
| 09/10/2019 | 134 | RESPONSE in Opposition re 130 APPEAL OF MAGISTRATE JUDGE DECISION to |

| | | |
|---|---|---|
| | | District Court by National Rifle Association of America re 121 Order on Motion to Compel,,,,, Order on Motion for Protective Order,,,, filed by Andrew Cuomo, The New York State Department of Financial Services. (Scott, William) (Entered: 09/10/2019) |
| 09/11/2019 | 135 | ORDER granting 132 Motion to Withdraw as Attorneys. Attorney Nicole Frazer Reaves; Michael W. Kirk; Harold S. Reeves; Jose Joel Alicea and Charles J. Cooper terminated. Signed by Magistrate Judge Christian F. Hummel on 9/11/2019. (tab) (Entered: 09/11/2019) |
| 09/16/2019 | 136 | REPLY to Response to Motion re 129 MOTION for Issuance of Letters Rogatory *Issuance of Letters of Request* filed by National Rifle Association of America. (Canoni, John) (Entered: 09/16/2019) |
| 09/20/2019 | 137 | STATUS REPORT *re Material for Court's In Camera Review* by Andrew Cuomo, The New York State Department of Financial Services. (Scott, William) (Entered: 09/20/2019) |
| 09/27/2019 | 138 | TEXT ORDER: The parties are directed to appear for a telephone conference on Wednesday, 10/2/2019 at 9:30 AM before Magistrate Judge Christian F. Hummel. Due to the voluminous nature of the documents disclosed for in camera review, the Court is considering the appointment of a special master to assist the Court with reviewing the in camera disclosures. Pursuant to Fed. R. Civ. P. 53(b)(1), the parties are being provided with notice and an opportunity to be heard. As is also required under Rule 53, parties will be permitted an opportunity to suggest candidates for appointment. The Court will provide dial-in instructions for those parties who wish to appear by phone. Authorized by Magistrate Judge Christian F. Hummel on 9/27/2019. (tab) (Entered: 09/27/2019) |
| 10/02/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Telephone Conference held on 10/2/2019. Appearances by Sarah Rogers, Esq. and John C. Canoni, Esq. for plaintiff; AAG William Scott, on behalf of State defendants; Debra L. Greenberger, Esq. for Maria T. Vullo. The Court advises counsel of it's intention to appoint a Special Master to review all of the in camera submissions. The Court hears from each party as to their position on the Special Master appointment. Counsel are directed to meet and confer and by 10/11/2019, make in-camera submissions of potential Special Master names, indicating whether or not any one person is a agreed to by all parties, or if not, a list of names for the Court to consider. (Court Reporter Theresa Casal) (tab) (Entered: 10/07/2019) |
| 10/18/2019 | 139 | COURT NOTICE of Teleconference: A Telephone Conference has been set for Tuesday, 10/22/2019 @ 10:00 AM before Magistrate Judge Christian F. Hummel. Dial-In instructions will be provided to counsel under separate notice.(tab) (Entered: 10/18/2019) |
| 10/18/2019 | | NOTICE of Teleconference Dial-in Instructions: The parties are directed to dial in at 1-888-684-8852, enter Access code 9772719#, and use Security code 1234# on Tuesday, 10/22/2019 @ 10:00 AM for a Status Conference with Magistrate Judge Hummel. (tab) (Entered: 10/18/2019) |
| 10/22/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Status Conference held on 10/22/2019. Appearances by telephone by: John C. Canoni, Esq. for plaintiff; AAG William Scott, on behalf of State defendants; Debra L. Greenberger, Esq. for Maria T. Vullo. The Court inquires about any additional progress made toward agreeing on a Special Master. All parties advise that they will defer to the Court to select a Special Master. Parties will be informed by the Court once a Special Master has been selected and how the process will proceed. (Court Reporter Jacqueline Stroffolino) (tab) (Entered: 10/22/2019) |
| 11/13/2019 | 140 | AFFIDAVIT OF BENJAMIN W. HILL (tab) (Entered: 11/13/2019) |

| 11/13/2019 | 141 | ORDER APPOINTING Special Master. Benjamin W. Hill, Esq. appointed. Signed by Magistrate Judge Christian F. Hummel on 11/13/2019. (tab) (Entered: 11/13/2019) |
| 11/15/2019 | 142 | Letter Motion from John Canoni for National Rifle Association of America requesting Conference Request to Discuss NRA Motion for Leave to Amend its Complaint to Replead its Selective Enforcement Claim submitted to Judge Hummel . (Canoni, John) (Entered: 11/15/2019) |
| 11/18/2019 | 143 | TEXT ORDER granting 142 Letter Request from John Canoni for National Rifle Association of America requesting Conference Request to Discuss NRA Motion for Leave to Amend its Complaint to Replead its Selective Enforcement Claim. A Pre-Motion Filing Conference set for Monday, 11/25/2019 @ 9:30 AM in Albany before Magistrate Judge Christian F. Hummel. Counsel are permitted to appear by telephone or in person. For counsel opting to appear by telephone, dial-in instructions will be issued under separate notice. Authorized by Magistrate Judge Christian F. Hummel on 11/18/2019. (tab) (Entered: 11/18/2019) |
| 11/18/2019 | | NOTICE of Dial-In Instructions for Teleconference: The parties, preferring to appear on 11/25/2019 @ 9:30 Am by telephone are directed to dial in at 1-888-684-8852, enter Access code 9772719#, and use Security code 1234# to join the conference. (tab) (Entered: 11/18/2019) |
| 11/25/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Telephonic Pre-Motion Conference held on 11/25/2019. Appearances by Sarah Rogers, Esq. and John Canoni, Esq. for plaintiff; AAG William Scott and AAG Ryan Abel, for Defendant NYS. Debra Greenberger, Esq. for Defendant Vullo. Plaintiff's request to file a motion to amend the complaint is briefly discussed. The Court directs an in-person hearing be held and schedules the hearing for 12/4/2019 @ 1:00 pm in Albany. The Court also directs parties to file letter briefs by 5pm today (plaintiff) and a response by 5pm tomorrow (Defendants). (Court Reporter Theresa Casal) (tab) (Entered: 11/25/2019) |
| 11/25/2019 | 144 | COURT NOTICE of Hearing: An in-person, Pre-Motion Argument Hearing has been set for 12/4/2019 @ 1:00 PM in Albany before Magistrate Judge Christian F. Hummel. (tab) (Entered: 11/25/2019) |
| 11/25/2019 | 145 | LETTER BRIEF *per Judge Hummel's direction of 11-25-19* by National Rifle Association of America. (Rogers, Sarah) (Entered: 11/25/2019) |
| 11/26/2019 | 146 | RESPONSE TO LETTER BRIEF filed by Andrew Cuomo, The New York State Department of Financial Services as to 145 LETTER BRIEF filed by National Rifle Association of America . (Attachments: # 1 Exhibit(s) NRA/Lloyd's Agreement)(Scott, William) (Entered: 11/26/2019) |
| 11/26/2019 | 147 | RESPONSE TO LETTER BRIEF filed by Maria T. Vullo as to 145 LETTER BRIEF filed by National Rifle Association of America . (Greenberger, Debra) (Entered: 11/26/2019) |
| 12/04/2019 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Pre-Motion Conference held on 12/4/2019. Appearances by John Canoni, Esq. for plaintiff (assisted by Brittany Cisco, Esq.) AAG William Scott on behalf of NYS Defendants/Cuomo; Debra Greenberger, Esq. for Defendant Vullo. Arguments are heard by all parties regarding Plaintiff's request to file a Motion to Amend the Complaint. The Court grants Plaintiff's request to file a Motion to Amend. Motion is to be filed by 12/20/2019; Responses to be filed by 1/20/2020 and any Reply to be filed by 1/27/2020. Parties are to file a letter to the Court regarding their positions with working with the Special Master for the Court to consider and address. (Court Reporter Lisa Tennyson) (tab) (Entered: 12/04/2019) |

| 12/04/2019 | 148 | TEXT ORDER setting briefing schedule for Plaintiff's Motion to Amend: Motion to be filed by 12/20/2019; Response to Motion to be filed by 1/20/2020; any reply to response to Motion to be filed by 1/27/2020. The Motion will be noticed before Magistrate Judge Hummel and will be taken on submit unless or until, otherwise directed. Authorized by Magistrate Judge Christian F. Hummel on 12/4/2019. (tab) (Entered: 12/04/2019) |
|---|---|---|
| 12/06/2019 | 149 | TRANSCRIPT REQUEST by Maria T. Vullo for proceedings held on 12/4/2019 before Judge - Magistrate Judge Christian F. Hummel.. (Greenberger, Debra) (Entered: 12/06/2019) |
| 12/17/2019 | 150 | Letter Motion from John Canoni for National Rifle Association of America requesting Special Master Suggestion submitted to Judge Christian F. Hummel . (Canoni, John) (Entered: 12/17/2019) |
| 12/18/2019 | 151 | TRANSCRIPT of Proceedings: Pre-Motion Conference held on December 4, 2019, before Judge Christian F. Hummel, Court Reporter: Lisa L. Tennyson, Telephone number: (518) 257-1823. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/8/2020. Redacted Transcript Deadline set for 1/21/2020. Release of Transcript Restriction set for 3/17/2020. Notice of Intent to Redact due by 12/23/2019 (lt, ) (Entered: 12/18/2019) |
| 12/20/2019 | 152 | TRANSCRIPT REQUEST *Pre-Motion Conference* by National Rifle Association of America for proceedings held on 12/04/2019 before Judge Christian F. Hummel.. (Canoni, John) (Entered: 12/20/2019) |
| 12/20/2019 | 153 | MOTION *to File Documents Under Seal* filed by National Rifle Association of America. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Proposed Order/Judgment Proposed Order) Motions referred to Christian F. Hummel. (Brewer, William) (Entered: 12/20/2019) |
| 12/20/2019 | 154 | NOTICE by National Rifle Association of America *Notice of motion by Plaintiff for Leave to File Second Amended Complaint and Jury Demand* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H, # 10 Exhibit(s) I, # 11 Exhibit(s) J, # 12 Exhibit(s) 2)(Brewer, William) Modified on 12/23/2019 (tab). (Entered: 12/20/2019) |
| 12/20/2019 | 155 | MOTION for Leave to File *Memorandum of Law in Support of the National Rifle Association of America's Motion for Leave to File Second Amended Complaint and Jury Demand* filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Brewer, William) (Entered: 12/20/2019) |
| 01/06/2020 | 156 | DECISION AND ORDER: It is hereby ORDERED, that defendants' # 95 Motion for Reconsideration is DENIED. Signed by Magistrate Judge Christian F. Hummel on 1/6/2020. (pjh) (Entered: 01/06/2020) |
| 01/06/2020 | 157 | TEXT ORDER re 150 Letter Motion from John Canoni for National Rifle Association of America requesting Special Master Suggestion submitted to Judge Christian F. Hummel filed by National Rifle Association of America. Defendants are directed to file a response |

| | | to Dkt. No. 150 within seven days of this Order and no more than three pages. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 1/6/2020. (response due by 1/14/2020)(tab) (Entered: 01/06/2020) |
|---|---|---|
| 01/13/2020 | 158 | MOTION for Extension of Time to File *Defendants' Opposition to Plaintiff's Motion to Amend from January 20, 2020 to January 27, 2020* filed by Maria T. Vullo. Motions referred to Christian F. Hummel. (Greenberger, Debra) (Entered: 01/13/2020) |
| 01/13/2020 | 159 | TEXT ORDER granting 158 Motion for Extension of Time to File Defendants' Opposition to Plaintiff's Motion to Amend from January 20, 2020 to January 27, 2020 filed by Maria T. Vullo. Authorized by Magistrate Judge Christian F. Hummel on 1/13/2020. (tab) (Entered: 01/13/2020) |
| 01/14/2020 | 160 | RESPONSE TO LETTER BRIEF filed by Andrew Cuomo, The New York State Department of Financial Services as to 150 Letter Request/Motion filed by National Rifle Association of America . (Scott, William) (Entered: 01/14/2020) |
| 01/21/2020 | 161 | TEXT ORDER : On December 17, 2019, plaintiff filed a letter motion seeking to confer with the Special Master and submit short briefings and make arguments on determinative issues, so that the Special Master can make informed decisions in his report and recommendation to your Honor. Dkt. No. 150 Letter Request. Defendants opposed that request. Dkt. No. 160. Plaintiffs request insofar as it seeks to communicate with the Special Master and/or submit additional briefing, is DENIED with leave to renew should the Special Master inform the Court that communication and/or briefing on one or more issues would be of benefit to him during his review. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 1/21/2020. (tab) (Entered: 01/21/2020) |
| 01/27/2020 | 162 | RESPONSE in Opposition re 155 MOTION for Leave to File *Memorandum of Law in Support of the National Rifle Association of America's Motion for Leave to File Second Amended Complaint and Jury Demand* filed by Andrew Cuomo, The New York State Department of Financial Services. (Attachments: # 1 Exhibit(s) A: Transcript of Proceedings, # 2 Exhibit(s) B: Plaintiff's Interrogatories)(Scott, William) (Entered: 01/27/2020) |
| 01/27/2020 | 163 | MOTION to File Opposition Under Seal filed by Maria T. Vullo. (Attachments: # 1 Exhibit(s) A - Redacted Pages, # 2 Proposed Order/Judgment - Proposed Order on Defendant Maria T. Vullo's Motion to File Opposition Under Seal) Motions referred to Christian F. Hummel. (Greenberger, Debra) (Entered: 01/27/2020) |
| 01/27/2020 | 164 | RESPONSE in Opposition re 155 MOTION for Leave to File *Memorandum of Law in Support of the National Rifle Association of America's Motion for Leave to File Second Amended Complaint and Jury Demand* filed by Maria T. Vullo. (Attachments: # 1 Declaration of Debra L. Greenberger, # 2 Exhibit(s) 1 - Transcript of Proceedings Before the Honorable Christian F. Hummel Held on December 4, 2019, # 3 Exhibit(s) 2 - Plaintiff National Rifle Association of America's Objections to Defendant Maria T. Vullo's First Set of Interrogatories, dated January 6, 2020)(Greenberger, Debra) (Entered: 01/27/2020) |
| 02/04/2020 | 165 | MOTION for Extension of Time to File Response/Reply as to 155 MOTION for Leave to File *Memorandum of Law in Support of the National Rifle Association of America's Motion for Leave to File Second Amended Complaint and Jury Demand* filed by National Rifle Association of America. Motions referred to Christian F. Hummel. (Canoni, John) (Entered: 02/04/2020) |
| 02/04/2020 | 166 | TEXT ORDER granting 165 Motion for Extension of Time to File Response/Reply re 155 MOTION for Leave to File *Second Amended Complaint and Jury Demand*. |

| | | Plaintiff's Reply to Response to Motion due by 2/14/2020. Authorized by Magistrate Judge Christian F. Hummel on 2/4/2020. (tab) (Entered: 02/04/2020) |
|---|---|---|
| 02/04/2020 | [167](#) | ORDER: It is hereby ORDERED, that within seven (7) days of the filing date of this Order, defendants are to provide to the Court for in camera review either a supplement to the Executive Chambers documents which includes bate-stamped documents Chambers 0000601-0000764 that were not included in the USB drive provided to the Court or an explanation as to why these documents were omitted; and it is further ORDERED, that within twenty-one (21) days of the filing date of this Order, defendants are to provide for in camera review the remainder of the information requested herein. Signed by Magistrate Judge Christian F. Hummel on 2/4/2020. (pjh) (Entered: 02/04/2020) |
| 02/13/2020 | 168 | TEXT ORDER: The Special Master has submitted to the Court his first billing statement. The Court will provide the billing statement to the parties. The Special Masters billing is to be split equally between plaintiff and defendants. The parties will have ten days from the issuing date of this text order to file with the Court, for in camera review, objections to the Special Masters billing statement, along with any argument as to whether the billing statement need be released to the public docket. Submissions are to be limited to five pages in length. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 2/13/2020. (tab) (Entered: 02/13/2020) |
| 02/14/2020 | [169](#) | REPLY to Response to Motion re [155](#) MOTION for Leave to File *Memorandum of Law in Support of the National Rifle Association of America's Motion for Leave to File Second Amended Complaint and Jury Demand* filed by National Rifle Association of America. (Brewer, William) (Entered: 02/14/2020) |
| 02/18/2020 | [170](#) | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED, that Plaintiff's # [100](#) Motion to Compel is DENIED; and it is further ORDERED, that the Clerk of the Court serve this Memorandum-Decision & Order on parties in accordance with Local Rules. Signed by Magistrate Judge Christian F. Hummel on 2/18/2020. (pjh) (Entered: 02/18/2020) |
| 02/21/2020 | [171](#) | Pre-Motion Letter by Maria T. Vullo requesting a pre-motion conference submitted to Judge Christian F. Hummel. (Greenberger, Debra) Modified on 2/25/2020 to reflect that this Letter is being submitted to Judge Hummel not Judge D'Agostino (pjh). (Entered: 02/21/2020) |
| 02/24/2020 | [172](#) | Letter Motion from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting Extension of time to comply with Court's Order [Dkt. 167] submitted to Judge Hummel . (Scott, William) (Entered: 02/24/2020) |
| 02/24/2020 | 173 | TEXT ORDER granting [172](#) Letter Request from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting Extension of time to comply with Court's Order [Dkt. 167]. Deadline to comply is reset to 3/3/2020. Authorized by Magistrate Judge Christian F. Hummel on 2/24/2020. (tab) (Entered: 02/24/2020) |
| 02/24/2020 | [174](#) | *Response to ECF #171* Letter Motion from John Canoni for National Rifle Association of America requesting Response to February 21, 2020 Letter submitted to Judge Christian F. Hummel . (Canoni, John) (Entered: 02/24/2020) |
| 02/25/2020 | | CLERK'S CORRECTION OF DOCKET ENTRY: Attorney Debra Greenberger inadvertently referred the # [171](#) Pre-Motion Letter Request to Judge D'Agostino who is not assigned to this case. Clerk corrected the docket text to reflect that the request was referred to Judge Hummel. (pjh) (Entered: 02/25/2020) |
| 02/26/2020 | 175 | TEXT ORDER granting [171](#) Letter Request by Maria T. Vullo requesting a pre-motion conference: A Discovery Conference has been set for Thursday, 3/5/2020 @ 1:30 PM in |

