Published in FinRegRag

Brian Knight
Apr 22, 2018 · 4 min read · ▶ Listen

# Is New York using bank regulation to suppress speech?



Last week, New York Governor Andrew Cuomo and the New York Department of Financial Services (NYDFS) instructed New York based financial institutions (NY FIs) to reconsider their relationships with the National Rifle Association (NRA) and "similar organizations" in light of the NRA being an "extremist organization." NYDFS wants NY FIs to evaluate whether relationships with the NRA pose reputational risk to the institutions and "jeopardize public safety."

This request could easily be construed is a thinly veiled threat. While the NYDFS statement does not explicitly say that NY FIs that may face regulatory sanction for failing to cut ties with the NRA, it doesn't rule out the possibility either. If the NYDFS had no intention of threatening regulatory sanctions, they could clearly have added language taking the threat of enforcement off of the table. They didn't, which indicates they want NY FIs to think there is a potential the government will come after them if they don't end their relationships with groups like the NRA.

These instructions to NY FIs could also be seen as an attempt to suppress political speech that some New York policy makers disagree with. Whatever one thinks of the NRA, it is an organization engaged in legal political speech and advocacy. Cutting off the NRA's access to financial services could change the political debate by reducing opposition to political efforts to tighten gun laws. The NYDFS release says, "This is not just a matter of reputation, it is a matter of public safety, and working together, we can put an end to gun violence in New York once and for all." Given that the NRA does not make a product that could pose a direct risk to public safety, this release is clearly referencing the NRA's political advocacy.

This is reminiscent of the Department of Justice's "Operation Choke Point" where the DOJ and federal banking regulators pressured banks to withdraw services from customers in certain legal industries (many of which just happened to be politically disfavored) because those industries allegedly

---

**Brian Knight**
332 Followers

Husband, Father, Senior Research Fellow at the Mercatus Center Opinions = my own.

Follow

### More from Medium

Eldar Jahijagic in CodeX
**Why I stopped using Gmail — and why should you too**

Isaiah McCall in Yard Couch
**YouTube is Dead and Something New is Coming**

Theo Seeds
**The 9 books that completely changed the way I see the world**

Lucas Dawn
**Fuck Passion, I Will Do 9–5**

Help Status Writers Blog Careers Privacy Terms About Knowable

posed a high risk of fraud and servicing those customers created a "reputational risk" for banks that justified regulatory intervention.

After significant political pressure and at least one lawsuit, the DOJ notified Congress that the operation ended in August of 2017. In the letter announcing the operation's ended, the Assistant Attorney General called the operation "misguided" and reaffirmed that "law abiding businesses should not be targeted simply for operating in an industry that a particular administration might disfavor." However, as Beau Brunson notes, while DOJ has stopped Operation Choke Point, it will likely require an act of Congress to completely eliminate the risk of something similar reoccurring.

Like Operation Choke Point, the NYDFS' actions show the danger that a vague regulatory concept like reputational risk poses. Reputational risk can become a vehicle for regulators imposing their policy preferences on FIs (and by extension those who depend on FIs' services, which is to say everyone), even if those preferences are not based in the law. There is no law that says a FI cannot do business with a gun rights group and such a law would almost assuredly be unconstitutional. However if the regulator declares that such an affiliation poses a reputational risk to the FI (that the regulator, not the market, determined existed), it has leverage to force the FI to comply.

However, the NYDFS action is more troubling than Choke Point. Unlike Operation Choke Point, which dealt with commercial entities where there was at least a possibility of actual fraud, which is not the case here. The NYDFS order appears to be *inherently* about political speech. After all, there is no allegation that the NRA is committing fraud against its members. Rather, the argument is that the NRA's positions are so dangerous that they are harmful to the community and pose a risk to the reputation of any FI that works with them. This could fairly be seen as an attempt to restrict the NRA's ability to operate in the political arena and marketplace of ideas.

Banks and other financial institutions are uniquely interwoven with government. FIs often need a government charter to operate (which imposes barriers to competition). Additionally, they are closely regulated by the government and are frequently insured or backstopped, either explicitly or implicitly, by the government. This gives FIs market power beyond what they would have in a truly free market and leaves them uniquely vulnerable to government coercion.

While there is a real debate to be had about whether banks and other FIs should use the market power the government grants them to influence social policy, government officials pressuring FIs to cut ties with political enemies in an attempt to suppress speech is beyond the pale. New York should rescind their request and apologize. Failing that, it may become necessary for Congress and the courts to step in to ensure that restricting access to financial services does not become a means of restricting speech.

👏 28  💬                                          ⬆️  🔖

**More from FinRegRag**                                    Follow

FinRegRag is a discussion of financial regulation by the scholars of the Mercatus Center's Project on Financial Regulation.

Cited in National Rifle Association of America v. Maria T. Vullo, no. 21-636-cv, archived on 9/22/2022. This document is protected by copyright. Further reproduction is prohibited without permission.

Read more from Fishing Day

## Recommended from Medium

**Literature and Resistance**
Trump and the Discourse of Immigration

**O.T. Ford**
A Blue Wave is still more likely than not

**Alicia Johnson**
The Politics of Disaster

**Rung Sing** in bbc news hot
Trump impeachment: Senate says trial is constitutional and can go ahead

**Kulvinder Kaur MD**
Pleas to Protect Basic Conscience Rights Ignored by Ontario Liberal Government

**Ira Kawaller**
Closing the Gap

**Jay Adams**
I have some questions.

**Sen. Kirsten Gillibrand**
Defending Every American's Right To Vote

Cited in National Rifle Association of America v. Maria T. Vullo, no. 21-636-cv, archived on 9/22/2022. This document is protected by copyright. Further reproduction is prohibited without permission.