UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-636

**Motion for:** To Reinstate The Panel's Judgment Or For Supplemental Briefing

**Caption [use short title]:** National Rifle Association of America v. Vullo

Set forth below precise, complete statement of relief sought:

Defendant-Appellant Maria T. Vullo moves this Court, on remand from the U.S. Supreme Court, to reinstate its unanimous qualified immunity judgment, or, in the alternative, requests that the Court set a schedule for supplemental briefing to address immunity.

**MOVING PARTY:** Maria T. Vullo
**OPPOSING PARTY:** National Rifle Association of America

☐ Plaintiff  ☒ Defendant
☒ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Neal Kumar Katyal
**OPPOSING ATTORNEY:** Noah Peters

[name of attorney, with firm, address, phone number and e-mail]

Hogan Lovells US LLP
555 Thirteenth Street NW, Washington, DC 20004
(202) 637-5600; neal.katyal@hoganlovells.com

Brewer, Attorneys & Counselors
750 Lexington Avenue, 14th Floor, New York, NY 10022
214-653-4872; nbp@brewerattorneys.com

**Court- Judge/ Agency appealed from:** NDNY; Thomas J. McAvoy

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☒ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☒ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Neal Kumar Katyal  **Date:** 7/2/2024  **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 21-636-CV

In The

# United States Court of Appeals
# for the Second Circuit

---

NATIONAL RIFLE ASSOCIATION OF AMERICA

*Plaintiff-Appellee*,

v.

MARIA T. VULLO, both individually and in her former official capacity,

*Defendant-Appellant*,

ANDREW CUOMO, both individually and in his official capacity,
THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,

*Defendants*.

---

Appeal from the United States District Court
for the Northern District of New York

---

**MOTION TO REINSTATE THE PANEL'S JUDGMENT OR FOR
SUPPLEMENTAL BRIEFING**

---

NEAL KUMAR KATYAL
WILLIAM E. HAVEMANN
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
neal.katyal@hoganlovells.com

*Counsel for Defendant-Appellant Maria T. Vullo*

Appellant Maria Vullo respectfully moves this Court, on remand from the Supreme Court of the United States, to reinstate its unanimous judgment, which held that Vullo is entitled to qualified immunity from Plaintiff-Appellee National Rifle Association's First Amendment claims. In the alternative, Vullo requests that the Court set a schedule for supplemental briefing to address immunity.

1. In this lawsuit, the NRA alleges that Vullo, while serving as Superintendent of the New York Department of Financial Services, coerced insurance companies to stop working with the NRA during the course of an investigation into several concededly unlawful insurance products offered jointly by the NRA and those companies.[1]

2. When the case was last before this Court on Vullo's interlocutory appeal from the district court's decision denying her qualified immunity,[2] the Court ruled for Vullo on two alternative grounds. First, the Court held that the NRA had not plausibly alleged a First Amendment violation. *See NRA v. Vullo*, 49 F.4th 700, 719 (2d Cir. 2022). Second, the Court held that even if the NRA had plausibly alleged a violation, Vullo was "nonetheless entitled to qualified immunity." *Id.* The Supreme

---

[1] Vullo disputes the NRA's allegations in several key respects, including the false allegation that she coerced executives at Lloyd's. *See NRA v. Vullo*, 144 S. Ct. 1316, 1330-31 (2024) (recognizing that "[o]f course, discovery in this case might show that the allegations of coercion are false").

[2] The District Court granted Vullo's motion to dismiss the NRA's selective enforcement claim, holding that she was entitled to absolute prosecutorial immunity.

Court granted certiorari on only the First Amendment question, declining to take up the issue of qualified immunity.

3. The Supreme Court concluded that the NRA had plausibly alleged a First Amendment violation, vacated this Court's judgment, and remanded for further proceedings. *See NRA v. Vullo*, 144 S. Ct. 1316, 1332 (2024). While the Supreme Court did not require this Court to revisit qualified immunity, the Supreme Court noted that this Court "is free to revisit the qualified immunity question" on remand. *Id.* at 1325 n.3.

4. Nothing in the Supreme Court's decision undermines this Court's qualified-immunity analysis, which the Supreme Court declined to review. This Court should therefore reinstate its judgment holding that Vullo is entitled to qualified immunity on the NRA's First Amendment claims. Although the Supreme Court's decision in this case establishes the principles applicable to First Amendment coercion claims going forward, that decision cannot retroactively give Vullo notice at the time of her challenged actions that she allegedly was violating the law. *See Brosseau v. Haugen*, 543 U.S. 194, 200 n.4 (2004) (per curiam) (noting that decisions that "postdate the conduct in question" are of "no use in the clearly established inquiry"). With respect to qualified immunity, this Court's decision remains unchanged.

5. If, however, the Court wishes to have further proceedings to address immunity, the parties agree that supplemental briefing on that issue is warranted. If the Court decides to receive supplemental briefing, Vullo and the NRA propose the following schedule:

- Vullo files a principal brief of no more than 14,000 words, due 30 days after the Court's disposition of this Motion.

- The NRA files a principal brief of no more than 14,000 words, due 30 days after Vullo's principal brief is submitted.

- Vullo files a reply brief of no more than 7,000 words, due 14 days after the NRA's principal brief is submitted.

6. The Court recently entered a similar schedule for supplemental briefing in a case involving a nearly identical procedural posture. In *Murray v. UBS Securities, LLC* 601 U.S. 23, 39 (2024), like in this case, this Court initially ruled for defendant-appellant UBS, but the Supreme Court reversed and remanded. The Supreme Court noted that, "[o]n remand, the Second Circuit remains free to consider [a] separate argument" from UBS that might provide an "alternative basis" for this Court's original judgment. *Id.* at 37 n.2. When the case returned to this Court, UBS moved for supplemental briefing, and the Court granted the motion over the appellee's opposition. The Court directed UBS, as the appellant, to file a supplemental brief, to be followed by a responsive brief from appellee, to be followed by a reply. ECF

3

No. 217, *Murray v. UBS Secs., LLC*, No. 20-4202 (2d Cir. Mar. 14, 2024); *see also* ECF No. 163, *Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524 (2d Cir. May 31, 2024) (ordering supplemental briefing on remand from the Supreme Court in similar circumstances).

Pursuant to Local Rule 27.1(b), counsel for Ms. Vullo have notified counsel for the NRA of their intent to file this motion. Counsel for the NRA indicated that they consent to the proposal for supplemental briefing outlined above. Counsel for the NRA did not indicate whether they plan to file a response.

## CONCLUSION

For the foregoing reasons, the Court should reinstate its unanimous judgment holding that Vullo is entitled to qualified immunity. In the alternative, the Court should set a schedule for supplemental briefing to address immunity.

July 2, 2024

Respectfully submitted,

/s/ Neal Kumar Katyal
Neal Kumar Katyal
William E. Havemann
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
neal.katyal@hoganlovells.com

*Counsel for Defendant-Appellant Maria T. Vullo*

4

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 828 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman.

/s/ Neal Kumar Katyal<br>
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on July 2, 2024. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ Neal Kumar Katyal
Neal Kumar Katyal
