`



Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

October 3, 2024

**BY CM/ECF**

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:  *National Rifle Association of America v. Vullo*, No. 21-636

Dear Ms. Wolfe:

Defendant Maria Vullo respectfully responds to the NRA's letter regarding *Josephson v. Ganzel*, — F. 4th —, 2024 WL 4132233 (6th Cir. Sept. 10, 2024).  *Josephson* does not support the NRA, and in fact undermines the NRA's position in numerous respects.

First, *Josephson* reiterates that, to revoke qualified immunity, "existing precedent must place the contours of the right beyond debate." *Id.* at *11 (quotation marks omitted).  As this Court previously held, precedent at the time of Ms. Vullo's alleged acts "did not provide clear and particularized guidance but involved very different circumstances and much stronger conduct." *Vullo I*, 49 F.4th at 719.  The Supreme Court did not review that holding, and its decision could not retroactively provide notice to Ms. Vullo.

Second, *Josephson* was a straightforward retaliation case where the defendant officials "demoted and eventually terminated" the plaintiff because of controversial speech. *Josephson*, 2024 WL 4132233 at *11.  Precedent in this recurring context clearly established that a reasonable university official "would have understood that he could not lawfully terminate or threaten the economic livelihood of a professor because of his protected speech." *Id.*  By contrast, this case involves novel circumstances: allegations that Ms. Vullo coerced third parties into severing business ties with the NRA during an investigation into unlawful conduct.  As this Court previously noted, although it was clear "as a general matter" that the First Amendment prohibited "implied threats" to coerce third parties to stifle speech, it was *not* clear that Ms. Vullo's alleged acts could be deemed impermissible threats in this unusual context. *Vullo I*, 49 F.4th at 719.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Berlin  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Shanghai FTZ.  Business Service Centers:  Johannesburg  Louisville.  For more information see www.hoganlovells.com

- 2 -

      Third, the causal connection to the plaintiff's speech in *Josephson* was clear. By contrast, "the effect of Vullo's alleged coercion of regulated entities on the NRA's speech is significantly more attenuated here than in *Bantam Books* or most decisions applying it." *Vullo II*, 602 U.S. at 202 (Jackson, J., concurring). Unlike in *Bantam Books* and this Court's precedent, Ms. Vullo is not alleged to have asked any third party to suppress the NRA's speech, underscoring that precedent did not put the constitutional question beyond debate.

      Respectfully submitted,

      Neal Kumar Katyal
      s/ William E. Havemann
      William E. Havemann

cc: All counsel of record (via CM/ECF)