

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

October 30, 2024

**BY CM/ECF**

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:  *National Rifle Association of America v. Vullo*, No. 21-636

Dear Ms. Wolfe:

     Defendant Maria Vullo respectfully draws the Court's attention to *Tanvir v. Tanzin*, — F. 4th —, 2024 WL 4596214 (2d Cir. Oct. 29, 2024), which underscores her entitlement to qualified immunity.  In *Tanzin*, plaintiffs claimed FBI officials violated the law by placing them on the "No Fly List" after they refused to serve as informants within Muslim communities.  This Court held that, "under the facts alleged in the complaint, none of the [defendants] had reason to understand that their actions violated clearly established law," and they are "entitled to qualified immunity."  Slip op. 22.

     *Tanzin* reinforces this Court's precedents holding that even where a court finds a right clearly established in the abstract, "defendants are still immune from damages liability if 'reasonable persons in their position would not have understood that their conduct was within the scope of the established prohibition.'"  *Id.* at 25.  Applied here, as this Court previously noted, while it was clear "as a general matter" that the First Amendment prohibited "implied threats" to coerce third parties to stifle speech, it was *not* clear that Vullo's alleged acts fell within the scope of that established prohibition.  *Vullo I*, 49 F.4th 700, 719 (2d Cir. 2022).

     *Tanzin* noted that the defendants "had no reason to know that their actions encroached on the [plaintiffs'] religious beliefs."  Slip op. 21.  Similarly here, no precedent in effect when Ms. Vullo acted "held that law enforcement officials may not offer leniency in exchange for help advancing their policy goals."  *Vullo I*, 49 F.4th at 720-21.  That is especially true because, unlike in *Bantam Books*, Vullo is not alleged to have targeted expressive conduct.  *See Vullo II*, 602 U.S. 175, 202 (2024) (Jackson, J., concurring).

     Finally, *Tanzin* noted "the importance of resolving qualified immunity questions at the earliest possible stage in litigation," and held that "the defendants are entitled to qualified

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Berlin  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Shanghai FTZ.   Business Service Centers:  Johannesburg  Louisville.  For more information see www.hoganlovells.com

- 2 -

immunity on the face of the complaint, so the district court did not err in deciding qualified immunity at the motion-to-dismiss stage." Slip op. 22-23 n.6 (cleaned up). The same reasoning supports this Court's prior qualified immunity ruling.

        Respectfully submitted,

        Neal Kumar Katyal
        s/ William E. Havemann
        William E. Havemann

cc: All counsel of record (via CM/ECF)