# JONES DAY

51 LOUISIANA AVE. NW • WASHINGTON, DC 20001

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: +1.202.879.3939
NJFRANCISCO@JONESDAY.COM

November 1, 2024

VIA ECF

Catherine O'Hagan Wolfe
Clerk of the United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *National Rifle Association of America v. Vullo*, No. 21-0636—Response to Rule 28(j) Notice of Supplemental Authority

Dear Ms. O'Hagan Wolfe:

Plaintiff-Appellee National Rifle Association of America ("NRA") writes in response to Defendant-Appellant Maria Vullo's letter regarding *Tanvir v. Tanzin*, --- F. 4th ---, 2024 WL 4596214 (2d Cir. Oct. 29, 2024). *Tanvir* does not support granting Vullo qualified immunity, and instead supports the NRA's position.

First, Vullo cites *Tanvir* to argue that she is entitled to qualified immunity because she simply "offer[ed] leniency in exchange for help advancing [her] policy goals." Dkt. 183-1 at 1. That argument rests on the same mistaken reading of the Complaint that the Supreme Court has already rejected. As the Supreme Court explained, this Court could adopt Vullo's preferred interpretation of her actions "only…by taking the [Complaint's] allegations in isolation and failing to draw reasonable inferences in the NRA's favor in violation of [the Supreme Court's] precedents." *NRA v. Vullo*, 602 U.S. 175, 194–95 (2024).

Second, Vullo argues that she, like the *Tanvir* defendants, had no reason to know that her conduct violated the law—in Vullo's case, because she allegedly did not "target[] expressive conduct." Dkt. 183-1 at 1. That argument cannot be squared with the established rule that an official is not "entitled to qualified immunity…every time a novel method is used to inflict injury." *Edrei v. Maguire*, 892 F.3d 525, 543 (2d Cir. 2018). Here, Vullo tried to "suffocat[e]" the NRA's speech by "depriving [it] of…revenues by scaring off" its insurers. *Backpage.com, LLC v. Dart*, 807 F.3d 229, 231 (7th Cir. 2015). No reasonable official would think that is allowed. *See Tanvir*, 2024 WL 4596214, at *7–8 (even a "general proscription" prevents qualified immunity if "reasonable persons" would have understood defendant's conduct was within the proscription).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Catherine O'Hagan Wolfe
November 1, 2024
Page 2

      Finally, unlike in *Tanvir*, the Complaint here plainly alleges that Vullo not only knew about the NRA's protected speech but acted because of it: as the Supreme Court squarely held, the Complaint alleges Vullo "coerc[ed] DFS-regulated entities into disassociating with the NRA *in order to* punish or suppress the NRA's gun-promotion advocacy." *NRA*, 602 U.S. at 191 (emphasis added).

      If anything, then, *Tanvir* confirms that qualified immunity is not appropriate at this stage.

                                                  Respectfully submitted,

                                                  */s/ Noel J. Francisco*

                                                  Noel J. Francisco

cc:      Counsel of Record (via ECF)

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 350 words as determined by the word-count feature of Microsoft Word.

Dated: November 1, 2024

*/s/ Noel J. Francisco*
Noel J. Francis