Case 21-636, Document 17, 04/05/2021, 3070801, Page33 of 96

| | | |
|---|---|---|
| | | Albany before Magistrate Judge Christian F. Hummel. Counsel are permitted to appear by telephone for this conference. Personal appearances is always permitted. For Counsel opting to participate by telephone dial-in instructions will post under a separate notice on the docket. Authorized by Magistrate Judge Christian F. Hummel on 2/26/2020. (tab) (Entered: 02/26/2020) |
| 02/26/2020 | | NOTICE of Dial-In Instructions for Teleconference: The parties, opting to dial in on Thursday, 3/5/2020 @ 1:30 PM are directed to dial in at 1-888-684-8852, enter Access code 9772719 #, and use Security code 1234 # to join the conference. (tab) (Entered: 02/26/2020) |
| 02/28/2020 | 176 | MOTION for Preliminary Injunction by National Rifle Association of America. (Attachments: # 1 Memorandum of Law Memorandum of Law, # 2 Declaration Rogers Declaration, # 3 Exhibit(s) A, # 4 Exhibit(s) B, # 5 Exhibit(s) C, # 6 Exhibit(s) D, # 7 Exhibit(s) E, # 8 Exhibit(s) F, # 9 Exhibit(s) G, # 10 Exhibit(s) H, # 11 Exhibit(s) I, # 12 Exhibit(s) J, # 13 Exhibit(s) K, # 14 Exhibit(s) L, # 15 Exhibit(s) M, # 16 Exhibit(s) N, # 17 Exhibit(s) O, # 18 Exhibit(s) P, # 19 Exhibit(s) Q, # 20 Exhibit(s) R, # 21 Exhibit(s) S, # 22 Exhibit(s) T, # 23 Exhibit(s) U, # 24 Declaration Miller Declaration, # 25 Exhibit(s) A, # 26 Declaration Cashin Declaration)(Rogers, Sarah) (Entered: 02/28/2020) |
| 02/28/2020 | 177 | Letter Motion from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting That the Court Decline to Entertain the Plaintiff's Order to Show Cause submitted to Judge Hummel . (Attachments: # 1 Exhibit(s) Notice of Charges)(Scott, William) (Entered: 02/28/2020) |
| 02/28/2020 | 178 | ORDER Setting Show Cause Hearing re: 176 MOTION for Preliminary Injunction: Show Cause Hearing set for 3/23/2020 at 01:30 PM in Albany before Senior Judge Thomas J. McAvoy. Response to Motion due by 4:00pm on 3/11/2020. Signed by Senior Judge Thomas J. McAvoy on 2/28/2020. (amt) (Entered: 02/28/2020) |
| 03/02/2020 | 179 | TEXT ORDER with attached Invoice of Special Master: The Court is in receipt of a fee request from the Special Master. See Dkt. No. 168. Having received no objection from either party, the Special Masters fee request is approved. The parties have thirty days to remit payment to the Special Master. The payment to be split equally between plaintiff and defendant 50% to be paid by plaintiff, and 50% to be paid by defendants. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 3/2/2020. (tab) (Entered: 03/02/2020) |
| 03/05/2020 | 180 | TEXT ORDER: Relative to Plaintiffs motion for a preliminary injunction [Doc. # 176], Plaintiff is directed to deliver to the United States District Court Clerk's Office in Albany, NY, by 1:00 PM on March 9, 2020, chamber's copies of its memorandum of law, declarations, exhibits, and other documents filed in connection with the motion. These documents must be contained in three-ring binders (or otherwise bound), and must be tabbed & identified in a manner that will assist the Court's review of the material. In addition, Plaintiff is directed to provide the Court with a DVD containing, in Microsoft Word, Wordperfect, or pdf format, copies of its memorandum of law, declarations, and expert witness reports (including rebuttal expert witness report) filed relative to the motion. Authorized by Senior Judge Thomas J. McAvoy on 3/5/20. (sfp, ) (Entered: 03/05/2020) |
| 03/05/2020 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Discovery Hearing held on 3/5/2020. Appearances by John C. Canoni, Esq. for plaintiff; AAG William Scott for State Defts.; Andrew G. Celli, Jr., Esq. and Debra L. Greenberger, Esq. for Deft Vullo. Counsel are heard on the issue of taking Deft Vullo's deposition early on in discovery. Parties' positions are clearly stated and memorialized on the record during the conference. The Court allows the taking of Deft Vullos deposition at this time, but advises counsel that any attempt to take a further deposition of Deft |

| | | Vullo would require a formal motion before the Court. Plaintiff inquires about extending of deadlines while the various motions are pending. The Court directs plaintiff file a letter request with the Court and deadlines can be extended accordingly. (Court Reporter Theresa Casal) (tab) (Entered: 03/05/2020) |
|---|---|---|
| 03/06/2020 | 181 | MEMORANDUM-DECISION AND ORDER denying 129 Plaintiff's Motion for Issuance of Letters Rogatory without prejudice to renew under the circumstances specifically set forth herein. Signed by Magistrate Judge Christian F. Hummel on 3/6/2020. (tab) (Entered: 03/06/2020) |
| 03/10/2020 | 182 | TRANSCRIPT REQUEST by Maria T. Vullo for proceedings held on 3/5/2020 before Judge - Magistrate Judge Christian F. Hummel.. (Greenberger, Debra) (Entered: 03/10/2020) |
| 03/11/2020 | 183 | RESPONSE in Opposition re 176 MOTION for Preliminary Injunction filed by Andrew Cuomo, The New York State Department of Financial Services. (Attachments: # 1 Declaration of Hadas Jacobi)(Scott, William) (Entered: 03/11/2020) |
| 03/16/2020 | 184 | TEXT ORDER: The Court will consider the 176 motion without oral argument. Plaintiff is granted leave to file a reply memorandum of law not to exceed ten (10) pages that must be filed by 2:00pm on March 18, 2020. Authorized by Senior Judge Thomas J. McAvoy on 3/16/2020. (amt) (Entered: 03/16/2020) |
| 03/17/2020 | 185 | Letter Motion from William A. Brewer III for National Rifle Association of America requesting Hearing on OSC submitted to Judge Thomas J. McAvoy . (Brewer, William) (Entered: 03/17/2020) |
| 03/18/2020 | 186 | TEXT ORDER granting in part the 185 Letter Request for an extension of time to file Reply papers. Reply papers shall be filed by 2:00pm on 3/19/2020. The 176 MOTION for Preliminary Injunction is adjourned to the Court's 6/8/2020 motion calendar. The Court will revisit the request for oral argument closer to the 6/8/2020 return date. Authorized by Senior Judge Thomas J. McAvoy on 3/18/2020. (amt) (Entered: 03/18/2020) |
| 03/18/2020 | | Reset Motion Deadlines: Pltf's 176 MOTION for Preliminary Injunction is adjourned to Judge McAvoy's 6/8/20 Motion Calendar. Reply to Response to Motion is due by 3/19/2020 at 2:00 PM. This motion will be on submit basis unless otherwise directed by the Court. [This entry is to set the motion deadlines in the system.](sfp, ) (Entered: 03/18/2020) |
| 03/19/2020 | 187 | REPLY to Response to Motion re 176 MOTION for Preliminary Injunction *Reply Memorandum of Law* filed by National Rifle Association of America. (Attachments: # 1 Declaration Sarah Rogers)(Brewer, William) (Entered: 03/19/2020) |
| 03/31/2020 | 188 | ***VACATED PURSUANT TO 324 Decision and Order*** DECISION & ORDER - Plaintiff's 130 Appeal of Magistrate Judge Hummel's discovery determinations, Dkt. No. 121, is **GRANTED**. Documents should be produced to Magistrate Judge Hummel for *in camera* review in accordance with this Decision and Order. Signed by Senior Judge Thomas J. McAvoy on 3/31/2020. (jel, ) Modified on 3/22/2021 (jel, ). (Entered: 03/31/2020) |
| 03/31/2020 | 189 | Letter Motion from John Canoni for National Rifle Association of America requesting Renewing Hague Discovery Motion submitted to Judge Christian F. Hummel . (Canoni, John) (Entered: 03/31/2020) |
| 04/02/2020 | 190 | COURT NOTICE of Hearing: A Telephone Conference has been set for Friday, 4/10/2020 @ 11:00 AM before Magistrate Judge Christian F. Hummel. Dial in instructions for this conference will be provided, under separate entry, on the case docket. (tab) (Entered: 04/02/2020) |

| 04/02/2020 | | NOTICE of Teleconference: The parties are directed to dial in at 1-888-684-8852, use Access code 9772719 #, and Security code 1234 #. Telephone Conference set for 4/10/2020 @ 11:00 AM before Magistrate Judge Christian F. Hummel. (tab) (Entered: 04/02/2020) |
|---|---|---|
| 04/09/2020 | 191 | Letter Motion from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting Extension of Time to File Motion for Reconsideration submitted to Judge McAvoy . (Scott, William) (Entered: 04/09/2020) |
| 04/09/2020 | 192 | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to 191 Letter Request/Motion filed by The New York State Department of Financial Services, Andrew Cuomo . (Rogers, Sarah) (Entered: 04/09/2020) |
| 04/10/2020 | 193 | TRANSCRIPT of Proceedings: Conference held on March 5, 2020 before Judge Christian F. Hummel, Court Reporter: Theresa J. Casal, Telephone number: 518-257-1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/1/2020. Redacted Transcript Deadline set for 5/11/2020. Release of Transcript Restriction set for 7/9/2020. Notice of Intent to Redact due by 4/15/2020 (tjc, ) (Entered: 04/10/2020) |
| 04/10/2020 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Telephone Conference held on 4/10/2020. Appearances by Sarah Rogers, Esq. and Bill Brewer, Esq. for Plaintiff; Debra Greenberger, Esq. and Andrew Celli, Esq. for Defendant Vullo; AAG Bill Scott and AAG Ryan Abel for Gov. Cuomo remaining defendants. The Court addresses Defendant's request for a 2 week extension of time to consider whether a Motion for reconsideration of Judge McAvoy's Order is appropriate. Plaintiff's do not object to the extension but would like Defendants to begin the process of ascertaining the scope of these documents. The Court grants the request, Dkt. no. 191, but directs defendants to begin efforts to ascertain the scope of the newly ordered documents. The Court advises parties of the status of the Special Master's progress. (Court Reporter Jacqueline Stroffolino) (tab) (Entered: 04/13/2020) |
| 04/13/2020 | 194 | TEXT ORDER granting 191 Letter Request from William A. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting Extension of Time to File Motion for Reconsideration until 4/28/2020. Authorized by Magistrate Judge Christian F. Hummel on 4/13/2020. (tab) (Entered: 04/13/2020) |
| 04/13/2020 | 195 | TEXT ORDER: The Special Master has submitted to the Court his second billing statement. The Court will provide the billing statement to the parties. The Special Masters billing is to be split equally between plaintiff and defendants. The parties will have ten days from the issuing date of this text order to file with the Court, for in camera review, objections to the Special Masters billing statement, along with any argument as to whether the billing statement need be released to the public docket. Submissions are to be limited to five pages in length. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 4/13/2020. (tab) (Entered: 04/13/2020) |
| 04/22/2020 | 196 | ORDER granting 153 Motion to File certain documents under Seal by National Rifle Association of America. Signed by Magistrate Judge Christian F. Hummel on 4/22/2020. |

| | | |
|---|---|---|
| | | (tab) Modified on 4/22/2020: Sealed documents received in chambers on 12/20/2019 (tab). (Entered: 04/22/2020) |
| 04/22/2020 | 197 | ORDER granting 163 Motion to file certain documents under Seal by Maria T. Vullo. Signed by Magistrate Judge Christian F. Hummel on 4/22/2020. (tab) Modified on 4/22/2020: Sealed documents received in chambers on 1/29/2020 (tab). (Entered: 04/22/2020) |
| 04/27/2020 | 198 | TEXT ORDER with attached Invoice of Special Master: The Court is in receipt of the 2nd fee request from the Special Master. See Dkt. No. 195. Having received no objection from either party, the Special Masters fee request is approved. The parties have thirty days to remit payment to the Special Master. The payment to be split equally between plaintiff and defendant 50% to be paid by plaintiff, and 50% to be paid by defendants. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 4/27/2020. (tab) (Entered: 04/27/2020) |
| 04/28/2020 | 199 | MOTION for Reconsideration re 188 Order on Appeal of Magistrate Judge Decision to District Court, Motion Hearing set for 6/8/2020 10:00 AM in Albany before Senior Judge Thomas J. McAvoy Response to Motion due by 5/22/2020 filed by Andrew Cuomo, The New York State Department of Financial Services. (Attachments: # 1 Memorandum of Law) (Scott, William) (Entered: 04/28/2020) |
| 05/22/2020 | 200 | RESPONSE in Opposition re 199 MOTION for Reconsideration re 188 Order on Appeal of Magistrate Judge Decision to District Court, filed by National Rifle Association of America. (Attachments: # 1 Declaration of Sarah Rogers)(Rogers, Sarah) (Entered: 05/22/2020) |
| 05/26/2020 | 201 | TEXT ORDER: The Special Master has submitted to the Court his third billing statement. The Court will provide the billing statement to the parties, directly. The Special Master's billing is to be split equally between plaintiff and defendants. The parties will have ten days from the issuing date of this text order to file with the Court, for in camera review, objections to the Special Master's billing statement, along with any argument as to whether the billing statement need be released to the public docket. Submissions are to be limited to five pages in length. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 5/26/2020. (tab) (Entered: 05/26/2020) |
| 06/01/2020 | 202 | MEMORANDUM-DECISION AND ORDER granting in part and denying in part 155 Motion for Leave to File Second Amended Complaint. Signed by Magistrate Judge Christian F. Hummel on 6/1/2020. (tab) (Entered: 06/01/2020) |
| 06/02/2020 | 203 | AMENDED COMPLAINT *SECOND AMENDED COMPLAINT* against All Defendants filed by National Rifle Association of America. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Exhibit(s) J)(Martin, Michelle) (Entered: 06/02/2020) |
| 06/03/2020 | 204 | Letter Motion from Sarah B. Rogers for National Rifle Association of America requesting Renewing Hague Discovery Motion submitted to Judge Christian F. Hummel . (Martin, Michelle) (Entered: 06/03/2020) |
| 06/05/2020 | | COURT TEXT NOTICE advising the 199 MOTION for Reconsideration will be ON SUBMIT; No appearances are necessary.(amt) (Entered: 06/05/2020) |
| 06/11/2020 | 205 | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting Extension of Time to File and Leave to File Excess Pages submitted to Judge Thomas J. McAvoy . (Greenberger, Debra) (Entered: 06/11/2020) |
| 06/12/2020 | | COURT TEXT NOTICE scheduling a hearing re: the 176 MOTION for Preliminary |

| | | Injunction. The hearing scheduled for 6/24/2020 at 10:00 AM by VIDEO before Senior Judge Thomas J. McAvoy. (amt) (Entered: 06/12/2020) |
|---|---|---|
| 06/12/2020 | 206 | TEXT ORDER granting 205 Letter Request. Authorized by Senior Judge Thomas J. McAvoy on 6/12/20. (sfp, ) (Entered: 06/12/2020) |
| 06/17/2020 | 207 | TEXT ORDER: Pursuant to this Court's November 13, 2019 Order, Dkt. No. 141, parties will have twenty-one (21) days from the date of this Text Order to submit objections relating to the Special Master's Report. Objections, if any, are to be submitted in camera. The Special Master's Report and any accompanying documentation provided to parties is to be considered CONFIDENTIAL unless and until the Court otherwise orders and may not be shared or distributed beyond the parties and counsel. SO ORDERED.Signed by Magistrate Judge Christian F. Hummel on 6/17/2020. (tab) (Entered: 06/17/2020) |
| 06/20/2020 | 208 | NOTICE of Appearance by Kevin John Bishop on behalf of The New York State Department of Financial Services (Bishop, Kevin) (Entered: 06/20/2020) |
| 06/23/2020 | 209 | NOTICE of Appearance by Marissa Benavides on behalf of Maria T. Vullo (Benavides, Marissa) (Entered: 06/23/2020) |
| 06/23/2020 | 210 | MOTION to Dismiss for Failure to State a Claim Motion Hearing set for 7/24/2020 10:00 AM in Albany before Senior Judge Thomas J. McAvoy Response to Motion due by 7/7/2020 Reply to Response to Motion due by 7/13/2020. filed by Andrew Cuomo, The New York State Department of Financial Services. (Attachments: # 1 Memorandum of Law) (Scott, William) (Entered: 06/23/2020) |
| 06/23/2020 | 211 | MOTION to Dismiss for Failure to State a Claim *and Notice of Appeal of the Grant of Plaintiff's Motion to Amend.* Motion Hearing set for 7/24/2020 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy Response to Motion due by 7/7/2020 Reply to Response to Motion due by 7/13/2020. filed by Maria T. Vullo. (Attachments: # 1 Memorandum of Law - Defendant Vullo's Combined Brief in Support of Appeal of the Grant of Plaintiff's Motion to Amend and Motion to Dismiss the Second Amended Complaint) (Celli, Andrew) (Entered: 06/23/2020) |
| 06/24/2020 | | Minute Entry for proceedings held before Senior Judge Thomas J. McAvoy; Motion Hearing held on 6/24/2020; App: S. Roger and W. Brewer, Esqs., for Plaintiff; W. Scott and D. Greenberger, Esqs., for Defts; Court Reporter: L. Tennyson; Court hears arguments from the parties re: the Plaintiff's 176 MOTION for Preliminary Injunction; Court reserves decision; Written decision will be issued. (amt) (Entered: 06/24/2020) |
| 07/01/2020 | 212 | Letter Motion from W. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting extension of time to file objections to the Special Master's Report and Recommendation No. 1 submitted to Judge Hummel . (Abel, Ryan) (Entered: 07/01/2020) |
| 07/01/2020 | 213 | TEXT ORDER GRANTING (IN PART) 212 Letter Request from W. Scott for Andrew Cuomo, The New York State Department of Financial Services requesting extension of time to file objections to the Special Master's Report and Recommendation No. 1. **ALL PARTIES now have until July 23, 2020 to file objections.** So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 7/1/2020. (tab) (Entered: 07/01/2020) |
| 07/02/2020 | 214 | Letter Motion from Sarah B. Rogers for National Rifle Association of America requesting Letter Request from S. Rogers for National Rifle Association of America requesting extension of time to file response to Motion to Dismiss submitted to Judge Thomas J. McAvoy and Christian F. Hummel *(Response to ECF 210 and ECF 211)*. (Rogers, Sarah) (Entered: 07/02/2020) |
| 07/02/2020 | 215 | RESPONSE TO LETTER BRIEF filed by Andrew Cuomo, The New York State |

| | | Department of Financial Services as to 214 Letter Request/Motion, filed by National Rifle Association of America . (Scott, William) (Entered: 07/02/2020) |
|---|---|---|
| 07/02/2020 | 216 | RESPONSE TO LETTER BRIEF filed by Maria T. Vullo as to 214 Letter Request/Motion, filed by National Rifle Association of America . (Greenberger, Debra) (Entered: 07/02/2020) |
| 07/06/2020 | 217 | TEXT ORDER granting 214 Letter Request from National Rifle Association of America requesting extension of time to file responses to Motion to Dismiss, 210 MOTION to Dismiss for Failure to State a Claim , 211 MOTION to Dismiss for Failure to State a Claim *and Notice of Appeal of the Grant of Plaintiff's Motion to Amend.* : Motion Hearing is reset for 8/10/2020 @ 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy. Responses to Motions due by 7/13/2020 and Replies to Response to Motions due by 7/27/2020. Authorized by Senior Judge Thomas J. McAvoy on 7/6/2020. (tab) (Entered: 07/06/2020) |
| 07/13/2020 | 218 | DECISION & ORDER - Plaintiff's 176 motion for a preliminary injunction staying the New York State Department of Financial Services administrative hearing to determine whether Plaintiff violated various provisions of the New York Insurance Law is **DENIED**. Signed by Senior Judge Thomas J. McAvoy on 7/13/2020. (jel, ) (Entered: 07/13/2020) |
| 07/13/2020 | 219 | RESPONSE in Opposition re 210 MOTION to Dismiss for Failure to State a Claim filed by National Rifle Association of America. (Rogers, Sarah) (Entered: 07/13/2020) |
| 07/13/2020 | 220 | RESPONSE in Opposition re 211 MOTION to Dismiss for Failure to State a Claim *and Notice of Appeal of the Grant of Plaintiff's Motion to Amend.* filed by National Rifle Association of America. (Rogers, Sarah) (Entered: 07/13/2020) |
| 07/14/2020 | 221 | Letter Motion from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting Rule 26 conference to request stay of discovery submitted to Judge Christian F. Hummel . (Abel, Ryan) (Entered: 07/14/2020) |
| 07/14/2020 | 222 | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting Rule 26 conference to request stay of discovery submitted to Judge Christian F. Hummel . (Greenberger, Debra) (Entered: 07/14/2020) |
| 07/14/2020 | 223 | TEXT ORDER re 222 Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting Rule 26 conference to request stay of discovery and, 221 Letter Motion from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting Rule 26 conference to request stay of discovery . Plaintiff is directed to file a response to Defendant's Dkt No. 221, and Dkt. No. 222 on or before close of business on 7/17/2020. A Telephone Conference has been set for Monday, 7/20/2020 @ 11:30 AM. The parties' time to respond to the Special Masters first Report is STAYED pending the conference on 7/20/2020. This Court conference will be conducted telephonically and the parties are directed to dial in at 1-888-684-8852, enter Access code 9772719#, and use Security code 1234# to join the call. Authorized by Magistrate Judge Christian F. Hummel on 7/14/2020. (tab) (Entered: 07/14/2020) |
| 07/16/2020 | 224 | TEXT ORDER with attached Invoice of Special Master: The Court is in receipt of the 3rd fee request from the Special Master. See Dkt. No. 201. Having received no objection from either party, the Special Masters fee request is approved. The parties have thirty days to remit payment to the Special Master. The payment to be split equally between plaintiff and defendant 50% to be paid by plaintiff, and 50% to be paid by defendants. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 7/16/2020. (tab) (Entered: 07/16/2020) |
| 07/17/2020 | 225 | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to |

| | | |
|---|---|---|
| | | [222](#) Letter Request/Motion filed by Maria T. Vullo, [221](#) Letter Request/Motion filed by The New York State Department of Financial Services, Andrew Cuomo . (Rogers, Sarah) (Entered: 07/17/2020) |
| 07/20/2020 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Telephone Conference held on 7/20/2020 by telephone. Appearances by Sarah Rogers, Esq. and Michelle Martin, Esq. for Plaintiff; AAG William Scott and AAG Ryan Abel for State Defts; Debra Greenberger, Esq. and Andrew Celli, Esq. for Deft. Vullo. Parties are heard on issue of staying discovery pending decisions on various pending motions before the Court. Judge Hummel advises parties that the Court is in receipt of and is reviewing the Special Master's 2nd Report and Recommendation and that Report will be provided to parties by week's end. In light of the Special Master's 2nd report being completed, parties are given until close of business on 7/21/2020 to file a letter to the Court, indicating their client's position on the stay request. (Court Reporter Jacqueline Stroffolino) (tab) (Entered: 07/21/2020) |
| 07/21/2020 | [226](#) | Letter Motion from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting stay of discovery pending dispositive motions submitted to Judge Christian F. Hummel . (Abel, Ryan) (Entered: 07/21/2020) |
| 07/21/2020 | [227](#) | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to [222](#) Letter Request/Motion filed by Maria T. Vullo, [221](#) Letter Request/Motion filed by The New York State Department of Financial Services, Andrew Cuomo *In opposition to Defendants Request for Stay of Discovery*. (Rogers, Sarah) (Entered: 07/21/2020) |
| 07/21/2020 | [228](#) | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting temporary stay of discovery in this matter submitted to Judge Hon. Christian F. Hummel . (Greenberger, Debra) (Entered: 07/21/2020) |
| 07/22/2020 | 229 | TEXT ORDER: Parties are being provided with the Special Masters second Report and Recommendation directly, and in the same manner as the first Report and Recommendation. Pursuant to this Court's November 13, 2019 Order, Dkt. No. 141, the Special Master's Report and any accompanying documentation provided to parties is to be considered CONFIDENTIAL unless and until the Court otherwise orders and may not be shared or distributed beyond the parties and counsel. **The deadline for parties to submit objections to the Special Masters first and second Report and Recommendation will be set by the Court in a written Order to be issued.** Objections, if any, are to be submitted *in camera*. SO ORDERED. Authorized by Magistrate Judge Christian F. Hummel on 7/22/2020. (tab) (Entered: 07/22/2020) |
| 07/24/2020 | [230](#) | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting Leave to File Excess Pages submitted to Judge Christian F. Hummel . (Greenberger, Debra) (Entered: 07/24/2020) |
| 07/24/2020 | 231 | TEXT ORDER granting [230](#) Letter Request from Debra L. Greenberger for Maria T. Vullo requesting Leave to File Excess Pages. Authorized by Magistrate Judge Christian F. Hummel on 7/24/2020. (tab) (Entered: 07/24/2020) |
| 07/27/2020 | [232](#) | REPLY to Response to Motion re [210](#) MOTION to Dismiss for Failure to State a Claim filed by Andrew Cuomo, The New York State Department of Financial Services. (Scott, William) (Entered: 07/27/2020) |
| 07/27/2020 | [233](#) | REPLY to Response to Motion re [211](#) MOTION to Dismiss for Failure to State a Claim *and Notice of Appeal of the Grant of Plaintiff's Motion to Amend.* filed by Maria T. Vullo. (Celli, Andrew) (Entered: 07/27/2020) |
| 07/28/2020 | [234](#) | ORDER - Defendants' request for a stay of discovery between the parties (Dkt. Nos. 221, 222, 226, and 228), is **GRANTED** to the extent that such discovery is stayed until |

| | | |
|---|---|---|
| | | September 30, 2020. The Court will schedule a telephone conference at that time to address the issue of discovery between the parties. The parties are directed to file any objections to the Special Master's First Report *in camera* by August 17, 2020. The parties are directed to file any objections to the Special Master's Second Report *in camera* by September 14, 2020. The Court continues to be concerned about the pace of this litigation and the extraordinary legal and other expenses being incurred by each of the parties. The Court strongly urges the parties to see if this matter may be resolved by way of settlement. The Court is available at any time to assist the parties in such efforts. Signed by Magistrate Judge Christian F. Hummel on 7/28/2020. (jel, ) (Entered: 07/28/2020) |
| 07/30/2020 | 235 | COURT NOTICE of Conference: A Telephone Status Conference (re: stay of discovery) has been set for Wednesday, 10/7/2020 @ 11:00 AM before Magistrate Judge Christian F. Hummel. This Court conference will be conducted telephonically and the parties are directed to dial in at 1-888-684-8852, enter Access code 9772719 #, and use Security code 1234# to join the call.(tab) (Entered: 07/30/2020) |
| 07/31/2020 | 236 | Letter Motion from Michelle J. Martin for National Rifle Association of America requesting Pre-Motion Conference and Renewing Hague Discovery Motion submitted to Judge Christian F. Hummel . (Martin, Michelle) (Entered: 07/31/2020) |
| 08/03/2020 | 237 | TEXT ORDER re 236 Letter Motion from Michelle J. Martin for National Rifle Association of America requesting Pre-Motion Conference and Renewing Hague Discovery Motion submitted to Judge Christian F. Hummel **Defendants are directed to file a response to Dkt. No. 236 by 8/7/2020**. A Telephone Discovery Hearing has been set for Monday, 8/10/2020 @ 11:00 AM. Parties are directed to dial in at 1-888-684-8852, enter access code 9772719# and security code 1234# to join the call. Authorized by Magistrate Judge Christian F. Hummel on 8/3/2020. (tab) (Entered: 08/03/2020) |
| 08/04/2020 | 238 | TEXT ORDER: The Special Master has submitted to the Court his fourth billing statement. The Court will provide the billing statement to the parties, directly. The Special Master's billing is to be split equally between plaintiff and defendants. The parties will have ten days from the issuing date of this text order to file with the Court, for in camera review, objections to the Special Master's billing statement, along with any argument as to whether the billing statement need be released to the public docket. Submissions are to be limited to five pages in length. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 8/4/2020. (tab) (Entered: 08/04/2020) |
| 08/07/2020 | | COURT TEXT NOTICE advising the 210 and 211 Motions, currently returnable before Senior Judge McAvoy on 8/10/2020, will be ON SUBMIT; No appearances are necessary. (amt) (Entered: 08/07/2020) |
| 08/07/2020 | 239 | RESPONSE TO LETTER BRIEF filed by Andrew Cuomo, The New York State Department of Financial Services as to 236 Letter Request/Motion filed by National Rifle Association of America . (Scott, William) (Entered: 08/07/2020) |
| 08/07/2020 | 240 | RESPONSE TO LETTER BRIEF filed by Maria T. Vullo as to 236 Letter Request/Motion filed by National Rifle Association of America . (Greenberger, Debra) (Entered: 08/07/2020) |
| 08/10/2020 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Pre-Motion/Discovery Hearing held on 8/10/2020 by telephone. Appearances by Sarah Rogers, Esq. and Michelle Martin, Esq. for Plaintiff; AAG William Scott and AAG Ryan Abel, for State/Cuomo Defendants; Debra Greenberger, Esq. and Andrew Celli, Esq. for Defendant Vullo. Arguments are heard on Plaintiff's request @ Dkt. no 236 and in regard to what discovery can/should continue. Plaintiff is permitted to file a motion by 8/17/2020; Defendant's response to be filed by 9/7/2020. (Court Reporter Theresa Casal) (tab) (Entered: 08/11/2020) |

| 08/11/2020 | 241 | TEXT ORDER granting [236](#) Letter Request from Michelle J. Martin for National Rifle Association of America requesting Pre-Motion Conference: A Court Conference was held on 8/10/2020, and as directed in that conference: Plaintiff is permitted to file a renewed motion to compel third-party Everytown For Gun Safety (Everytown) to comply with a subpoena that the NRA issued on January 28, 2019; renew the NRAs motion for the issuance of Letters of Request for International Judicial Assistance to compel the production of documents by, and the taking of depositions of, the Corporation of Lloyds (Lloyds) and certain of its Managing Agents, and to renew its previously-filed motion to commence the Hague process with respect to key Lloyds entities. Motion to be filed by 8/17/2020. Defendant's response deadline is set for 9/7/2020. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 8/11/2020. (tab) (Entered: 08/11/2020) |
|---|---|---|
| 08/13/2020 | [242](#) | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 8/10/2020 before Judge Christian F. Hummel.. (Attachments: # [1](#) FORM AO 435)(Martin, Michelle) (Entered: 08/13/2020) |
| 08/13/2020 | [243](#) | TRANSCRIPT REQUEST dated August 12, 2020 from Caroline H. Zalka, Esq., for proceedings held on August 10, 2020 before Magistrate Judge Christian F. Hummel. (jel, ) (Entered: 08/13/2020) |
| 08/17/2020 | [244](#) | TRANSCRIPT of Proceedings: Teleconference held on August 10, 2020 before Judge Christian F. Hummel, Court Reporter: Theresa J. Casal, Telephone number: 518-257-1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2020. Redacted Transcript Deadline set for 9/17/2020. Release of Transcript Restriction set for 11/16/2020. Notice of Intent to Redact due by 8/24/2020 (tjc, ) (Entered: 08/17/2020) |
| 08/17/2020 | [245](#) | CERTIFICATE OF SERVICE by National Rifle Association of America *of Plaintiff's Objections to Special Master's First Report and Recommendation* (Martin, Michelle) (Entered: 08/17/2020) |
| 08/17/2020 | [246](#) | MOTION for Issuance of Letters Rogatory *Renewed Motion for Issuance of Letters of Request* filed by National Rifle Association of America. (Attachments: # [1](#) Memorandum of Law) (Martin, Michelle) (Entered: 08/17/2020) |
| 08/18/2020 | [247](#) | TEXT ORDER with attached Invoice of Special Master: The Court is in receipt of the 4th fee request from the Special Master. See Dkt. No. 238. Having received no objection from either party, the Special Masters fee request is approved. The parties have thirty days to remit payment to the Special Master. The payment to be split equally between plaintiff and defendant 50% to be paid by plaintiff, and 50% to be paid by defendants. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 8/18/2020. (tab) (Entered: 08/18/2020) |
| 08/19/2020 | [248](#) | Letter Motion from Sarah B. Rogers for National Rifle Association of America requesting an extension of time to file motion to compel submitted to Judge Christian F. Hummel . (Rogers, Sarah) (Entered: 08/19/2020) |
| 08/20/2020 | 249 | TEXT ORDER granting [248](#) Letter Request for an extension of time to file a renewed |

| | | motion to compel third-party Everytown For Gun Safety (Everytown) to comply with a subpoena that the NRA issued on January 28, 2019: Motion to Compel to be filed by 8/27/2020; Response deadline is set for 9/17/2020 and any reply will be due by 9/28/2020. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 8/20/2020. (tab) (Entered: 08/20/2020) |
|---|---|---|
| 08/25/2020 | 250 | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting Pre-Motion Conference submitted to Judge Hummel . (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C, # 4 Attachment D)(Greenberger, Debra) (Entered: 08/25/2020) |
| 08/27/2020 | 251 | NOTICE of MOTION TO COMPEL by National Rifle Association of America *Motion to Compel Everytown for Gun Safety to Comply with Subpoena* (Attachments: # 1 Declaration Michelle J. Martin, # 2 Exhibit(s) 1, # 3 Exhibit(s) 2, # 4 Exhibit(s) 3, # 5 Exhibit(s) 4, # 6 Exhibit(s) 5, # 7 Exhibit(s) 6, # 8 Exhibit(s) 7, # 9 Exhibit(s) 8, # 10 Exhibit(s) 9, # 11 Exhibit(s) 10, # 12 Exhibit(s) 11, # 13 Exhibit(s) 12, # 14 Exhibit(s) 13, # 15 Exhibit(s) 14, # 16 Exhibit(s) 15, # 17 Exhibit(s) 16, # 18 Exhibit(s) 17, # 19 Exhibit(s) 18, # 20 Exhibit(s) 19, # 21 Exhibit(s) 20, # 22 Exhibit(s) 21, # 23 Exhibit(s) 22, # 24 Exhibit(s) 23, # 25 Exhibit(s) 24, # 26 Exhibit(s) 25, # 27 Memorandum of Law) (Rogers, Sarah) Modified on 8/28/2020 to set gavel and indicate this filing as a pending motion (tab). (Entered: 08/27/2020) |
| 08/28/2020 | 252 | TEXT ORDER granting 250 Letter Request from Debra L. Greenberger for Maria T. Vullo requesting Pre-Motion Conference. Parties are directed to file a Response to Defendant Vullo's Dkt. no. 250 by 9/4/2020. A Pre-Motion Filing Telephone Conference has been set for Wednesday, 9/9/2020 @ 11:00 AM. Parties are directed to dial in at 1-888-684-8852, enter access code 9772719# and security code 1234# to join the call. Signed by Magistrate Judge Christian F. Hummel on 8/28/2020. (tab) (Entered: 08/28/2020) |
| 08/31/2020 | 253 | TRANSCRIPT REQUEST by Maria T. Vullo for proceedings held on August 10, 2020 before Judge - Magistrate Judge Christian F. Hummel.. (Greenberger, Debra) (Entered: 08/31/2020) |
| 09/03/2020 | 254 | NOTICE of Appearance by David Yohai on behalf of Everytown for Gun Safety (Yohai, David) (Entered: 09/03/2020) |
| 09/03/2020 | 255 | Letter Motion from David Yohai for Everytown for Gun Safety requesting an Order setting its deadline to respond to the Motion to Compel to October 1, 2020 submitted to Judge Christian F. Hummel . (Yohai, David) (Entered: 09/03/2020) |
| 09/04/2020 | 256 | TEXT ORDER granting 255 Letter Request from David Yohai for Everytown for Gun Safety requesting an Order setting its deadline to respond to the Motion to Compel to October 1, 2020. 251 MOTION to Compel : Response to Motion due by 10/1/2020; Reply to Response to Motion due by 10/13/2020. Authorized by Magistrate Judge Christian F. Hummel on 9/4/2020. (tab) (Entered: 09/04/2020) |
| 09/04/2020 | 257 | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to 252 Order on Letter Request, *from Debra L. Greenberger for Maria T. Vullo requesting Pre-Motion Conference*. (Martin, Michelle) (Entered: 09/04/2020) |
| 09/08/2020 | 258 | RESPONSE in Opposition re 246 MOTION for Issuance of Letters Rogatory *Renewed Motion for Issuance of Letters of Request* filed by Andrew Cuomo, The New York State Department of Financial Services. (Scott, William) (Entered: 09/08/2020) |
| 09/08/2020 | 259 | RESPONSE in Opposition re 246 MOTION for Issuance of Letters Rogatory *Renewed Motion for Issuance of Letters of Request* filed by Maria T. Vullo. (Greenberger, Debra) (Entered: 09/08/2020) |

| 09/09/2020 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Pre-Motion Conference held on 9/9/2020 by telephone. Appearances by Sarah Rogers, Esq. and Michele Martin, Esq. for Plaintiff; AAG William Scott for Cuomo Defendants; Debra Greenberger, Esq. Andrew Celli, Esq. and Marissa Benavides, Esq. for Defendant Vullo. The discovery issues are set forth and all parties are heard. The Court advises parties that as the Stay of Discovery expires on 9/30/2020, Defendant Vullo can file a Motion to Compel anytime after 9/30/2020 and Plaintiff NRA can file discovery demands after 9/30/2020. (Court Reporter Lisa Tennyson) (tab) (Entered: 09/10/2020) |
|---|---|---|
| 09/10/2020 | 260 | TRANSCRIPT REQUEST by Maria T. Vullo for proceedings held on September 9, 2020 before Judge - Magistrate Judge Christian F. Hummel.. (Attachments: # 1 Transcript Order Form AO 435)(Greenberger, Debra) (Entered: 09/10/2020) |
| 09/11/2020 | 261 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 9/9/2020 before Judge Christian F. Hummel.. (Attachments: # 1 ao435 form) (Martin, Michelle) (Entered: 09/11/2020) |
| 09/14/2020 | 262 | CERTIFICATE OF SERVICE by National Rifle Association of America *Certificate of Mailing of Plaintiffs Objections to Special Master's Second Report and Recommendation* (Rogers, Sarah) (Entered: 09/14/2020) |
| 09/15/2020 | 263 | MOTION to Withdraw as Attorney - *Elizabeth S. Saylor* filed by Maria T. Vullo. (Attachments: # 1 Affirmation in Support of Motion to Withdraw Appearance) Motions referred to Christian F. Hummel. (Saylor, Elizabeth) (Entered: 09/15/2020) |
| 09/18/2020 | 264 | TEXT ORDER granting 263 Motion to Withdraw as Attorney. Attorney Elizabeth S. Saylor terminated. Authorized by Magistrate Judge Christian F. Hummel on 9/18/2020. (tab) (Entered: 09/18/2020) |
| 09/18/2020 | 265 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 7/20/2020 before Judge Christian F. Hummel.. (Attachments: # 1 FORM AO 435)(Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 266 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 6/24/2020 before Judge Thomas J. McAvoy.. (Attachments: # 1 FORM AO 435) (Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 267 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 4/10/2020 before Judge Christian F. Hummel.. (Attachments: # 1 FORM AO 435)(Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 268 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 11/25/2019 before Judge Christian F. Hummel.. (Attachments: # 1 FORM AO 435)(Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 269 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 10/22/2019 before Judge Christian F. Hummel.. (Attachments: # 1 FORM AO 435)(Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 270 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 10/2/2019 before Judge Christian F. Hummel.. (Attachments: # 1 FORM AO 435)(Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 271 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 3/8/2019 before Judge Christian F. Hummel.. (Attachments: # 1 FORM AO 435) (Martin, Michelle) (Entered: 09/18/2020) |
| 09/18/2020 | 272 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 7/12/2018 before Judge Thomas J. McAvoy.. (Attachments: # 1 FORM AO 435) |

| 09/29/2020 | [273](#) | MOTION for Limited Admission Pro Hac Vice of Jonathan D. Polkes Filing fee $100, receipt number ANYNDC-5260599. filed by Everytown for Gun Safety. (Attachments: # [1](#) Sponsor Declaration of David Yohai, # [2](#) Petition for PHV, # [3](#) Attachment to Petition for Additional Admissions, # [4](#) SDNY Certificate of Good Standing, # [5](#) Proposed Order, # [6](#) ECF Attorney Registration Form) Motions referred to Christian F. Hummel. (Yohai, David) (Entered: 09/29/2020) |
|---|---|---|
| 09/29/2020 | [274](#) | TRANSCRIPT of Proceedings: Telephone Conference held on 7/12/2018 before Judge Thomas J. McAvoy, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2020. Redacted Transcript Deadline set for 10/30/2020. Release of Transcript Restriction set for 12/28/2020. Notice of Intent to Redact due by 10/5/2020 (jxs, ) (Entered: 09/29/2020) |
| 09/29/2020 | [275](#) | TRANSCRIPT of Proceedings: Telephone Conference held on 3/8/2019 before Judge Christian F. Hummel, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2020. Redacted Transcript Deadline set for 10/30/2020. Release of Transcript Restriction set for 12/28/2020. Notice of Intent to Redact due by 10/5/2020 (jxs, ) (Entered: 09/29/2020) |
| 09/29/2020 | [276](#) | TRANSCRIPT of Proceedings: Telephone Conference held on 10/22/2019 before Judge Christian F. Hummel, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2020. Redacted Transcript Deadline set for 10/30/2020. Release of Transcript |

| | | Restriction set for 12/28/2020. Notice of Intent to Redact due by 10/5/2020 (jxs, ) (Entered: 09/29/2020) |
|---|---|---|
| 09/29/2020 | [277](#) | TRANSCRIPT of Proceedings: Telephone Conference held on 4/10/2020 before Judge Christian F. Hummel, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2020. Redacted Transcript Deadline set for 10/30/2020. Release of Transcript Restriction set for 12/28/2020. Notice of Intent to Redact due by 10/5/2020 (jxs, ) (Entered: 09/29/2020) |
| 09/29/2020 | [278](#) | TRANSCRIPT of Proceedings: Telephone Conference held on 7/20/2020 before Judge Christian F. Hummel, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2020. Redacted Transcript Deadline set for 10/30/2020. Release of Transcript Restriction set for 12/28/2020. Notice of Intent to Redact due by 10/5/2020 (jxs, ) (Entered: 09/29/2020) |
| 09/30/2020 | | **Notice of Filing Deficiency** re: [273](#) Motion for Limited Admission Pro Hac Vice Jonathan D. Polkes. Pursuant to LR 83.1(d), the sponsor and/or applicant **MUST** provide the following required documents: Petition for Admission to Practice form published by the Court 12/2019. The corrected documents should be electronically filed with the Court by selecting the 'Supplemental Admission documents' event, which is found under the 'Other Documents' menu. Once all requirements under LR 83.1(d) have been met, the motion will be forwarded to the assigned Magistrate Judge for consideration. (tad, ) (Entered: 09/30/2020) |
| 09/30/2020 | [279](#) | Supplemental Admission documents re: [273](#) Motion for Limited Admission Pro Hac Vice,. (Yohai, David) (Entered: 09/30/2020) |
| 09/30/2020 | [280](#) | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting permission to file a Rule 26 motion for a protective order staying discovery until the Court resolves Ms. Vullo's motion to dismiss. submitted to Judge Christian F. Hummel . (Greenberger, Debra) (Entered: 09/30/2020) |
| 09/30/2020 | [281](#) | MOTION for Limited Admission Pro Hac Vice of Caroline Hickey Zalka Filing fee $100, receipt number ANYNDC-5262198. filed by Everytown for Gun Safety. (Attachments: # [1](#) Sponsor Declaration of David Yohai, # [2](#) Petition for PHV, # [3](#) Petition for Admission to Practice, # [4](#) Attachment to Petition for Additional Admissions, # [5](#) |

| | | SDNY Certificate of Good Standing, # 6 Proposed Order, # 7 ECF Attorney Registration Form) Motions referred to Christian F. Hummel. (Yohai, David) (Entered: 09/30/2020) |
|---|---|---|
| 09/30/2020 | 282 | TEXT ORDER denying as moot the 177 Letter Motion. Authorized by Senior Judge Thomas J. McAvoy on 9/30/2020. (amt) (Entered: 09/30/2020) |
| 09/30/2020 | 283 | TRANSCRIPT of Proceedings: Pre-motion Teleconference held on September 9, 2020, before Judge Christian F. Hummel, Court Reporter: Lisa L. Tennyson, Telephone number: (518) 257-1823. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/21/2020. Redacted Transcript Deadline set for 11/2/2020. Release of Transcript Restriction set for 12/29/2020. Notice of Intent to Redact due by 10/5/2020 (lt, ) (Entered: 09/30/2020) |
| 09/30/2020 | 284 | TEXT ORDER granting 273 Motion for Limited Admission Pro Hac Vice for Jonathan D. Polkes, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 9/30/2020. (tab) (Entered: 09/30/2020) |
| 10/01/2020 | 285 | TEXT ORDER granting 281 Motion for Limited Admission Pro Hac Vice of Caroline Hickey Zalka, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 10/1/2020. (tab) (Entered: 10/01/2020) |
| 10/01/2020 | 286 | TRANSCRIPT of Proceedings: Conference held on October 2, 2019 before Judge Christian F. Hummel, Court Reporter: Theresa J. Casal, Telephone number: 518-257-1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/22/2020. Redacted Transcript Deadline set for 11/2/2020. Release of |

| | | |
|---|---|---|
| | | Transcript Restriction set for 12/30/2020. Notice of Intent to Redact due by 10/6/2020 (tjc, ) (Entered: 10/01/2020) |
| 10/01/2020 | [287](#) | TRANSCRIPT of Proceedings: Teleconference held on November 25, 2019 before Judge Christian F. Hummel, Court Reporter: Theresa J. Casal, Telephone number: 518-257-1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/22/2020. Redacted Transcript Deadline set for 11/2/2020. Release of Transcript Restriction set for 12/30/2020. Notice of Intent to Redact due by 10/6/2020 (tjc, ) (Entered: 10/01/2020) |
| 10/01/2020 | [288](#) | NOTICE of Appearance by Jonathan D. Polkes on behalf of Everytown for Gun Safety (Polkes, Jonathan) (Entered: 10/01/2020) |
| 10/01/2020 | [289](#) | RESPONSE in Opposition re [251](#) MOTION to Compel filed by Andrew Cuomo, The New York State Department of Financial Services. (Scott, William) (Entered: 10/01/2020) |
| 10/01/2020 | [290](#) | RESPONSE in Opposition re [251](#) MOTION to Compel filed by Everytown for Gun Safety. (Attachments: # [1](#) Declaration of Eric Tirschwell, # [2](#) Declaration of Caroline Hickey Zalka, # [3](#) Declaration of Jenna R. Harris)(Polkes, Jonathan) (Entered: 10/01/2020) |
| 10/01/2020 | [291](#) | RESPONSE in Opposition re [251](#) MOTION to Compel filed by Maria T. Vullo. (Greenberger, Debra) (Entered: 10/01/2020) |
| 10/02/2020 | 292 | TEXT ORDER re [280](#) Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting permission to file a Rule 26 motion for a protective order staying discovery until the Court resolves Ms. Vullo's motion to dismiss. Parties are directed to file a response to Defendant Vullo's Dkt. No. 280 letter motion by close of business, 10/6/2020 and to be prepared to discuss the topic at the October 7th conference. Authorized by Magistrate Judge Christian F. Hummel on 10/2/2020. (tab) (Entered: 10/02/2020) |
| 10/05/2020 | [293](#) | MOTION to Compel *Plaintiff's Interrogatory Answers.* Motion Hearing set for 11/19/2020 09:30 AM in Albany before Magistrate Judge Christian F. Hummel Response to Motion due by 11/2/2020 filed by Maria T. Vullo. (Attachments: # [1](#) Memorandum of Law - Defendant Vullo's Brief in Support of Motion to Compel Plaintiff's Interrogatory Answers, # [2](#) Exhibit(s) A - March 2019 Pl.'s Resp. & Obj. Defs.' Interrogatories, # [3](#) Exhibit(s) B - March 11, 2020 and April 1, 2020 Emails, # [4](#) Exhibit(s) C - April 16, 2020 Pl.'s Supp. Resp. & Obj., # [5](#) Exhibit(s) D - Pl. Resp. to Def. Vullo May 1, 2020 Letter, # [6](#) Exhibit(s) E - Pl. Resp. & Obj. Def. Vullo's Second Set of Interrogatories) Motions referred to Christian F. Hummel. (Celli, Andrew) (Entered: 10/05/2020) |
| 10/06/2020 | [294](#) | Letter Motion from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting permission to join Rule 26 motion by Defendant Vullo submitted to Judge Christian F. Hummel . (Abel, Ryan) (Entered: 10/06/2020) |
| 10/06/2020 | [295](#) | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to [280](#) Letter Request/Motion, filed by Maria T. Vullo . (Martin, Michelle) (Entered: |

Case 21-636, Document 47, 04/05/2021, 3070480, Page48 of 96

| | | 10/06/2020) |
|---|---|---|
| 10/07/2020 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Status Conference held on 10/7/2020 by telephone. Appearances by Sarah Rogers, Esq. and Michele Martin, Esq. for Plaintiff; AAG William Scott for Cuomo Defendants; Debra Greenberger, Esq. Andrew Celli, Esq. The Court hears arguments from all parties regarding Deft. Vullo's request to file a Rule 26 motion for a protective order staying discovery until the Court resolves Ms. Vullo's motion to dismiss and Deft Cuomo's request to join on that motion. Defendants are permitted to file that motion by 10/19/2020. Plaintiff is directed to respond by 11/3/2020. The Court directs that no depositions are to be taken until there is a decision on this anticipated motion. The Court indicates that the motion will be addressed by chambers out of order and expedited. (Court Reporter Jacqueline Stroffolino) (tab) (Entered: 10/13/2020) |
| 10/09/2020 | [296](#) | Letter Motion from Michelle J. Martin for National Rifle Association of America requesting permission to file reply brief in support of the NRAs Motion to Compel Everytown For Gun Safety to comply with non-party subpoena in excess of 10 pages submitted to Judge Christian F. Hummel . (Martin, Michelle) (Entered: 10/09/2020) |
| 10/13/2020 | [297](#) | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 10/7/2020 before Judge Christian F. Hummel.. (Attachments: # [1](#) FORM AO 435)(Martin, Michelle) (Entered: 10/13/2020) |
| 10/13/2020 | 298 | TEXT ORDER granting [296](#) Letter Request from Michelle J. Martin for National Rifle Association of America requesting permission to file reply brief in support of the NRAs Motion to Compel Everytown For Gun Safety to comply with non-party subpoena in excess of 10 pages. Authorized by Magistrate Judge Christian F. Hummel on 10/13/2020. (tab) (Entered: 10/13/2020) |
| 10/13/2020 | 299 | TEXT ORDER re [280](#) Letter requesting permission to file a Rule 26 motion for a protective order staying discovery until the Court resolves Ms. Vullo's motion to dismiss and [294](#) Letter Request from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting permission to join Rule 26 motion by Defendant Vullo. Motions are to be filed by 10/19/2020 and Responses are due by 11/3/2020, as was directed during the 10/7/2020 court conference. Authorized by Magistrate Judge Christian F. Hummel on 10/13/2020. (tab) (Entered: 10/13/2020) |
| 10/13/2020 | [300](#) | REPLY to Response to Motion re [251](#) MOTION to Compel *Everytown for Gun Safety to Comply with Non-Party Subpoena* filed by National Rifle Association of America. (Attachments: # [1](#) Declaration Of John Canoni in Support of Motion to Compel)(Rogers, Sarah) (Entered: 10/13/2020) |
| 10/19/2020 | [301](#) | TRANSCRIPT of Proceedings: Telephone Conference held on 10/7/2020 before Judge Christian F. Hummel, Court Reporter: Jacqueline Stroffolino, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/9/2020. Redacted Transcript Deadline set for 11/19/2020. Release of Transcript Restriction set for 1/19/2021. Notice of Intent to Redact due by 10/26/2020 (jxs, ) (Entered: 10/19/2020) |

| 10/19/2020 | [302](#) | MOTION for Protective Order *staying discovery during pendency of Defendants' motion to dismiss the Second Amended Complaint* Motion Hearing set for 11/19/2020 09:30 AM in Albany before Magistrate Judge Christian F. Hummel Response to Motion due by 11/2/2020 filed by Andrew Cuomo, The New York State Department of Financial Services. (Attachments: # [1](#) Affirmation, # [2](#) Memorandum of Law) Motions referred to Christian F. Hummel. (Abel, Ryan) (Entered: 10/19/2020) |
| --- | --- | --- |
| 10/19/2020 | [303](#) | MOTION to Stay *Discovery.* Motion Hearing set for 11/19/2020 09:30 AM in Albany before Magistrate Judge Christian F. Hummel Response to Motion due by 11/2/2020 filed by Maria T. Vullo. (Attachments: # [1](#) Memorandum of Law - Defendant Vullo's Brief in Support of Motion to Stay Discovery) Motions referred to Christian F. Hummel. (Celli, Andrew) (Entered: 10/19/2020) |
| 10/29/2020 | [304](#) | Letter Motion from Michelle J. Martin for National Rifle Association of America requesting extension of the deadline to file response to Defendant Maria T. Vullos Motion to Compel Plaintiffs Interrogatory Answers submitted to Judge Christian F. Hummel . (Martin, Michelle) (Entered: 10/29/2020) |
| 11/02/2020 | 305 | TEXT ORDER: Plaintiff NRA's letter request (Dkt. No. 304) seeking an extension of time to respond to defendant Vullo's Motion to Compel is GRANTED. Plaintiff is permitted a one week extension. The response is due by November 9, 2020. So Ordered. Authorized by Magistrate Judge Christian F. Hummel on 11/2/20. (Entered: 11/02/2020) |
| 11/03/2020 | [306](#) | RESPONSE in Opposition re [302](#) MOTION for Protective Order *staying discovery during pendency of Defendants' motion to dismiss the Second Amended Complaint*, [303](#) MOTION to Stay *Discovery.* filed by National Rifle Association of America. (Martin, Michelle) (Entered: 11/03/2020) |
| 11/09/2020 | [307](#) | RESPONSE in Opposition re [293](#) MOTION to Compel *Plaintiff's Interrogatory Answers.* filed by National Rifle Association of America. (Rogers, Sarah) (Entered: 11/09/2020) |
| 11/11/2020 | [308](#) | Letter Motion from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting leave to file reply on Defendants' motion for a stay of discovery submitted to Judge Christian F. Hummel . (Abel, Ryan) (Entered: 11/11/2020) |
| 11/11/2020 | [309](#) | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to [308](#) Letter Request/Motion, filed by The New York State Department of Financial Services, Andrew Cuomo . (Martin, Michelle) (Entered: 11/11/2020) |
| 11/15/2020 | 310 | TEXT ORDER denying [308](#) Letter Motion from R. Abel for Andrew Cuomo, The New York State Department of Financial Services requesting leave to file reply on Defendants' motion for a stay of discovery. Authorized by Magistrate Judge Christian F. Hummel on 11/15/2020. (tab) (Entered: 11/15/2020) |
| 11/16/2020 | 311 | COURT NOTICE regarding Hearing on Motions: [293](#) MOTION to Compel *Plaintiff's Interrogatory Answers*, [302](#) MOTION for Protective Order *staying discovery during pendency of Defendants' motion to dismiss the Second Amended Complaint*, [303](#) MOTION to Stay *Discovery* : **Motions will be considered fully briefed as of 11/19/2020 before Magistrate Judge Christian F. Hummel. These motions will be taken ON SUBMIT with no oral argument being scheduled at this time. No appearances in person or by telephone are scheduled for 11/19/2020.** (tab) (Entered: 11/16/2020) |
| 11/23/2020 | [312](#) | LETTER BRIEF *to supplement Ms. Vullo's pending motion to dismiss (Dkt. 211) to draw the Court's attention to the Plaintiff NRA's recent entry into a Consent Order with the Department of Financial Services* by Maria T. Vullo. (Attachments: # [1](#) Exhibit(s) 1 - Consent Order)(Celli, Andrew) (Entered: 11/23/2020) |

| 12/01/2020 | [313](#) | RESPONSE TO LETTER BRIEF filed by National Rifle Association of America as to [312](#) LETTER BRIEF, filed by Maria T. Vullo . (Rogers, Sarah) (Entered: 12/01/2020) |
|---|---|---|
| 12/14/2020 | [314](#) | MEMORANDUM-DECISION and ORDER - That defendant Department of Financial Services and defendant Governor Andrew Cuomo's [302](#) motion for a protective order staying discovery pending the Court's consideration of their motion to dismiss is **GRANTED**. That defendant Maria T. Vullo's [303](#) Motion for a protective order staying discovery pending the Court's consideration of her motion to dismiss is **GRANTED**. That all discovery in this case is **STAYED** pending the District Judge's decision on the pending motions to dismiss, dkt. nos. 210, 211. **IT IS SO ORDERED**. Signed by Magistrate Judge Christian F. Hummel on 12/14/2020. (jel, ) (Entered: 12/14/2020) |
| 12/28/2020 | [315](#) | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by National Rifle Association of America re [314](#) Order on Motion for Protective Order,,, Order on Motion to Stay,, Motion Hearing set for 1/28/2021 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy Response to Motion due by 1/11/2021 (Attachments: # [1](#) Memorandum of Law)(Rogers, Sarah) (Entered: 12/28/2020) |
| 12/31/2020 | [316](#) | LETTER BRIEF *to inform the Court of a recent Second Circuit decision which supports Ms. Vullo's pending motion to dismiss the NRA's selective-enforcement claim* by Maria T. Vullo. (Attachments: # [1](#) Exhibit(s) A - Second Circuit Decision, Tangreti v. Bachmann (2d Cir. Dec. 28, 2020))(Greenberger, Debra) (Entered: 12/31/2020) |
| 12/31/2020 | [317](#) | Letter Motion from Debra L. Greenberger for Maria T. Vullo requesting extension of time to file Ms. Vullo's response to the NRA's December 28, 2020 objections to the Magistrate Judge's Order staying discovery (Dkt. 315) to January 19, 2021 submitted to Judge Hon. Thomas J. McAvoy . (Greenberger, Debra) (Entered: 12/31/2020) |
| 01/05/2021 | | COURT TEXT NOTICE advising the pending motion(s) before Senior Judge Thomas J. McAvoy will be ON SUBMIT; No appearances are necessary. (amt) (Entered: 01/05/2021) |
| 01/06/2021 | 318 | TEXT ORDER granting the [317](#) Letter requesting an extension of time to respond to the [315](#) APPEAL OF MAGISTRATE JUDGE DECISION. Response to Motion due by 1/19/2021. Authorized by Senior Judge Thomas J. McAvoy on 1/56/2021. (amt) (Entered: 01/06/2021) |
| 01/19/2021 | [319](#) | MEMORANDUM OF LAW *in opposition to Plaintiff's appeal of the Magistrate Judge's Decision and Order staying discovery* filed by Andrew Cuomo, The New York State Department of Financial Services. (Abel, Ryan) (Entered: 01/19/2021) |
| 01/19/2021 | [320](#) | MEMORANDUM OF LAW *in Opposition to Plaintiff's Appeal of the Magistrate Judge's Decision and Order Staying Discovery* filed by Maria T. Vullo. (Celli, Andrew) (Entered: 01/19/2021) |
| 02/24/2021 | [321](#) | Letter Motion from William A. Brewer for National Rifle Association of America requesting The court to lift confidentiality orders with respect to the Special Masters first and second report and recommendation submitted to Judge Hon. Christian F. Hummel . (Brewer, William) (Entered: 02/24/2021) |
| 03/15/2021 | [322](#) | DECISION and ORDER - That DFS and Gov. Cuomo in his official capacity [210](#) motion to dismiss claims in the Second Amended Complaint is **GRANTED**. Plaintiff's claims in the Second Amended Complaint against DFS, Gov. Cuomo in his official capacity, and Supt. Lacewell in her official capacity, including the claims for injunctive and declaratory relief, are **DISMISSED** as barred by the Eleventh Amendment. Ms. Vullo's [211](#) motion appealing Magistrate Judge Hummel's decision granting leave to amend, and seeking to dismiss the claims against her in the Second Amended Complaint is **GRANTED in part** and **DENIED in part**. The selective enforcement claim against Ms. Vullo is |

| | | |
|---|---|---|
| | | **DISMISSED**, the motion is denied as to the First Amendment claims, and the appeal of Judge Hummel's decision granting leave to amend is denied. Signed by Senior Judge Thomas J. McAvoy on 3/15/2021. (jel, ) (Entered: 03/15/2021) |
| 03/16/2021 | 323 | COURT NOTICE of Video Hearing: A video Status Conference (RE: Discovery) has been set for Friday, 3/26/2021 @ 11:00 AM before Magistrate Judge Christian F. Hummel. This hearing will be conducted remotely by video and a Microsoft TEAMS video link will be provided to parties by the Court. (tab) (Entered: 03/16/2021) |
| 03/22/2021 | 324 | DECISION and ORDER - That the Court **GRANTS** the Defendants' 199 Motion for Reconsideration; **VACATES** the Court's Decision and Order on the NRA's appeal of Judge Hummel's discovery determinations, Dkt. No. 188; and **REMANDS** the case to Judge Hummel to make determinations on the NRA's Motion to Compel in light of the narrowing case. Signed by Senior Judge Thomas J. McAvoy on 3/22/2021. (jel, ) (Entered: 03/22/2021) |
| 03/22/2021 | 325 | NOTICE OF APPEAL as to 322 Order on Motion to Dismiss for Failure to State a Claim,,,,,,,, by Maria T. Vullo. Filing fee $ 505, receipt number ANYNDC-5465068. (Celli, Andrew) (Entered: 03/22/2021) |
| 03/22/2021 | 326 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 325 Notice of Appeal (jel, ) (Entered: 03/22/2021) |
| 03/26/2021 | | Text Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel: Discovery Hearing held on 3/26/2021 by video in accordance with G.O. 59. Appearances by Sarah Rogers, Esq. and Michelle Martin, Esq. for Plaintiff; AAG William Scott, AAG Ryan Abel for Cuomo/NY Defendants; Debbie Greenberger, Esq., Marissa Benavides, Esq. for Defendant Vullo. Non Party "Everytown" counsel, Jonathan Polkes, Esq. present. Non-party DFS represented by Eamon Rock, Esq. After hearing from all parties, the Court lifts the Stay of Discovery. Various pending motions are denied without prejudice to renew with a narrowed scope and in accordance with Judge McAvoy's recent decisions. Deft Vullo to file a motion seeking a Stay pending her appeal. Plaintiff's discovery motions to be renewed. Briefing schedules are set for those anticipated motions. (Court Reporter Theresa Casal) (tab) (Entered: 03/29/2021) |
| 03/29/2021 | 327 | TRANSCRIPT of Proceedings: Discovery/Status Hearing held on 3/26/2021 before Judge Christian F. Hummel. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/19/2021. Redacted Transcript Deadline set for 4/29/2021. Release of Transcript Restriction set for 6/28/2021. Notice of Intent to Redact due by 4/5/2021 (tab) (Main Document 327 replaced on 3/30/2021 with typographical errors, corrected) (tab). (Entered: 03/29/2021) |
| 03/29/2021 | 328 | ORDER - 1) On the review of the Court's decision on the motions to dismiss filed by defendants (Dkt. Nos. 210 and 211), the stay of discovery previously issued by the Court (Dkt. No. 314) is lifted. 2) As the Court has lifted the stay of discovery, plaintiff's motion appealing the Court's decision staying discovery (Dkt. No. 315) is withdrawn at plaintiff's request. 3) Plaintiff's letter motions dated March 31, 2020 (Dkt. No. 189) and June 3, 2020 (Dkt. No. 204), are dismissed without prejudice. 4) Plaintiff's motion seeking Hague |

| | | |
|---|---|---|
| | | discovery shall be filed by April 2, 2021. A response shall be filed by April 23, 2021. 5) on review of the Court's decision on the motions to dismiss (Dkt. No. 322), plaintiff's motion for the Issuance of Letters Rogatory (Dkt. No. 246) is dismissed without prejudice. 6) Plaintiff's motion seeking the Issuance of Letter's Rogatory shall be filed by April 2, 2021. A response shall be filed by April 23, 2021. 7) On review of the Court's decision on the motions to dismiss (Dkt. No. 322), plaintiff's motion to compel nonparty Everytown for Gun Safety to respond to a subpoena (Dkt. No. 251) is dismissed without prejudice. 8) Plaintiff's motion to compel nonparty Everytown for Gun Safety to comply with a subpoena shall be filed by April 23, 2021. A response to that motion shall be filed by May 23, 2021. Plaintiff may file a reply by June 1, 2021. Signed by Magistrate Judge Christian F. Hummel on 3/29/2021. (jel, ) (Entered: 03/29/2021) |
| 03/29/2021 | 329 | TRANSCRIPT REQUEST by Maria T. Vullo for proceedings held on March 26, 2021 before Judge - Magistrate Judge Christian F. Hummel.. (Attachments: # 1 Transcript Order Form AO 435)(Greenberger, Debra) (Entered: 03/29/2021) |
| 03/30/2021 | 330 | COURT NOTICE SETTING BRIEFING SCHEDULE FOR DEFT VULLO's **Motion to Stay Discovery pending the Appeal**. As was directed during the 3/26/2021 court conference, Defendant Vullo's Motion to be filed by 4/9/2021; Response to Motion due by 5/7/2021. (tab) (Entered: 03/30/2021) |
| 04/02/2021 | 331 | MOTION for Issuance of Letters Rogatory *Renewed Motion for Issuance of Letters Rogatory* filed by National Rifle Association of America. Motion returnable before Judge Christian Hummel Response to Motion due by 4/23/2021 (Attachments: # 1 Memorandum of Law, # 2 Declaration of Sarah B. Rogers, # 3 Exhibit(s) A, # 4 Exhibit(s) B, # 5 Exhibit(s) C, # 6 Exhibit(s) D, # 7 Exhibit(s) E, # 8 Exhibit(s) F, # 9 Exhibit(s) G, # 10 Exhibit(s) H, # 11 Exhibit(s) I, # 12 Exhibit(s) J, # 13 Exhibit(s) K, # 14 Exhibit(s) L, # 15 Exhibit(s) M, # 16 Exhibit(s) N, # 17 Proposed Order/Judgment)(Rogers, Sarah) (Entered: 04/03/2021) |
| 04/05/2021 | 332 | TRANSCRIPT REQUEST by National Rifle Association of America for proceedings held on 3/26/2021 before Judge Christian F. Hummel.. (Attachments: # 1 Exhibit(s) FORM AO 435)(Martin, Michelle) (Entered: 04/05/2021) |
| 04/05/2021 | 333 | TRANSCRIPT REQUEST by Everytown for Gun Safety for proceedings held on March 26, 2021 before Judge Christian F. Hummel.. (Attachments: # 1 Exhibit(s) FORM AO 435)(Polkes, Jonathan) (Entered: 04/05/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/05/2021 17:12:38 | | |
| **PACER Login:** | dgreenberger1 | **Client Code:** | 3016.1 |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-00566-TJM-CFH |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
———————————————————————

**NATIONAL RIFLE ASSOCIATION OF AMERICA,**

                                **Plaintiff,**

      -against-                                   **1:18-CV-0566**

**ANDREW CUOMO, both individually and**
**in his official capacity; MARIA T. VULLO,**
**both individually and in her official**
**capacity; and THE NEW YORK STATE**
**DEPARTMENT OF FINANCIAL**
**SERVICES,**

                                **Defendants.**

———————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION and ORDER**

## I.    INTRODUCTION

New York Governor Andrew Cuomo ("Gov. Cuomo"), the New York State Department of Financial Services ("DFS"), and Linda A. Lacewell, the current DFS superintendent ("Supt. Lacewell"), move to dismiss claims in the Second Amended Complaint ("SAC"). *See* Dkt. No. 210.  Former DFS Superintendent Maria T. Vullo ("Ms. Vullo") appeals Magistrate Judge Hummel's decision granting Plaintiff's motion to amend the Complaint, and moves to dismiss the claims against her in the SAC.  *See* Dkt. No. 211. Plaintiff National Rifle Association ("NRA" or "Plaintiff") opposes these motions.

## II.    PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the procedural history of this case and

the underlying claims.  It will not restate it here other than as necessary to review the pending motions.

### III.  DISCUSSION

#### a.  Ms. Vullo's Motion

#### Rule 72 Objection

In moving for leave to amend, Plaintiff asserted to Judge Hummel that it sought to amend to replead its selective enforcement claims, substitute Supt. Lacewell for Ms. Vullo in its claim for injunctive relief, and make minor, nonsubstantive changes to the pleading. Dkt. No. 202 at 4-5.  Judge Hummel found that Plaintiff did not exercise due diligence in moving to amend. *See* Dkt. No. 202.  But, because mere delay absent a showing of bad faith or undue prejudice does not provide a basis to deny the right to amend, he then preceded to addressed these issues. *Id.*  He declined to find that the motion to amend was brought in bad faith, and determined that Ms. Vullo had not established that she would be subjected to undo prejudice such to warrant outright denial of the motion to amend. *Id.*  He then preceded to determine whether the proposed repleaded selective enforcement claim against Ms. Vullo was futile, using a the Rule 12(b)(6) standard and the Court's prior decision on the selective enforcement claims to assess its plausibility. *Id.*  He determined that the proposed pleading plausibly alleged that Ms. Vullo had knowledge of similarly situated comparators, either directly or through a "see-no-evil" policy, and that she declined to prosecute these comparators. *Id.*  Thus, Judge Hummel granted the NRA's motion to

replead a selective enforcement claim against Ms. Vullo in her individual capacity. *Id.* [1] He also granted Plaintiff's motion to the extent it substituted Supt. Lacewell for Ms. Vullo in Plaintiff's request for an injunction. *Id.* He denied leave to amend to the extent Plaintiff sought to replead a selective enforcement claim against Gov. Cuomo, or to newly plead such a claim against DFS. *Id.*

Ms. Vullo challenges Judge Hummel's determinations relative to whether the NRA acted in bad faith in seeking to amend, and whether Ms. Vullo will be unduly prejudiced by amendment. Whether applying the clearly erroneous or contrary to law standard of review set out in Rule 72(a), or the de novo standard of review set out in Rule 72(b), *see Sokol Holdings, Inc. v. BMB Munai, Inc*., No. 05 CV 3749 KMW DCF, 2009 WL 3467756, at *3-*4 (S.D.N.Y. Oct. 28, 2009),[2] the Court finds no error in Judge Hummel's assessment of bad faith and undue prejudice. Ms. Vullo does not challenge under Rule 72 Judge Hummel's determination that the selective enforcement claim against her was non-frivolous, but rather challenges the legal viability of that claim under Rule 12(b)(6). Because the Court finds, as addressed below, that Ms. Vullo is entitled to immunity on the selective enforcement claim in the SAC, it need not address her arguments directed to the plausibility of the factual allegations supporting this claim.

---

[1] Count Three of the SAC brought against Ms. Vullo in her individual capacity asserts a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and a violation of Article 1, Section 11 of the New York Constitution. This claim is subject to the same substantive analysis under federal and state law, *see Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009), and is referred to as Plaintiff's selective enforcement claim.

[2]("[S]ome uncertainty and arguable differences of opinion persist in this Circuit as to the proper standard of review of a Magistrate Judge's ruling denying a motion to amend." In light of this uncertainty, "[s]ome courts have . . . considered a denial of a motion to amend to be a dispositive decision, subject to a de novo standard of review.")(internal quotation marks and citations omitted)

3

**Rule 12(b)(6) Motion**

On the Rule 12(b)(6) motion, Ms. Vullo argues that she is entitled to absolute and qualified immunity on the selective enforcement, and qualified immunity on the First Amendment claim. The Court starts with the arguments addressed to the selective enforcement claim.

**Selective Enforcement Claim**

In the selective enforcement claim, Plaintiff asserts that DFS received information from the New York County District Attorney's Office that the NRA was offering an affinity insurance program known as Carry Guard that was illegal under New York Insurance Law ("Insurance Law").[3] *See* SAC, Dkt. No. 203, ¶¶ 34-35. The District Attorney's Office had received its information from an organization, Everytown for Gun Safety, which has an explicit political mission to oppose the NRA. *Id.* ¶ 34. The DFS investigation into the Carry Guard insurance program initially focused on insurance companies Chubb Group Holdings, Inc. and Illinois Union (together, "Chubb") and Lockton Affinity, LLC ("Lockton") for underwriting and administering this program. The DFS investigation also looked into Lloyd's of London's ("Lloyd's") involvement in the NRA's affinity insurance programs. *See* Plt. Mem. L. in Opp., Dkt. 220, at 12 ("Lockton brokered and administered, and Lloyd's underwrote, the vast majority of non-Carry Guard policies offered to NRA members and targeted by Defendants."). "Within weeks of commencing its investigation, DFS began to target insurance programs that had nothing to do with firearms, and instead provided coverage

---

[3]The Carry Guard program provided, among other policy coverages, (1) liability insurance to gun owners for acts of intentional wrongdoing, and (2) legal services insurance for any costs and expenses incurred in connection with a criminal proceeding resulting from acts of self-defense with a legally possessed firearm, in violation of New York Insurance Law.

similar or identical to coverage endorsed by other New York affinity organizations." SAC ¶ 36. Plaintiff asserts that "Defendants' goal, from the outset, was to disrupt any and all business arrangements between the NRA and any insurance administrator, broker, or underwriter—indeed, any financial institution." *Id.*

Chubb, Lockton, and Lloyd's entered into consent orders with DFS in which they agreed that some of the NRA insurance programs they were involved in violated New York Insurance Laws, agreed not to provide these and other insurance programs to the NRA, and agreed to pay substantial civil monetary penalties. *See* SAC ¶ 62 and Ex. E (Chubb Consent Order); *id.* ¶¶ 54-55 and Ex. D (Lockton Consent Order); *id.* ¶ 74 and Ex. I (Lloyd's Consent Order); *see also id.* ¶ 78.[4] Ms. Vullo signed the consent orders on behalf of DFS. Plaintiff contends that Chubb, Lockton, and Lloyd's "were coerced to terminate their business arrangements with the NRA and its members—including arrangements having nothing to do with the allegedly unlawful conduct cited by DFS." *Id.* ¶ 21; *see also id.* ¶ 93;[5] ¶ 102.[6] Plaintiff asserts that "DFS has not announced—even to this day—similar inquiries concerning any" other membership organizations "although their affinity programs involve

---

[4]("On January 31, 2019, almost three months after this Court had [originally] sustained the NRA's selective-enforcement claims and permitted discovery regarding them, DFS entered into a Supplemental Consent Order with Lockton that purported to admonish violations of the same statutes by Lockton's non-NRA clients, yet did not identify the clients by name or require Lockton to cease doing business with them.")(citing Ex. J, Lockton Supplemental Consent Order).

[5]("Defendants' concerted efforts to stifle the NRA's freedom of speech caused financial institutions doing business with the NRA to end their business relationships, or explore such action, due to fear of monetary sanctions or expensive public investigations. For example, Defendants coerced and caused Lockton, Chubb, and Lloyd's to cease their participation in NRA endorsed insurance programs, regardless of whether the insurance programs met all legal qualifications under New York's Insurance Law.")

[6]("Defendants' actions have concretely harmed the NRA by causing financial institutions doing business with the NRA to end their business relationships, or explore such action, due to fear of monetary sanctions or expensive public investigations. For example, Defendants coerced and caused Lockton, Chubb, and Lloyd's to cease their participation in NRA endorsed insurance programs in New York and elsewhere, regardless of whether the insurance programs met all legal qualifications under New York's Insurance Law.")

most, if not all, of the practices and features referenced by DFS in its investigation of the NRA's affinity programs." *Id.* ¶ 37.  Plaintiff contends that "Defendants selectively targeted the NRA because of the NRA's constitutionally protected legislative and grassroots advocacy activities.  Defendants specifically intend to undermine the NRA's ability to conduct its affairs in New York—and to advance Cuomo's anti-NRA political agenda." *Id.*

Plaintiff asserts that based on the NRA's "political views and speech relating to the Second Amendment," SAC ¶ 119, Ms. Vullo "knowingly and willfully violated the NRA's equal protection rights by seeking to selectively enforce certain provisions of the Insurance Law against Lockton's affinity-insurance programs for the NRA.  Meanwhile, other affinity-insurance programs that were identically (or at least similarly) marketed by Lockton, but not endorsed by 'gun promotion' organizations, have not been targeted by DFS's investigation." *Id.* ¶ 109.  In this regard, the NRA asserts:

> 58. Several of the purported "violations" assessed pursuant to the Lockton Consent Order concern programs commonly engaged in by numerous additional affinity associations that do not publicly advocate for Second Amendment rights and, therefore, are <u>not</u> targets of Defendants' unconstitutional conduct. Several such organizations are clients of Lockton—yet the Consent Order does not compel Lockton to discontinue its purportedly unlawful conduct with respect to these clients.

> 59.  For example:

> • DFS claims that Lockton Affinity violated Insurance Law § 2122(a)(1) by referring to the insurer's AM Best rating. Yet, at the time this lawsuit was filed, Lockton Affinity's affinity program for the American Optometric Association through AOAExcel ("AOAExcel") touted the "backing of a carrier that is rated A+ (Superior) by A.M. Best. Similarly, Lockton Affinity currently advertises that coverage for the affinity programs designed for the Veterans of Foreign Wars ("VFW") and Moose International Inc. ("Moose") was through companies "rated 'Excellent' or higher by A.M. Best."

> • DFS claims that Lockton Affinity violated Insurance Law § 2324(a) by

> giving or offering to give no cost insurance to NRA members in good standing. Yet, Lockton Affinity currently made that same offer to members of both the Professional Photographers of America ("PPA") and the VFW.
>
> • DFS claims that Lockton Affinity violated Insurance Law § 2116 by compensating the NRA based on actual premiums collected. Yet, Lockton Affinity paid AOAExcel, Moose, the VFW, the PPA, and dozens of other clients in the same or similar manner.

*Id.* ¶¶ 58-59 (emphasis is original, footnotes omitted).   As is apparent, the Insurance Law violations identified in paragraph 59 were insurance programs identified in the Lockton Consent Order that had nothing to do with firearms (which the Court refers to as the additional provisions of the Lockton Consent Order), and which purportedly  similarly existed in other entities' affinity insurance programs.  Plaintiff asserts that "[e]ven if such conduct does violate insurance law, DFS's selective enforcement of such offenses as to NRA-endorsed policies—but not as to other policies marketed by Lockton in an identical fashion—constitutes impermissible viewpoint discrimination and a denial of equal protection under the law." *Id.* ¶ 60.

To demonstrate Ms. Vullo's knowledge of comparator affinity programs,  Plaintiff alleges that Vullo had conversations and meetings with senior officials of Lloyd's in the spring of 2018 during which she learned of comparator programs. *See Id.* ¶ 110.  Plaintiff asserts that during these conversations and meetings, Ms. Vullo expressed an intention not to prosecute violations provided Lloyd's stopped providing insurance to the NRA and other

gun promotion organizations.  *See id.* ¶ 21;[7] ¶ 67;[8] ¶ 69.[9]

As an alternative to Ms. Vullo's direct knowledge of comparators, the SAC asserts that "Vullo should have known of similarly situated individuals at the time DFS launched its investigation and any purported lack of knowledge was due to a 'see-no-evil' policy of enforcement, which Vullo and DFS abandoned solely to further their vendetta against the NRA."  SAC ¶ 111.  "The 'see-no-evil' enforcement policy was confirmed by DFS's continued ignorance toward the violations of the similarly situated comparators."  *Id.*  The NRA further alleges that "[b]y virtue of the position held by Vullo at the time DFS launched its investigation, Vullo knew the actions taken by DFS against NRA affinity insurance programs were unprecedented.  No other similarly situated programs have faced even close to the same treatment for analogous violations.  However, Vullo and DFS failed to inquire about whether there were any other similarly situated affinity programs when the investigation was launched."  *Id.* ¶ 112.

### Absolute Immunity

---

[7]("During the meetings [Vullo] discussed an array of technical regulatory infractions plaguing the affinity-insurance marketplace. Vullo made it clear, however, that DFS was less interested in pursuing the infractions of which she spoke, so long as Lloyd's ceased providing insurance to gun groups, especially the NRA.")

[8]("In the aftermath of the Parkland tragedy, Vullo met with senior executives of Lloyd's and [Lloyd's United States affiliate, Lloyd's America, Inc. (LAI)], and presented Defendants' views on gun control and their desire to leverage their powers to combat the availability of firearms, including specifically by weakening the NRA.")

[9]("During her surreptitiously held meetings with Lloyd's executives that commenced in February 2018, Vullo acknowledged the widespread regulatory issues in the excess-line marketplace. Vullo and DFS made clear that Lloyd's could avoid liability for infractions relating to other, similarly situated insurance policies, so long as it aided DFS's campaign against gun groups. Against the specter of this bold abuse of her position, Lloyd's agreed that it would instruct its syndicates to cease underwriting firearm-related policies and would scale back its NRA-related business; in exchange, DFS would focus its forthcoming affinity-insurance enforcement action solely on those syndicates which served the NRA, and ignore other syndicates writing similar policies.")

"Courts have recognized two forms of immunity: absolute and qualified." *DiBlasio v. Novello*, 344 F.3d 292, 296 (2d Cir. 2003)(citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). "Absolute immunity gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities.'" *Mangiafico v. Blumenthal*, 471 F.3d 391, 394 (2d Cir. 2006)(quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir.1987)). "'The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties,' and hence courts are generally 'quite sparing' in their recognition of absolute immunity." *DiBlasio*, 344 F.3d at 296 (quoting *Burns v. Reed*, 500 U.S. 478, 486–87 (1991) (citations omitted)). However, "there are some officials whose special functions require a full exemption from liability." *Butz v. Economou*, 438 U.S. 478, 508 (1978). "The Supreme Court has accorded absolute immunity to a limited range of government officials whose duties are deemed, as a matter of public policy, to require that protection to enable them to function without fear of undue interference or harassment." *Mangiafico*, 471 F.3d at 394. "Absolute immunity is accorded to judges and prosecutors functioning in their official capacities and, under certain circumstances, is also extended to officials of government agencies 'performing certain functions analogous to those of a prosecutor' or a judge." *DiBlasio*, 344 F.3d at 296-97 (quoting *Butz*, 438 U.S. at 515). "In considering whether the procedures used by [an] agency are sufficiently similar to judicial process to warrant a grant of absolute immunity," the Court employs a functional approach. *Id.* at 297 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 201–02 (1985), in turn citing *Harlow v. Fitzgerald*, 457 U.S. 800, 810 (1982)). Under the functional approach, the Court looks "to whether the actions taken by the official are 'functionally comparable' to that

9

of a judge or a prosecutor." *Id.* (quoting *Butz*, 438 U.S. at 513, and citing *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20, (1976); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994)). "Government actors who seek absolute immunity 'bear the burden of showing that public policy requires an exemption of that scope.'" *Id.* (quoting *Butz*, 438 U.S. at 506). "However, once a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (quoting *Cleavinger*, 474 U.S. at 199–200, 106 S.Ct. 496 (internal quotations and citations omitted)). Further, because the focus of absolute immunity is on the function performed, once absolute immunity is established the Court does not consider allegations of ill intent or discriminatory enforcement. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)("[The Supreme Court decision in *Buckley*] indicates that absolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate. This would even include, for purposes of this case, allegedly conspiring to present false evidence at a criminal trial."); *see also Verbeek v. Teller*, 158 F. Supp. 2d 267, 282 (E.D.N.Y. 2001) (granting motion to dismiss claims against prosecutorial official because conspiracy allegation does not "negate her entitlement to absolute immunity")(citing *Dory*, 25 F.3d at 83). New York's state law absolute immunity is essentially the same as federal absolute immunity. *See Arteaga v. State*, 72 N.Y.2d 212, 216 (N.Y. 1988).[10]

---

[10] In *Arteaga*, the New York Court of Appeals wrote:

The absolute immunity for quasi-judicial discretionary actions is founded on public policy and is generally said to reflect the value judgment that the public interest in having officials free to

(continued...)

As a general principle, a government official "is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico*, 471 F.3d at 396 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). By contrast, a government official "is entitled only to qualified immunity when functioning in an administrative or investigative capacity." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 520–21 (1985)(no absolute immunity for the Attorney General's exercise of his national security functions); *Buckley*, 509 U.S. at 274–76 (1993) (no absolute immunity when a prosecutor acts in administrative capacity); *Burns*, 500 U.S. at 492–95 (no absolute immunity for a prosecutor offering legal advice to the police regarding interrogation practices)).

The NRA's selective enforcement claim is premised on two actions: First, Ms. Vullo's decision to enter into the Lockton, Lloyd's and Chubb Consent Orders—and their precise terms. The NRA's purported comparators are based on violations agreed to in those Consent Orders. As Ms. Vullo asserts, were it not for those Consent Orders the NRA could

---

[10](...continued)
exercise their discretion unhampered by the fear of retaliatory lawsuits outweighs the benefits to be had from imposing liability. Not all discretionary actions, however, are accorded absolute immunity.

Whether an action receives only qualified immunity [under New York law], shielding the government except when there is bad faith or the action taken is without a reasonable basis, or absolute immunity, where reasonableness or bad faith is irrelevant, requires an analysis of the functions and duties of the particular governmental official or employee whose conduct is in issue. The question depends not so much on the importance of the actor's position or its title as on the scope of the delegated discretion and whether the position entails making decisions of a judicial nature--i.e., decisions requiring the application of governing rules to particular facts, an exercise of reasoned judgment which could typically produce different acceptable results.

*Arteaga v. State*, 72 N.Y.2d at 216 (citations and quotations marks omitted).

11

not allege selective enforcement based on Ms. Vullo's conduct. Second, Ms. Vullo's alleged decision not to bring charges against the purported comparators. For reasons discussed below, these are both prosecutorial actions premised on enforcement decisions intimately associated with the judicial process.

There is not merit to Plaintiff's contention that absolute immunity does not apply because Ms. Vullo's relevant conduct was investigative in nature. As the NRA states in its brief, "the date that DFS opened its investigation into the NRA's insurance programs is irrelevant. The relevant date or dates is the date DFS took action against the NRA, or its business partners." Dkt. 220 at 15. As explained here, the NRA's selective enforcement claim is premised on two enforcement decisions. Plaintiff's argument that "[t]he NRA also alleges that Vullo violated its Equal Protection rights by selectively targeting the NRA in DFS's *investigation* of certain affinity programs, but failing to make similar inquiries into other similar membership affinity programs," *id.* at 18 (emphasis in original), does not remove the selective enforcement claim and Ms. Vullo's enforcement decisions from absolute immunity consideration. A selective investigation claim is not asserted in the SAC, *see* SAC ¶ 109 (specifically alleging that Ms. Vullo violated the NRA's equal protection rights by selectively enforcing certain provisions of the Insurance Law against Lockton's affinity insurance programs for the NRA), and the NRA cannot amend its complaint for the fourth time through a memorandum of law.[11] Moreover, there is no merit to Plaintiff's

---

[11]The facts that the NRA cites to support its selective investigation claim, paragraphs 36 and 37 of the SAC, reference "Defendants" and "DFS's" conduct, focus, and goals, but do not mention Ms. Vullo. There is no merit to Plaintiff's argument that Ms. Vullo has supervisory liability under the standard announced in *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995) for DFS's conduct taken "on her watch." *See* Dkt. No. 220 at 9-11 (arguing for supervisory liability under *Colon*); *see also id.* at 9 ("Vullo cannot deny knowledge of, or escape liability for, actions undertaken by DFS on her watch."). "[T]he Second Circuit recently held that the
(continued...)

12

argument that prosecutorial immunity only attaches to "the initiation of a prosecution and the presentation of the government's case."  Prosecutorial immunity protects conduct that occurs both before and during the judicial phase. *See Burns*, 500 U.S. at 492 (immunity protects pre-indictment search warrant application during the investigative stage); *Butz*, 438 U.S. at 516 (immunity encompasses "decision to initiate" agency adjudication); *Mangiafico*, 471 F.3d at 396 (immunity encompasses "actions preliminary to the initiation of a prosecution").  The decision to reach a consented-to resolution - analogous to securing a plea bargain in a criminal proceeding - rather than "commit the state's resources, reputation, and prestige to litigation," is a prosecutorial decision.  *Mangiafico*, 471 F.3d 396; *see Knowlton v. Shaw*, 704 F.3d 1, 7–8 (1st Cir. 2013) (in an insurance enforcement proceeding, entering into consent decrees is preparatory to "the initiation of the enforcement proceeding—a proceeding that would have surely followed had no consent agreement been executed" and not "investigative"); *see also Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir.1981)(a prosecutor is entitled to absolute immunity for negotiating a plea bargain in a criminal case); *Powers v. Coe*, 728 F.2d 97, 103–04 (2d Cir. 1984)("The alleged breach of the agreement not to prosecute, while not technically a plea bargain which would render the prosecutor's immunity absolute under *Taylor v. Kavanagh*, 640 F.2d at 453, is so closely analogous to a plea bargain that we think the same principle of absolute immunity apply

---

[11](...continued)

*Colon* test was abrogated by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009)." *Jeanty v. City of Utica*, No. 6:16-CV-00966 (BKS/TWD), 2021 WL 149051, at *33 (N.D.N.Y. Jan. 14, 2021)(citing *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)).  In *Tangreti,* the Second Circuit "clarified that 'there is no special rule for supervisory liability' and explained that 'a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Doe v. Zucker*, No. 1:20-CV-840 (BKS/CFH), 2021 WL 619465, at *28 (N.D.N.Y. Feb. 17, 2021)(quoting *Tangreti*, 983 F.3d at  612, in turn quoting *Iqbal*, 556 U.S. at  676).  Thus, Plaintiff has not adequately pled a "selective investigation" claim against Ms. Vullo.

under the functional analysis of *Kavanagh*.").  As explained below, so too is the decision not to prosecute a violation of the Insurance Law.

To determine whether the process in which the government official acts "share enough of the characteristics of the judicial process, and whether the official[] [herself was] functioning in a manner sufficiently analogous to a judge or prosecutor," the Court assesses the six non-exhaustive factors outlined in *Butz* that are characteristic of the judicial process. *DiBlasio*, 344 F.3d at 344 F.3d 297-98 (citing *Butz*, 438 U.S. at 513; *Cleavinger*, 474 U.S. at 202 (interior quotation marks and brackets omitted).  These factors are:  (a) the need to assure that the individual can perform [her] functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.  *Butz*, 438 U.S. at  at 512.

As Superintendent of DFS, Ms. Vullo was charged with the enforcement of the New York Financial Services Law, Banking Law, and Insurance Law.  The DFS Superintendent, "in the enforcement of relevant statutes and regulations, may undertake an investigation" into activities that may constitute violations of, inter alia, the Financial Services Law, N.Y. Fin. Servs. Law § 404, and/or the Insurance Law, N.Y. Ins. Law. § 308.  If a violation is found, the Superintendent is authorized to bring a statement of charges and initiate a hearing. N.Y. Ins. Law. § 2405(a); N.Y. Fin. Servs. Law §§ 305, 306.  The Superintendent presents evidence of a violation of any of these laws at an administrative hearing in which the alleged violator is given an opportunity to be heard. 23 NYCRR Part 2; N.Y. Fin. Servs.

14

Law § 305.  Where the hearing officer finds that a violation has occurred, the Superintendent may impose civil penalties and other remedies. *See* N.Y. Ins. Law §§ 2102(g), 2110, 2117(g), 2127; N.Y. Fin. Servs. Law § 408.  The Superintendent's function is akin to that of a prosecutor: bringing charges, attempting to negotiate resolutions (*i.e.* the Consent Orders), and preparing for trial (DFS hearings) before an adjudicator if a negotiated resolution is not reached.

Absolute immunity protects officials "from personal liability for the performance of certain discretionary acts.  Such immunity extends to prosecutors [and] to executive officers initiating administrative proceedings." *Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir. 1992)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) and *Butz*, 438 U.S. at 515–17)*; see Butz*, 438 U.S. at 516 (absolute immunity encompasses "decision to initiate or continue a proceeding subject to agency adjudication"); *Mangiafico*, 471 F.3d at 395–96 ("[A]gency officials who perform functions analogous to those of a prosecutor are entitled to absolute immunity from such liability for their participation in the decision to initiate or to continue agency proceedings.")(citing *Butz*, 438 U.S. at 512–13); *Douglas v. New York State Adirondack Park Agency*, 895 F. Supp. 2d 321, 340 (N.D.N.Y. 2012)(absolute immunity for park agency officials' initiation of an agency enforcement proceeding).

> The Supreme Court, in extending prosecutorial immunity to the executive branch, explained that
>
> > agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution.... The discretion which executive officials exercise with respect to the initiation of administrative

15

> proceedings might be distorted if their immunity from damages
> arising from that decision was less than complete.

*Spear*, 954 F.2d at 66 (quoting *Butz*, 438 U.S. at 515). The targets of a DFS enforcement action—banks and insurance companies—are well resourced and, as Ms. Vullo argues, inclined to bring suit. Without the protection absolute immunity affords, a DFS superintendent's "discretion" in initiating "proceedings might be distorted" due to litigation for purposes of "harassment or intimidation." *Butz*, 438 U.S. at 515; *see id.* at 510–11 (The "public prosecutor, in deciding whether a particular prosecution shall be instituted or followed up," should not be "biased with the fear of being harassed by a vicious suit for acting according to their consciences (the danger of which might easily be insinuated where powerful men are warmly engaged in a cause and thoroughly prepossessed of the justice of the side which they espouse)."). The first *Butz* factor weighs in favor of absolute immunity with regard to Ms. Vullo's decision to initiate enforcement proceedings that resulted in the Consent Orders in issue on the selective enforcement claim.

The Second Circuit has also "consistently afforded absolute immunity to a government attorney's decision whether or not to initiate litigation on behalf of the state." *Mangiafico*, 471 F.3d at 396; *see Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) ("A prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution."). "[A]s a matter of logic, absolute immunity must . . . protect the prosecutor from damages suits based on the decision *not* to prosecute." *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989) (emphasis in original)(citing *Dacey v. Dorsey*, 568 F.2d 275, 278 (2d Cir. 1978)(United States Attorney who chose not to seek injunction under 42 U.S.C. § 1986 to restrain alleged civil rights violation was

16

absolutely immune from damages suit by victim), *cert. denied*, 436 U.S. 906, 98 S. Ct. 2238, 56 L. Ed.2d 405 (1978)).  The Second Circuit explained in *Schloss*:

> Though not all of the concerns discussed in *Imbler* indicate a need for absolute immunity with respect to a decision not to prosecute, many of the same factors may come into play. For example, the decision not to prosecute could expose the prosecutor to a suit by the complainant asserting that the complainant was denied the equal protection of the law. Further, absolute protection from a damages suit for not prosecuting is warranted simply because the decision with respect to any given charge is an either-or proposition. A decision to prosecute logically eliminates the nonprosecution option, and vice versa. If the prosecutor had absolute immunity only for the decision to prosecute and not for a decision not to prosecute, his judgment could be influenced in favor of a prosecution that sound and impersonal judgment would eschew. Thus, the contours of absolute prosecutorial immunity should be drawn to avoid skewing the prosecutor's judgment in either direction, both to eliminate the appearance that personal considerations may be a factor, *see, e.g., Imbler v. Pachtman*, 424 U.S. at 424–25, 96 S. Ct. at 992 ("[t]he public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages"), and to avoid establishing a doctrine that would "discourage prosecutors from dismissing meritless actions before trial, since only by pursuing ... charges would the prosecutor be fully immune," *Haynesworth v. Miller*, 820 F.2d 1245, 1270 n. 200 (D.C. Cir.1987).

*Id.*

These same considerations apply to Ms. Vullo's decision not to prosecute the Insurance Law violations identified in paragraph 59 of the SAC of which she was purportedly aware.  Without the protection absolute immunity affords, a DFS Superintendent's discretion in declining to initiate proceedings might be distorted due to fear of litigation, such as is the case here. Further, without absolute immunity, the Superintendent is deprived of discretion to determine whether to invest the State's resources in the prosecution of a particular matter no matter how inconsequential the matter may be in the grander scheme of enforcing the Insurance Law in New York, and no matter

whether there is sufficient merit to a particular matter.  As the SAC indicates, DFS learned of the additional violations in the Lockton Consent Order only after investigating whether Lockton, Chubb, and Lloyd's were involved in offering the Carry Guard program involving serious violations of the Insurance Law.  Without absolute immunity protecting the Superintendent's discretion as to which violations to prosecute, the Superintendent would be placed in the position of having to prosecute every ostensible violation so as to be afforded immunity.  Because absolute immunity looks at the function in question and not the motive or intent of the actor in performing that function, the first *Butz* factor also weighs in favor of absolute immunity for Ms. Vullo's decision not to institute enforcement proceedings against the various entities in New York that she was purportedly aware.

As to the second *Butz* factor, the NRA argues that "[a]lthough there are some safeguards to protect parties from unconstitutional conduct by the DFS Superintendent, the efficacy of those safeguards is diminished by other provisions of the Financial Services Law. Specifically, although a party is entitled to notice and a hearing, the 'independence' of any hearing is severely undermined because it is held before the Superintendent or an individual directly designated by the Superintendent. Additionally, the hearing officer only has the power to suggest a course of action, while the Superintendent has the final authority to reject the recommendation and issue whatever order she desires." Dkt. No. 220, at 20 (citing N.Y. Fin. Serv. Law § 305).  From this, the NRA argues that "Vullo has virtually unfettered ability to act in an unconstitutional manner without appropriate safeguards." *Id.* (citing *DiBlasio*, 344 F.3d 299).

In *DiBlasio*, in addressing the second *Butz* factor the Second Circuit held that

18

although some procedures of New York Public Health Law § 230 "provide some protection to physicians subjected to summary suspension proceedings, the efficacy of those procedures are seriously diminished by other features of § 230." *DiBlasio*, 344 F.3d at 298–99.  After reviewing these other features of § 230, the Circuit concluded that the Department of Health Commissioner "has virtually unfettered authority to determine whether a physician's license should be summarily suspended pending resolution of misconduct charges—a process that, in this case, took eight months. The absence of meaningful safeguards against arbitrary executive action in a summary suspension proceeding weigh against extending absolute immunity" to the Commissioner and a department fraud investigator who recommended the plaintiff's suspension. *DiBlasio*, 344 F.3d at 299.  In making this decision, the Circuit stated that "we find that § 230 inadequately protects physicians from wrongful deprivation of their professional licenses, the second *Butz* factor." *Id.* at 298.

The procedures involving Insurance Law violations are much different than the procedures involving a summary suspension of a physician's license pending a hearing as examined in *DiBlasio*, and do not give the DFS Superintendent "virtually unfettered ability to act in an unconstitutional manner."  Under applicable law, had Lockton, Lloyd's, or Chubb not admitted liability, each would have had the opportunity to proceed with a DFS evidentiary hearing, be represented by counsel in front of an impartial hearing officer not previously involved in the matter, present evidence, hold the state to its burden of proof, cross-examine witnesses, and dispute the hearing officer's findings, as well as appeal to the state Supreme Court.  At a hearing, the hearing officer must prepare a report detailing the

19

findings from the adversarial hearing, N.Y. Fin. Servs. Law § 305(b), and assuming the Superintendent were to make the decision disregarding the report for political reasons, as the NRA contends, the affected party could seek reversal via a state court Article 78 proceeding on the grounds of an arbitrary and capricious decision. *See, e.g., Mordukhaev v. Daus*, 457 F. App'x 16, 21 (2d Cir. 2012) ("[T]he availability of an Article 78 proceeding to challenge any alleged deficiencies in an administrative adjudication is sufficient to satisfy due process."). As discussed below under the fifth *Butz* factor, an Article 78 proceeding following a DFS administrative proceeding could, if warranted, vacate the liability determination and any penalty imposed. The Court finds here that the second *Butz* factor weighs in favor of immunity

The third *Butz* factor, insulation from political influence, weighs against absolute immunity because Ms. Vullo served at the will of the Governor. *See* N.Y. Fin. Serv. Law § 202(a)("The head of [DFS], . . . shall be appointed by the governor [and] . . . shall hold office at the pleasure of the governor."); *see also DiBlasio*, 344 F.3d at 298 (if "the commissioner of health 'serves at the will of the Governor,' . . . it would be improper to characterize the commissioner as insulated from political influence").

On the fourth *Butz* factor, the importance of precedent, the NRA asserts that no provision of the Financial Services Law or the Insurance Law indicates that DFS or its Superintendent place any value on precedent when making decisions with respect to violations of the Insurance Law. Because Ms. Vullo bears the burden of establishing her entitlement to absolute immunity, and because she has not addressed this issue, the Court finds that the fourth *Butz* factor weighs against absolute immunity.

Finally, the fifth *Butz* factor directs the Court to assess the correctability of error on appeal.  In arguing against this factor, the NRA cites to *DiBlasio* where the Circuit held:

> *Butz* also requires us to consider whether a wrongful summary suspension is "correctabl[e] on appeal." *Butz*, 438 U.S. at 512, 98 S.Ct. 2894. The district court reasoned that the hearing required by § 230(10)(f) and the availability of an Article 78 proceeding provide prompt review of a summary suspension, hence weighing in favor of absolute immunity. In the context of determining whether absolute immunity is appropriate, the hearing available under § 230, while providing an avenue for review of the charges themselves, provides no meaningful review of the summary suspension because, as happened here, the commissioner is free to ignore the hearing committee's recommendation. In addition, in the context of determining whether absolute immunity is appropriate, Article 78 proceedings are generally not considered adequate avenues for "appeal." *See* [*Young v. Selsky*, 41 F.3d 47, 54 (2d Cir. 1994)].

*DiBlasio*, 344 F.3d at 299.

As explained above, in the DFS Insurance Law enforcement context, a hearing is held and a decision rendered before adverse consequences can be imposed.  This differs substantially from the situation addressed in *DiBlasio*.  Further, upon the imposition of an adverse determination, a respondent is entitled to appeal the determination through an Article 78 proceeding asking to have the adverse consequences vacated.  While the Circuit said that Article 78 proceedings are generally not considered adequate avenues for appeal in the context of determining whether absolute immunity is appropriate, neither the situations in *DiBlasio* nor *Young*, the case cited by the Circuit for this proposition, fit squarely with the situation following an adverse Insurance Law determination by the DFS Superintendent.

As indicated, *DiBlasio* involved a summary suspension before resolution of the underlying charges.  If Lockton, Lloyd's, or Chubb had declined to admit liability, they would have had a full evidentiary hearing that mirrors a judicial one, with the significant due

process protections described above, before any penalty or suspension could be imposed. And they would have had the right to seek to vacate an adverse decision by an Article 78 proceeding. Unlike in *DiBlasio* where an Article 78 proceeding after the fact of a summary suspension afforded the plaintiff inadequate relief, the same cannot be said of a post-hearing Article 78 proceeding.

*Young* is also distinguishable from the situation here. In *Young,* the Circuit held that damages, which were the only viable remedy for the due process deprivation in issue, were unavailable in an Article 78 proceeding, rendering it inadequate for appellant. *See Young*, 41 F.3d at 54.[12] The situation in *Young* is quite different than the situation that would arise if Lockton, Lloyd's, or Chubb had proceeded to a hearing, received an adverse determination, and appealed via an Article 78 proceeding. Unlike in *Young*, such an appeal could afford an entity relief from an unconstitutional or improper decision entered by Ms. Vullo.

The Court finds that an Article 78 proceeding provides a sufficient avenue for a party that receives an adverse decision in a DFS enforcement proceeding to correct an error on appeal. Accordingly, the Court finds that the fifth *Butz* factor weighs in favor of absolute immunity.

Weighing all of the *Butz* factors, and considering Ms. Vullo's functions that underlie the selective enforcement claim, the Court finds that she is entitled to absolute immunity on the selective enforcement claim. Accordingly, the claim, under both federal and state law, is

---

[12]("[T]he type of injury plaintiff alleged may not be adequately correctable on appeal. . . . [P]urely prospective relief on administrative appeal does not adequately cure a due process violation in a disciplinary hearing if the prisoner has already served part of his disciplinary sentence in the SHU pending administrative review. Similarly, if the administrative appeal officer compounds the violation by unreasonably affirming, a later reversal in state court will be inadequate unless it includes monetary damages. . . . [M]onetary damages are not available in [an Article 78] proceeding.")(citations omitted).

dismissed.

### First Amendment Claims[13]

Count One of the SAC alleges that "Defendants' actions—including but not limited to the issuance of the April 2018 [Guidance] Letters and the accompanying backroom exhortations, the imposition of the Consent Orders upon Chubb and Lockton, and the issuance of the Cuomo Press Release—established a 'system of informal censorship' designed to suppress the NRA's speech." SAC ¶ 90.[14] Plaintiff asserts that Defendants took these actions "with the intent to obstruct, chill, deter, and retaliate against the NRA's core political speech." *Id.* ¶ 91. Count Two alleges that these same actions by Defendants "were in response to and substantially caused by the NRA's political speech regarding the right to keep and bear arms. Defendants' actions were for the purpose of suppressing the NRA's pro-Second Amendment viewpoint. Defendants undertook such unlawful conduct with the intent to obstruct, chill, deter, and retaliate against the NRA's core political speech." *Id.* ¶ 101.

These are essentially the same claims that the Court examined in tandem in the November 6, 2018 Decision & Order, Dkt. No. 56. In doing so, the Court found that "[t]he Guidance Letters and Cuomo Press Release, read in isolation, clearly fit into the government-speech doctrine as they address matters of public importance on which New

---

[13]Counts One and Two of the SAC assert violations of the First Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and violations of Article 1, Section 8 of the New York Constitution. These claims are subject to the same analysis under federal and state law, *see, Martinez v. Sanders*, 307 F. App'x 467, 468 n.2 (2d Cir. 2008)(citing *Pico v. Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26*, 638 F.2d 404 (2d Cir. 1980), *aff'd*, 457 U.S. 853 (1982)), and are referred to as Plaintiff's First Amendment Claims.

[14]For a more complete discussion of the April 2018 Guidance Letters and the Cuomo Press Release, reference is made to the Court's November 6, 2018 Decision & Order, Dkt. No. 56.

York State has a significant interest." *Id.* at 16-17.  But in analyzing these claims, the Court

wrote:

> "'First Amendment rights may be violated by the chilling effect of governmental
> action that falls short of a direct prohibition against speech.'" *Zieper v.
> Metzinger*, 474 F.3d 60, 65 (2d Cir. 2007)(quoting *Aebisher v. Ryan*, 622 F.2d
> 651, 655 (2d Cir.1980)); *see also Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160
> (2d Cir. 2013)("To plead a First Amendment retaliation claim a plaintiff must
> show: (1) he has a right protected by the First Amendment; (2) the defendant's
> actions were motivated or substantially caused by his exercise of that right;
> and (3) the defendant's actions caused him some injury.")).  As applicable to
> the allegations in Counts One and Two, "the First Amendment prohibits
> government officials from encouraging the suppression of speech in a manner
> which 'can reasonably be interpreted as intimating that some form of
> punishment or adverse regulatory action will follow the failure to accede to the
> official's request.'" *Zieper*, 474 F.3d at 65-66 (quoting *Hammerhead Enters.,
> Inc. v. Brezenoff*, 707 F.2d 33, 39 (2d Cir.1983)).  In determining whether
> government statements impede upon First Amendment rights, "what matters is
> the 'distinction between attempts to convince and attempts to coerce.'" *Id.*, at
> 66 (quoting *Okwedy v. Molinari*, 333 F.3d 339, 344 (2d Cir. 2003) *(per curiam)*.

*Id.* at 18.   The Court noted that the First Amendment "require[s] courts to draw fine lines

between permissible expressions of personal opinion [by public officials] and implied threats

to employ coercive state power to stifle protected speech." *Id*. (quoting *Hammerhead*, 707

F.2d at 39).  However, after examining the totality of the allegations, and accepting the

factual allegations as true, the Court found:

> While neither the Guidance Letters nor the Cuomo Press Release specifically
> directs or even requests that insurance companies and financial institutions
> sever ties with the NRA, a plausible inference exists that a veiled threat is
> being conveyed.  Viewed in the light most favorable to the NRA, and given
> DFS's mandate—"effective state regulation of the insurance industry" and the
> "elimination of fraud, criminal abuse and unethical conduct by, and with
> respect to, banking, insurance and other financial services institutions," N.Y.
> Fin. Servs. Law § 102(e), (k) — , the Cuomo Press Release and the Guidance
> Letters, when read objectively and in the context of DFS's regulatory
> enforcement actions against Chubb and Lockton and the backroom
> exhortations, could reasonably be interpreted as threats of retaliatory
> enforcement against regulated institutions that do not sever ties with the NRA.

24

*Id.* at 24-25.

Ms. Vullo argues that she is entitled to qualified immunity on the First Amendment

claims because it was objective reasonably for her to believe her statements in the

Guidance Letters and press release were lawful, and there "is no case clearly establishing

that otherwise protected public statements transform into an unlawful 'threat' because there

is an ongoing (and unrelated) regulatory investigation." Dkt. No. 211-1 at 31.  She further

maintains that at the time she made her "public statements, DFS had made no public

statements about the Carry Guard investigation.    Nor do the NRA's (false) allegations that

Ms. Vullo coupled her public statements with 'backroom exhortations' change the analysis,

because they are vague and conclusory—there is no specific allegation that Ms. Vullo

directly threatened unlawful government enforcement." *Id.*  She argues that "[r]easonable

officials would believe it lawful to privately express the sentiments that are lawful to express

publicly." *Id.*  The NRA counters that qualified immunity is a fact-specific inquiry that should

be undertaken after fact discovery, and that the conduct alleged by the NRA was not

"objectively reasonable" but rather violated clearly established constitutional rights.

The Court is inclined to agree with Ms. Vullo that there is no case clearly establishing

that otherwise protected public statements transform into an unlawful threat merely because

there is an ongoing, and unrelated, regulatory investigation.  *See Zieper*, 474 F.3d at 68

(granting qualified immunity against First Amendment claim because it was not "apparent to

a reasonable officer that defendants' actions crossed the line between an attempt to

convince and an attempt to coerce"); *see also Simon v. City of N.Y.*, 893 F.3d 83, 92 (2d

Cir. 2018)("A right is clearly established when its 'contours ... are sufficiently clear that every

reasonable official would have understood that what he is doing violates that right.'")(quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011))(alteration in original); *Gerard v. City of New York*, No. 19-3102, --- Fed. Appx. ---- , 2021 WL 485722, *1 (2d Cir. Feb. 10, 2021).[15] But here the Court found that, in the context of the factual allegations asserted in the Amended Complaint, it was plausible to conclude that the combination of Defendants' actions, including Ms. Vullo's statements in the Guidance Letters and Cuomo Press Release as well as the purported "backroom exhortations," could be interpreted as a veiled threat to regulated industries to disassociate with the NRA or risk DFS enforcement action. This conclusion is enforced by new allegations in the SAC that can be reasonably interpreted as pre-Guidance Letters backroom threats by Ms. Vullo of DFS enforcement against entities that did not disassociate with the NRA. *See* SAC ¶ 21; ¶ 67; ¶ 69.[16] As expressed in the Court's previous decision, the law was clearly established at the time that First Amendment rights could be violated by the chilling effect of governmental action that falls short of a direct prohibition against speech but that can reasonably be interpreted as intimating that some form of punishment or adverse regulatory action will follow the failure to accede to the

---

[15]The Circuit in *Gerard* wrote:

"[C]learly established law" cannot be defined "at a high level of generality," [*al-Kidd*, 563 U.S. at 742], but "must be particularized to the facts of the case," *White v. Pauly*, —— U.S. ——, 137 S. Ct. 548, 552, 196 L. Ed.2d 463 (2017) (internal quotation marks omitted), so as to give a reasonable officer "fair notice that [the complained-of] conduct [is] unlawful," *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L.Ed.2d 583 (2004); *see also Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014) (explaining that, to determine whether the law is clearly established, a court should consider "the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law").

*Gerard*, 2021 WL 485722, *1.

[16]The allegations of Ms. Vullo's statements in this regard took place in February 2018 whereas the Guidance Letters were issued on April 19, 2018.

official's request. *See* Dkt. 56 at 18 (and cases cited threat). When a qualified immunity defense is raised on a Rule 12(b)(6) motion, the Court must accept the truth of the allegations in the complaint and may grant qualified immunity only if the facts supporting the defense appear on the face of the complaint. *See Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015)("Although, usually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on the face of the complaint. Consequently, a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept [that] ... the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.")(citing *McKenna v. Wright*, 386 F.3d 432, 435–36 (2d Cir. 2004))(interior quotation marks omitted). Here, when doing so, a question of material fact exists as to whether Ms. Vullo explicitly threatened Lloyd's with DFS enforcement if the entity did not disassociate with the NRA. Based on this question of material fact, and even assuming an objectively reasonable person would not have known that the Guidance Letters or Ms. Vullo's statements in the Cuomo Press Release could be construed as implied threats to regulated entities if they did not disassociate with the NRA, qualified immunity on the First Amendment claims must be denied at this time. Further, because Ms. Vullo's alleged implied threats to Lloyd's and promises of favorable treatment if Lloyd's disassociated with the NRA could be construed as acts of bad faith in enforcing the Insurance Law in New York, a question of material fact exists as to whether she is entitled to qualified immunity under New York law. *See Gardner v. Robinson*, No.

16CIV1548GBDRWL, 2018 WL 722858, at *2–3 n 7 (S.D.N.Y. Feb. 6, 2018)("Although qualified immunity only extends to public officials against whom federal causes of action are asserted, New York common law provides comparable immunity from state law claims unless 'the officials' actions are undertaken in bad faith or without a reasonable basis.'")(quoting *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006)(citations omitted)). For these reasons, the Court will deny qualified immunity to Ms. Vullo on the First Amendment claims at this time.

### b. Cuomo, DFS, and Lacewell's Motion

### Relevant Procedural Background

On Defendants' Rule 12(c) motion, in response to Defendants' argument that all Section 1983 claims against DFS must be dismissed because DFS is not a "person" under §1983, Plaintiff withdrew its Section 1983 claims against DFS resulting in dismissal of these claims. Dkt. No. 112 at 12. The Court also found that the Eleventh Amendment barred claims for money damages against DFS, and against Gov. Cuomo and Ms. Vullo in their official capacities. *Id.* Thus, all such claims were dismissed. *Id.* The Court also dismissed without prejudice the selective enforcement claims against Gov. Cuomo and Ms. Vullo in their individual capacities. *Id.* As indicated above, Judge Hummel granted Plaintiff's motion to amend only to the extent it sought to assert a selective enforcement claim against Ms. Vullo in her individual capacity, and to substitute Supt. Lacewell for Ms. Vullo on Plaintiff's claim for injunctive relief. Thus, as Defendants assert, what remains in Counts One and Two of the SAC, as asserted against DFS, are only claims under the New York State Constitution. What remains in Counts One and Two of the SAC, as asserted against Gov.

28

Cuomo in his official capacity, are Section 1983 claims of violations of the U.S. Constitution and claims under the New York State Constitution.

**Sovereign Immunity**

Defendants DFS and Gov. Cuomo (collectively "Defendants") argue that all remaining claims against DFS, Supt. Lacewell in her official capacity,[17] and Gov. Cuomo in his official capacity must be dismissed as barred by Eleventh Amendment sovereign immunity. This includes, Defendants contend, Plaintiff's claims against DFS under the New York State Constitution and the claims for injunctive and declaratory relief sought in the SAC. Defendants also assert that "in addition to barring the NRA's claims against DFS, the Eleventh Amendment also bars all claims against the Governor in his official capacity, including requested injunctive relief." Dkt. No. 210-1 at 3. Plaintiff counters that "Defendants' conduct throughout this litigation is wholly incompatible with their belated claim of sovereign immunity." Dkt. No. 219 at 2. Plaintiff contends that "[a]lthough Defendants did assert sovereign immunity regarding certain claims for money damages against DFS, and Cuomo and Vullo in their official capacities, Defendants never asserted sovereign immunity with respect to the NRA's First Amendment claims for declaratory and injunctive relief." *Id.* Plaintiff asserts that there is no valid reason why Defendants "should belatedly be permitted to assert" the Eleventh Amendment defense now, and thus Defendants have waived sovereign immunity. *Id.* Plaintiff also argues that Defendants waived sovereign immunity by appearing in this case and defending on the claims asserted herein.

---

[17]In the motion, Supt. Lacewell in her official capacity is treated collectively with DFS because "[f]or the purpose of the arguments contained [in the motion] there is no difference between the office of the Superintendent and the Department which she oversees." Dkt. No. 210-1 at 1, n. 1.

The Eleventh Amendment bars suits against New York State unless it has consented to be sued, or federal legislation has overridden the State's sovereign immunity. *Will v. Michigan Dep't. of the State Police*, 491 U.S. 58, 64 (1989); *see Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."). Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")(citations omitted)). Eleventh Amendment immunity applies whether the claims are asserted under the United States Constitution or a court's pendent jurisdiction. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117-118 (1984); *see, e.g., Treistman v. McGinty,* 804 F. App'x 98, 99 (2d Cir. 2020)("'[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.'")(quoting *Pennhurst*, 465 U.S. at 121); *Feng Li v. Lorenzo*, 712 F. App'x 21, 23-24 (2d Cir. 2017)(same); *see also Báez v. New York*, 629 F. App'x 116, 118 (2d Cir. 2015)(affirming dismissal of claims under New York law against the State Office of Temporary and Disability Assistance on the basis of sovereign immunity). "As to the State . . . the Eleventh Amendment bars a suit regardless of the nature of the relief sought." *Feng Li v. Rabner*, 643 F. App'x 57, 58 (2d Cir. 2016)(quotation omitted); *see Everett v. Dean*, No. 3:20-CV-1260 (FJS/ML), 2021 WL 765762, at *6 (N.D.N.Y. Feb. 26, 2021)(Rep. Rec. & Order)("Regardless of the nature of the

relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.")(citing *Pennhurst*, 465 U.S. at 100).

There is no merit to the argument that sovereign immunity should be denied because it was belatedly asserted. Defendants had previously raised the sovereign immunity defense in their Answer and in a motion to dismiss. *See* Dkt. No. 59, at p. 55; Dkt. No. 63-1 at pp. 4, 6-7. The fact that it was not previously addressed to the claims for relief in the SAC is of no moment. Sovereign immunity may be asserted at anytime in a proceeding. *See McGinty v. New York*, 251 F.3d 84, 94 (2d Cir. 2001)("[T]he Supreme Court and this Court have repeatedly held that a state may assert Eleventh Amendment sovereign immunity at any time during the course of proceedings.")(citing *Calderon v. Ashmus*, 523 U.S. 740, 745 n. 2 (1998)(the Eleventh Amendment is jurisdictional in that it limits a federal court's judicial power, and may be invoked at any stage of the proceedings); *Pennhurst*, 465 U.S. at 99 n. 8 (same); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 449 (2d Cir.1999)(the defense of Eleventh Amendment immunity need not be raised in trial court to be considered on the merits); *Leonhard v. United States*, 633 F.2d 599, 618 n. 27 (2d Cir.1980)(sovereign immunity need not be expressly raised in the district court or on appeal since it is a jurisdictional defect and may be raised at any time)). The fact that the NRA incurred expenses related to discovery and other matters in this hotly contested matter does not, by itself, provide a basis to deprive New York State of sovereign immunity. *See Beaulieu v. Vermont*, 807 F.3d 478, 491 (2d Cir. 2015)("It is true that Defendants changed their strategy and that earlier invocation of Vermont's immunity might

31

have resulted in earlier dismissal, sparing Plaintiffs some burden and expense. But there is

no record of duplicitous conduct by Defendants or of serious unfairness to Plaintiffs

resulting from the tardy invocation of immunity.").  Similarly, the fact that Defendants did not

respond to Plaintiff's query whether Defendants would waive sovereign immunity on the

state constitutional claims after Plaintiff conceded that DFS is not a person subject to suit

under § 1983, *see* Dkt. 219 at 5,[18] provides no basis to deprive New York of sovereign

immunity.  Defendants had no obligation to respond, and Plaintiff is represented by

experienced counsel.  Plaintiff's counsel could have analyzed whether Defendants' silence

indicted a negative response and determined whether, if it did, it was worth continuing in

this court given the possibility that Defendants could later invoke sovereign immunity.

There is also no merit to Plaintiff's argument that Defendants waived sovereign

immunity by litigation in this matter.  "Eleventh Amendment immunity is lost only if Congress

unequivocally abrogates states' immunity or a state expressly consents to suit." *Cosby v.

LaValley*, 2015 WL 13843440, *4 (N.D.N.Y. Nov. 16, 2015).  Because of the "vital role of the

doctrine of sovereign immunity in our federal system[,]" waiver will only be found where it is

"unequivocally expressed." *Pennhurst*, 465 U.S. at 99.  The courts that have found that a

State waived its sovereign immunity by litigation occurred in situations where a State

---

[18] Plaintiff argues:

In their third motion to dismiss under Fed. R. Civ. 12(c), Defendants alleged that the NRA's
claims for money damages were barred by the Eleventh Amendment but failed to raise that
same argument for the NRA's request for declaratory and injunctive relief. In its January 8,
2019 opposition to that motion, the NRA specifically raised the issue stating that "[a]t this
stage, the NRA agrees to withdraw its Section 1983 claims under Counts 1, 2, and 4 against
DFS. Should DFS additionally choose not to waive sovereign immunity with respect to the
pending state law claims against it, the NRA will agree to withdraw those claims and will
promptly re-file its claims … in the appropriate State court." Defendants completely ignored
that statement in their reply.

voluntarily and affirmatively invoked a federal court's jurisdiction to resolve a claim presented by the State. *See, e.g., Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 619 (2002)("And the Court has made clear in general that 'where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment.'")(quoting *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906) (emphasis added in *Lapides*); *Fifth Ave. Assocs., L.P. v. N.Y. State Dep't of Taxation & Fin.* (*In re 995 Fifth Ave. Assocs., L.P.*), 963 F.2d 503, 506 (2d Cir. 1992)(finding waiver where, after a debtor sought a declaration in bankruptcy court that it was exempt from the tax and entitled to a refund from the state, the State filed an administrative expense claim for additional gains tax liability); *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 96 CIV. 8414, 2016 WL 7320775, at *7 (S.D.N.Y. July 18, 2016), *report and recommendation adopted*, No. 96 CIV. 8414 (KMW), 2016 WL 7243544 (S.D.N.Y. Dec. 14, 2016)("[T]he cases involving waiver-by-litigation premise the waiver on a State actually appearing as a party and submitting its rights for judicial determination.")(collecting cases). By contrast, the courts have found no waiver where a State is involuntarily a defendant in a case but proceeds only to defend itself on a claim brought by a plaintiff. *See, e.g., McGinty v. New York*, 251 F.3d 84, 94 (2d Cir. 2001)("What distinguishes the present case from *995 Fifth Avenue Associates* is that here no affirmative claim was made by the State of New York, the Department or the Retirement System. Thus, their involvement in the EEOC proceeding constitutes no waiver of sovereign immunity."); *see also Lapides*, 535 U.S. at 622 ("[T]he Eleventh Amendment waiver rules

33

are different when a State's federal-court participation is involuntary.")(citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed. 842 (1890); U.S. Const., Am dt. 11 (discussing suits "commenced or prosecuted against" a State)).  "[T]he crucial considerations are the voluntariness of the state's choice of forum and the functional consequences of that choice."  *Mohegan Tribe v. State of Conn.*, 528 F. Supp. 1359, 1366-1367 (D. Conn. 1982).  New York has not unequivocally expressed waiver of immunity, nor has it waived this immunity simply by defending the claims against it.  To hold otherwise would mean a waiver of sovereign immunity occurs every time a State appears in federal court to defend itself in litigation.  Such a result is not supported by either case law or logic.

The Court finds no reason to deprive New York or its officers acting in their official capacities of sovereign immunity, or to deem that immunity waived.  Accordingly, all claims against DFS are dismissed.  The claims against New York's officers acting in their official capacities are also dismissed unless an exception to Eleventh Amendment immunity applies.

### *Ex parte Young*

Plaintiff contends that if immunity applies, the exception to Eleventh Amendment immunity articulated in *Ex parte Young* applies to Gov. Cuomo in his official capacity. Under the doctrine of  *Ex Parte Young*, a "plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that [the] complaint[:] (a) alleges an ongoing violation of federal law[;] and (b) seeks relief properly characterized as prospective."  *Clark v. DiNapoli*, 510 F. App'x

49, 51 (2d Cir. 2013)(internal quotation marks and citation omitted). The Supreme Court has declined to extend the reasoning of *Ex Parte Young* to claims for retrospective relief. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (citations omitted). "The line between prospective and retrospective relief is drawn because '[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law,' whereas 'compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.'" *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000)(quoting *Green*, 474 U.S. at 68). "Accordingly, suits against states and their officials seeking damages for past injuries are firmly foreclosed by the Eleventh Amendment." *Id.* (citations omitted). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland Inc. v. Public Serv. Comm. Of Maryland*, 553 U.S. 635, 645 (2002)(quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

**Past Conduct**

Defendants contend that *Ex parte Young* is inapplicable because the claims in the SAC concern only past conduct. In this regard, Defendants argue that the First Amendment and State Constitutional free speech claims, the only claims remaining as to Defendants, challenge the press releases and "backroom exhortations" that supposedly occurred in the past. Thus, Defendants maintain, the SAC's claims rely exclusively on past conduct. Plaintiff asserts that its suit alleges an ongoing violation

of federal law, citing to paragraphs 93 and 102 of the SAC to support this proposition. Dkt. No. 219 at 7 (citing SAC ¶¶ 93,[19] 102[20]).    In addition, Plaintiffs points to the allegations at paragraphs 61, 80, 81, and 82 of the SAC for the proposition that Defendants' conduct is having an ongoing affect on its ability to maintain business relationships with regulated institutions.  Plaintiff also points to an allegation that DFS served a subpoena on an NRA insurance provider, SAC ¶ 79, and the fact that DFS commenced an enforcement proceeding against the NRA, as evidence that Defendants' unconstitutional conduct is ongoing.  Plaintiff also points to the SAC where it alleges that "[i]n addition to the above-described  damages, absent an injunction against Defendants, the NRA will suffer irrecoverable loss and irreparable harm if it is unable to acquire insurance or other banking services due to Defendants' actions." SAC ¶ 97; ¶ 107 (same).

Just as the Court indicated in its decision denying Plaintiff's request for a preliminary injunction, Plaintiff's First Amendment claims are premised upon actions that took place in 2018. See Dkt. 218 at pp. 2-4.[21]  Plaintiff's citation to paragraphs 93

---

[19]At paragraph 93, Plaintiff asserts: "Defendants' concerted efforts to stifle the NRA's freedom of speech caused financial institutions doing business with the NRA to end their business relationships, or explore such action, due to fear of monetary sanctions or expensive public investigations.  For example, Defendants coerced and caused Lockton, Chubb, and Lloyd's to cease their participation in NRA-endorsed insurance programs, regardless of whether the insurance programs met all legal qualifications under New York's Insurance Law."

[20]At paragraph 102, Plaintiff asserts: "Defendants' actions have concretely harmed the NRA by causing  financial institutions doing business with the NRA to end their business relationships, or explore such action, due to fear of monetary sanctions or expensive public investigations.  For example, Defendants coerced and caused Lockton, Chubb, and Lloyd's to cease their participation in NRA-endorsed insurance programs in New York and elsewhere, regardless of whether the insurance programs met all legal qualifications under New York's Insurance Law."

[21]Although that decision examined the Amended Complaint, the allegations supporting the First Amendment claims in the SAC are essentially the same.

36

and 102 of the SAC does not change this conclusion as these allegations concern
Defendants' past actions. Similarly, the allegations in paragraphs 61, 80, 81, and 82
of the SAC allege disruptions of the NRA's relationships with regulated industries
caused by Defendants' past conduct. To the extent Plaintiff asserts that it still has
trouble maintaining business relationships with regulated industries, that appears to
be because of Defendants' past alleged unconstitutional acts, not because of similar
ongoing conduct. The fact that DFS issued a subpoena to a regulated entity
associated with the NRA that Plaintiff contends demonstrates a continuation of "DFS's
selective enforcement," SAC ¶ 79, does not indicate that Defendants are continuing to
engage in conduct intended to deprive Plaintiff of its rights to free speech - the claims
that remain against DFS - or selective enforcement. A subpoena seeks information
but it is not an enforcement action like those that form the basis of the claims in this
action. Plaintiff's citation to the DFS enforcement action against the NRA does not
indicate that Defendants are continuing the allegedly illegal conduct that forms the
basis of this lawsuit. Although the NRA was well aware for some time that DFS was
investigating it for Insurance Law violations, *see* Dkt. No. 56 at 4 ("As part of its
investigation, DFS learned that, although it did not have an insurance producer
license from DFS, the NRA engaged in marketing of, and solicitation for, the Carry
Guard program."), there is no allegation in the SAC that this conduct is the basis of
the free speech or equal protection claims asserted therein.[22] Plaintiff's professed

---

[22]It is worth noting that after the enforcement action against the NRA was commenced, the NRA
entered a Consent Order in which it agreed to a $2.5 penalty and a five-year ban on doing incurrence
business in New York. *See* Dkt. No. 312.

need for an injunction does not provide a factual basis indicating that there is an on-going violation of Plaintiff's right to free speech.  Plaintiff's fear that Defendants might repeat their past alleged conduct that violated Plaintiff's rights to free speech is insufficient to conclude that the past conduct is occurring or will occur in the future.  In the end, the claims in the SAC are based on Defendants' past actions, not on an ongoing course of action.

**Injunctive Relief**[23]

Defendants argue that even if it could be construed that there is an ongoing constitutional violation asserted in the SAC, Plaintiff seeks an improper "obey the law" injunction.  The injunction that Plaintiff seeks is, at least in part, an improper "obey the law" injunction.  Further, the totality of the sought-after injunction is improper because it violates the specificity requirements set forth at Rule 65(d) of the Federal Rules of Civil Procedure.  Under Rule 65(d), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the

---

[23]In its Request for Relief, Plaintiff seeks:

[A] preliminary and permanent injunction . . .  ordering DFS, its agents, representatives, employees and servants and all persons and entities in concert or participation with it, Cuomo (in his official capacity) and the current Superintendent of DFS (in her/his official capacity):

(1) to immediately cease and refrain from engaging in any conduct or activity which has the purpose or effect of interfering with the NRA's exercise of the rights afforded to it under the First and Second Amendment to the United States Constitution and Section8 to the New York Constitution; and

(2) to immediately cease and refrain from engaging in any conduct or activity which has the purpose or effect of interfering with, terminating, or diminishing any of the NRA's contracts and/or business relationships with any organizations[.]

SAC at pp. 41-42.

38

complaint or other document--the act or acts restrained or required." Fed. R. Civ. P.

65(d).  As the Second Circuit has instructed:

> "[U]nder Rule 65(d), an injunction must be more specific than a simple
> command that the defendant obey the law." *Peregrine Myanmar Ltd. v.
> Segal*, 89 F.3d 41, 51 (2d Cir.1996).  "To comply with the specificity and
> clarity requirements, an injunction must 'be specific and definite enough
> to apprise those within its scope of the conduct that is being
> proscribed.'" *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339,
> 1352 (2d Cir.1989)(quoting *In re Baldwin–United Corp.*, 770 F.2d 328,
> 339 (2d Cir.1985)). "This rule against broad, vague injunctions 'is
> designed to prevent uncertainty and confusion on the part of those to
> whom the injunction is directed,' and to be sure 'that the appellate court
> knows precisely what it is reviewing.'" *Rosen v. Siegel*, 106 F.3d 28, 32
> (2d Cir.1997)(quoting *Calvin Klein Cosmetics Corp. v. Parfums de
> Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir.1987)).

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240–41 (2d Cir. 2001).

Plaintiff's request for a injunction requiring Defendants to "immediately cease

and refrain from engaging in any conduct or activity which has the purpose or effect of

interfering with the NRA's exercise of the rights afforded to it under the First and

Second Amendment to the United States Constitution and Section 8 to the New York

Constitution" is vague and does not describe in reasonable detail the act or acts

sought to be restrained.  The injunction is not specific and definite enough to apprise

those within its scope of the conduct that is being proscribed. *See id.*  Further, the

injunction does "not require a defendant to do anything more than that already

imposed by law," subjects the defendants to contempt for unspecified conduct, and is

"not readily capable of enforcement." *See Dublino v. McCarthy*, No. 9:19-CV-0381

(GLS/DJS), 2019 WL 2053829, at *20 (N.D.N.Y. May 9, 2019).  As such, it is an "obey

the law" injunction that is "not favored" in the law, *id.* (citing cases), and fails to comply

with Rule 65(d)'s specificity requirements.

The second part of the requested injunction also seeks an injunction that fails to comply with Rule 65(d)'s specificity requirements. Plaintiff requests an injunction that requires Defendants to "immediately cease and refrain from engaging in any conduct or activity which has the purpose or effect of interfering with, terminating, or diminishing any of the NRA's contracts and/or business relationships with any organizations[.]" This does not define with any specificity what conduct or activity could be deemed to have "the purpose or effect of interfering with, terminating, or diminishing any of the NRA's contracts and/or business relationships with any organizations." While the injunction does not necessarily command that the Defendants comply with some specific provision of law, the injunction is not specific and definite enough to apprise those within its scope of the conduct that is being proscribed, *see S.C. Johnson & Son, Inc.*, 241 F.3d at 240–41, subjects Defendants to contempt for non-specific reasons, and is unenforceable. As such the sought-after injunction is improper because it fails to comply with Rule 65(d)'s specificity mandate.

Because the SAC fails to allege an ongoing violation of federal law, and seeks an improper injunction as prospective relief, *Ex parte Young* does not avoid an Eleventh Amendment bar to suit against either Gov. Cuomo or Supt. Lacewell in their official capacities relative to the sought-after injunction.

### Declaratory Relief[24]

Defendants argue that because Plaintiff's Section 1983 claims against DFS

---

[24]Plaintiff seeks a judgment "[d]eclaring . . . that Defendants have violated the NRA's rights to free speech and equal protection under both the Federal and New York Constitutions."

have been withdrawn and any requests for monetary or injunctive relief are barred by the Eleventh Amendment, "Plaintiff's bald request for a declaration pursuant to the [Declaratory Judgment Act (DJA)] that Defendants have violated the NRA's rights to free speech and equal protection under both the Federal and New York Constitutions is insufficient to confer subject matter jurisdiction over DFS." Dkt. 210-1 at 12; *see also id.* at 11-12 (citing cases for the propositions that the DJA does not expand the jurisdiction of the federal courts, the DJA does not provide an independent basis for jurisdiction, and a plaintiff seeking relief under the DJA must have an independent basis for jurisdiction). Based on the cases cited by Defendants, the Court agrees.

Defendants also argue that even if there were a jurisdictional basis to entertain Plaintiff's request for declaratory relief, the NRA's sought-after declaration would be barred as against Defendants by the Eleventh Amendment. *Id.* at 12-13. The Court agrees.

As indicated above, the two counts that remain against Defendants allege that DFS violated the NRA's rights to free speech in the past. The declaration Plaintiff seeks would declare that Defendants' past conduct violated Plaintiff's rights under both the Federal and New York Constitutions. The Second Circuit has explained that in circumstances like these where a declaration "could say no more than that [a State] had violated [the] law in the past," that relief is barred by the Eleventh Amendment. *Ward*, 207 F.3d at 120; *see id.* ("A declaratory judgment is not available when the result would be a partial end run around' the Eleventh Amendment's bar on retrospective awards of monetary relief.")(quoting *Green*, 474 U.S. at 72). Here,

41

because Plaintiff seeks retrospective declaratory relief against Defendants, it is barred by the Eleventh Amendment. *See Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020)(*"*The complaint sought declaratory relief that was properly characterized as retrospective. Treistman sought a declaration stating that the defendants violated state regulations and that the family courts had a policy to violate state regulations. This is entirely retrospective and is barred by Eleventh Amendment immunity.")(citing *Ward*, 207 F.3d at 120); *Kaminski v. Semple*, 796 F. App'x 36, 38 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 434, 208 L. Ed. 2d 130 (2020)("[A] declaration dealing only with past events would be retrospective and barred.")(citing *Ward,* 207 F.3d at 120 ("Any declaration could say no more than that Connecticut had violated federal law in the past ... [and] would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment.")(internal quotation marks omitted)); *H.B. v. Byram Hills Cent. Sch. Dist.*, 648 F. App'x 122, 125 (2d Cir. 2016)("[T]he requested declaratory relief is aimed at past conduct, a target that is impermissible.")(citing *Ward*, 207 F. 3d at 120 (declaratory relief unavailable because "[a]ny declaration could say no more than that [the state] had violated federal law in the past"); *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013)("With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory.")); *see also Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020)("The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against

state officials for past violations of federal law.")(citing *Green*, 474 U.S. at 68; *Ward*, 207 F.3d at 119, 120 (declaratory relief unavailable because "[a]ny declaration could say no more than that Connecticut [and the defendant official] had violated federal law in the past"); *Am. Civil Liberties Union of Mass.*, 705 F.3d at 53).

## IV.    CONCLUSION

For the reasons set forth above, the motion by DFS and Gov. Cuomo in his official capacity seeking to dismiss claims in the Second Amended Complaint, Dkt. No. 210, is **GRANTED**.  Plaintiff's claims in the Second Amended Complaint against DFS, Gov. Cuomo in his official capacity, and Supt. Lacewell in her official capacity, including the claims for injunctive and declaratory relief, are **DISMISSED** as barred by the Eleventh Amendment**.**

Ms. Vullo's motion appealing Magistrate Judge Hummel's decision granting leave to amend, and seeking to dismiss the claims against her in the Second Amended Complaint, Dkt. No. 211, is **GRANTED in part** and **DENIED in part**.  The selective enforcement claim against Ms. Vullo is **DISMISSED**, the motion is denied as to the First Amendment claims, and the appeal of Judge Hummel's decision granting leave to amend is denied.

**IT IS SO ORDERED.**

Dated: March 15, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

43

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

***ADDENDUM "B"***

**Issue on Appeal:**

Whether the District Court erred in denying Defendant Vullo's motion to dismiss

Plaintiff's First Amendment claims against her on the basis of qualified immunity?

**Standard of Review:**

The district court's denial of a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) on qualified immunity grounds is reviewed *de novo. Sound Aircraft Servs., Inc.*

*v. Town of E. Hampton*, 192 F.3d 329, 333 (2d Cir. 1999).